IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

AUG - 5 2009

Clerk, U.S. District and
Bankruptcy Courts

1 KIANNA HAWKINS
6813 RIVERDALE RD, APT K-2
RIVERDALE, MD 20737

2 COURTNEY JOHNSON
1100 CEDAR HEIGHTS DR.
SEAT PLEASANT, MD 20743

3 ALYSE NEWHOUSE
5 RHODE ISLAND AVE, APT 403
WASHINGTON, DC 20001

4 KRISTY CASTRO
2400 QUEENS CHAPEL RD #316
HYATTSVILLE, MD 02782

5 ALICIA RODRIGO
800 KENILWORTH AVE NE #310
WASHINGTON, DC 20019

6 CIARA LEVENBERRY
1133 5TH ST NE
WASHINGTON, DC 20002

7 AIRIEL MILLER
2400 QUEENS CHAPEL RD
HYATTSVILLE, MD 20782

8 JEWELS KERUREDY
14112 BRAMBLE CT
LAUREL, MD 20708

9 TYRIA STONA
3612 ROCK CREEK CHURCH RD
WASHINGTON, DC 20010

10 BIANCA FEBUS
1495 NEWTON ST NW 306
WASHINGTON, DC 20010

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

JURY ACTION

Case: 1:09-cv-01475
Assigned To : Leon, Richard J.
Assign. Date : 8/5/2009
Description: Labor/ERISA

11 CHANT'L MARTIN                          )
   9610 47TH PL                       )
   COLLEGE PARK, MD 20740                  )
                                           )
12 NICKOMIE GARCIA                         )
   1210 4TH ST NW APT 301             )
   WASHINGTON, DC 20001                    )
                                           )
13 FANTA SILLAH                            )
   10443 HEATHSIDE WAY                     )
   POTOMAC, MD 20854                       )
                                           )
        Plaintiffs,                        )
                                           )
             v.                            )       Civil Action No._____
                                           )
HOOTERS OF AMERICA, Inc., and              )
                                           )
HOOTERS OF WASHINGTON, D.C., LLC           )
                                           )
                                           )
        Defendants.                        )
_____  )

## COMPLAINT

1.      The plaintiffs are employees or former employees of the defendants, and they bring
this action on behalf of themselves and others similarly situated as a collective action in
accordance with 29 U.S.C. § 216(b) of the Fair Labor Standards Act (FLSA) against the defendant
on behalf of themselves and all others similarly situated because of defendants' unlawful
deprivation of plaintiffs' rights to the minimum wage and overtime compensation.  Plaintiffs seek a
declaratory judgment under 28 U.S.C. § 2201 and compensation, damages, equitable and other
relief available under the FLSA, as amended, 29 U.S.C. § 201 et seq.

2.      In addition to their FLSA claims, plaintiffs who are or were employees of defendants
at their Washington, D.C. location bring this action against defendants on behalf of themselves and
others similarly situated in accordance with D.C. Code § 32-1012(b) because of defendants'

2

unlawful deprivation of plaintiffs' rights to the minimum wage and overtime compensation under the D.C. Code. Such plaintiffs seek compensation and damages and other relief available under the D.C. Code minimum wage and overtime laws at 32-1001, et. seq.

## JURISDICTION AND VENUE

3.      Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 28 U.S.C. § 1367(a)(supplemental jurisdiction to entertain Counts III and IV) . Venue lies within this district pursuant to 28 U.S.C. § 1391.

4.      At all times material herein, plaintiffs have been employed by the defendants in the position of Hooters Girl at defendants' restaurants in the District of Columbia, Maryland and/or South Carolina. Plaintiffs are citizens of the United States. Plaintiffs are identified in the caption of the Complaint and have given their written consent to be party plaintiffs in this action pursuant to 29 U.S.C. § 216(b) and, for plaintiffs who have worked in defendants' restaurant in the District of Columbia, also pursuant to D.C. Code § 32-1202. Such consents are appended to the Complaint. Plaintiffs bring this action as a collective action on behalf of themselves and all others similarly situated in accordance with 29 U.S.C. § 216(b) and with respect to the District of Columbia restaurant, pursuant to D.C. Code § 32-1012.

5.      Defendant Hooters of America is a corporation which is licensed to do business in the District of Columbia under the name Hooters of the District of Columbia, LLC. It is a private corporation with its national headquarters in Atlanta, Georgia. It is an owner and operator of over 100 restaurants nationwide, and has additional franchise agreements with separate restaurant owner/operators together totaling over 400 restaurants.

6.      Defendant Hooters of America is an "employer" within the meaning of 29 U.S.C. §203(d) and a "person" within the meaning of 29 U.S.C. § 203(a) and D.C. Code § 32-1002(3).

7.     Defendant Hooters of Washington, D.C., LLC is an "employer" within the meaning of 29 U.S.C. §203(d) and a "person" within the meaning of 29 U.S.C. § 203(a) and D.C. Code § 32-1002(3).

8.     At all times material to this action, defendants have each been an enterprise engaged in commerce as defined by 29 U.S.C. § 203(r)(1), and its annual dollar business volume has exceeded $500,000.

9.     At all times material herein, defendants have been actively conducting business in the District of Columbia.

## FACTUAL ALLEGATIONS

10.     For the past three years, and prior, defendants have applied a "tip credit" pursuant to 29 U.S.C. 203(m) toward the minimum wage owed to plaintiffs and other persons employed as "Hooter Girls" at its restaurants.

11.     For the past three years, and continuing to date, at their District of Columbia restaurant, defendants have applied the "gratuities credit" pursuant to D.C. Code § 32-1003(f) toward the minimum wage owed to plaintiffs and other persons employed as "Hooter Girls" at its restaurants.

12.     For the past three years, and prior, defendants have consistently denied plaintiffs and other employees occupying the same positions as plaintiffs the minimum wage and overtime compensation to which they are entitled under the FLSA and, for plaintiffs employed at the District of Columbia restaurant, to which they are entitled under the D.C. Code by:

a.     Requiring plaintiffs to purchase uniforms including, but not limited to, shirts; shorts; aprons; nylons; socks; shoes; and pins;

b.     Deducting the cost of customer "walk-outs" from the tips and/or wages

4

earned by plaintiffs;

     c.     Applying the tip credit to the work hours of plaintiffs when performing duties for which plaintiffs can not earn tips;

     d.     Requiring plaintiffs to work before and after their shifts without pay;

     e.     Failing to pay plaintiffs one and one half times their regular rate of pay for hours worked over 40 hours in a work week;

     f.     Requiring plaintiffs to pool their tips and share tip proceeds with staff who do not customarily and regularly receive tips and gratuities.

## COUNT ONE – FLSA MINIMUM WAGE VIOLATION

     13.     Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 12 of the Complaint.

     14.     At all times material herein, plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 et seq.

     15.     At all times material herein, defendants have utilized a tip credit to pay plaintiffs the minimum wage to which they have been entitled under 29 U.S.C. § 206(a)(1).  As a result, at all times material herein, defendants have been prohibited from charging for the costs of uniforms and retaining tips received by plaintiffs.

     16.     29 U.S.C. § 206(1) provides that, at various times applicable to this case, employees shall be paid a wage rate of not less than $5.15 per hour; $5.85 per hour; $6.55 per hour; and $7.15 per hour.  29 U.S.C. § 203(m) provides that a tipped employee shall be paid a wage of not less than $2.13 per hour and that an employer may apply a tip credit for tips actually received between the wage the employer pays and the applicable minimum wage.  29 U.S.C. § 203(m) further provides that an employee paid pursuant to a tip credit must retain all tips, except insofar as an employer utilizes a tip pool among employees who customarily and regularly received tips.  At all times

material herein, defendants have violated, and continue to violate, 29 U.S.C. § 206(1) by failing and refusing to compensate plaintiffs, and other employees occupying the same positions, the required minimum wage.

17.     Defendants have deprived the plaintiffs and other similarly situated employees of the minimum wage by requiring them to pay for uniforms worn primarily for the benefit of the employer.   The cost of uniform items purchased from defendants is either paid directly by plaintiffs or is deducted from their wages and results in a wage less than that to which plaintiffs are entitled under law – i.e., less than the minimum wage.

18.     Defendants have deprived the plaintiffs and other similarly situated employees of the minimum wage by improperly retaining portions of plaintiffs' tips for the purpose of recouping expenses incurred by customer walkouts and sharing tips with employees who do not customarily and regularly receive tips.

19.      Defendants have deprived the plaintiffs and other similarly situated employees of the minimum wage by improperly applying the tip credit to hours of work in which plaintiffs can not earn tips. These hours include, but are not limited to, such times as prior to the opening of the restaurant and after the closing of the restaurant when plaintiffs and other similarly situated employees have engaged in performing cleaning services, attending meetings, setting up and closing down the restaurant, and similar types of activities.

20.     Defendants' violations of the FLSA as alleged herein have been done in a willful and bad faith manner.

21.     As a result of the aforesaid willful violations of the FLSA, compensation has been unlawfully withheld by defendants from plaintiffs and similarly situated persons for which the

defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees and the costs of this action.

22.     The employment and work records for the plaintiffs are in the exclusive possession, custody, and control of defendants, and plaintiffs are unable to state at this time the exact amount owing to each of them.  Defendants are under a duty imposed by 29 U.S.C. § 211(c) and the regulations of the U.S. Department of Labor to maintain and preserve plaintiffs' payroll and other employment records from which the amounts of the defendants' liability can be ascertained.

**COUNT TWO – FLSA OVERTIME**

23.     Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 22 of the Complaint.

24.     At all times material herein, plaintiffs have worked in excess of the hourly levels specified in the FLSA, 29 U.S.C. § 207.  As a result, at all times material herein, plaintiffs have been entitled to overtime compensation at a rate of not less than one and one-half times their regular rate of pay for the hours of overtime they have worked.

25.     29 U.S.C. § 207(a)(1) provides that employees shall be paid overtime compensation at a rate of not less than one and one-half times their regular rate of pay for hours worked in excess of 40 hours per work week.  At all times material herein, defendants have violated and continues to violate 29 U.S.C. § 207(a)(1) by failing and refusing to compensate plaintiffs and other similarly situated employees for time worked in excess of 40 hours per week at a rate of at least one and one half times the regular rate at which plaintiffs are employed.

26.     Defendants have deprived the plaintiffs and other similarly situated employees by failing to compensate them at time and one half the regular rate at which plaintiffs are employed for hours worked in excess of 40 hours per week while clocked in for work.

7

27.    Defendants have deprived the plaintiffs and other similarly situated employees by failing to compensate them for the time that they spend engaged in activities which must be performed before they clock in and after they clock out.  Those activities include duties such as preparing the restaurant for customers, attending meetings, and dressing in their uniforms, cleaning the restaurant and the area in which they work, attending meetings, counting cash and receipts, and removing their uniforms and similar types of activities.

28.    Defendants' violations of the FLSA as alleged herein have been done in a willful and bad faith manner.

29.    As a result of the aforesaid willful violations of the FLSA, overtime compensation has been unlawfully withheld by defendants from plaintiffs and similarly situated persons for which the defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees and the costs of this action.

30.    The employment and work records for the plaintiffs are in the exclusive possession, custody, and control of defendants, and plaintiffs are unable to state at this time the exact amount owing to each of them.  Defendants are under a duty imposed by 29 U.S.C. § 211(c) and the regulations of the U.S. Department of Labor to maintain and preserve plaintiffs' payroll and other employment records from which the amounts of the defendants' liability can be ascertained.

## COUNT THREE – DISTRICT OF COLUMBIA MINIMUM WAGE VIOLATION

31. Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 12 of the Complaint.

32. At all times material herein, plaintiffs who are currently or were formerly employed at defendants' District of Columbia restaurant have been entitled to the rights, protections, and

benefits provided under the Minimum Wage and Overtime Laws of the District of Columbia .

33.    At all times material herein, defendants have utilized a gratuities credit to pay plaintiffs the minimum wage to which they have been entitled under D.C. Code § 32-1003.   As a result, at all times material herein, defendants have been prohibited from charging for the costs of uniforms and retaining gratuities received by plaintiffs.

34.    D.C. Code § 32-1003 provides that, at various times applicable to this case, employees shall be paid a wage rate of not less than $6.15 per hour; $6.85 per hour; $7.55 per hour; and $8.15 per hour.   D.C. Code § 32-1003(f) provides that an employee who receives gratuities shall be paid a wage of not less than $2.77 per hour provided that an employee actually receives gratuities in an amount equal to the difference between the hourly wage paid and the minimum wage as set forth in section (a) of D.C. Code § 32-1003.  Section (g) of D.C. Code § 32-1003 further provides that an employee paid pursuant to a gratuity credit must retain all gratuities, except insofar as it shall not be construed to prohibit the pooling of gratuities among employees who customarily receive gratuities. At all times material herein, defendants have violated, and continue to violate, D.C. Code § 32-1003 by failing and refusing to compensate plaintiffs, and other employees occupying the same positions, the required minimum wage.

35.    Defendant has deprived the plaintiffs and other similarly situated employees of the minimum wage by requiring them to pay for uniforms and other items such as Hooters pins worn primarily for the benefit of the employer.   The cost of uniform items purchased from Hooters is either paid directly by plaintiffs or is deducted from their wages and results in a wage less than that to which plaintiffs are entitled.

36.    Defendants have deprived the plaintiffs and other similarly situated employees of the minimum wage by improperly retaining portions of plaintiffs' gratuities for the purpose of recouping expenses incurred by customer walkouts.

37.  Defendants have deprived the plaintiffs and other similarly situated employees of the minimum wage by improperly requiring plaintiffs to share plaintiffs' gratuities with employees who do not customarily and regularly receive gratuities.

38.    Defendants have further deprived the plaintiffs and other similarly situated employees of the D.C. minimum wage by improperly applying the gratuity credit to hours of work in which plaintiffs can not earn tips.  These hours include time prior to the opening of the restaurant and after the closing of the restaurant when plaintiffs and other similarly situated employees have engaged in performing cleaning services, attending meetings, and setting up and closing down the restaurant and other work activities as defined by the D.C. Code.

39.    As a result of the aforesaid violations of the D.C. Code, compensation has been unlawfully withheld by defendants from plaintiffs and similarly situated persons for which the defendants are liable pursuant to D.C. Code § 32-1012, together with an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees and the costs of this action.

40.    The employment and work records for the plaintiffs are in the exclusive possession, custody, and control of defendants, and plaintiffs are unable to state at this time the exact amount owing to each of them.  Defendants are under a duty imposed by law to maintain and preserve plaintiffs' payroll and other employment records from which the amounts of the defendant's liability can be ascertained.

## COUNT FOUR – DISTRICT OF COLUMBIA OVERTIME CLAIM

41.     Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 12 of the Complaint.

42.     At all times material herein, plaintiffs have worked in excess of the hourly levels specified in D.C. Code § 32-1003(c).  As a result, at all times material herein, plaintiffs have been entitled to overtime compensation at a rate of not less than one and one-half times their regular rate of pay for the hours of overtime they have worked.

43.     D.C. Code § 32-1003(c) provides that employees shall be paid overtime compensation at a rate of not less than one and one-half times their regular rate of pay for hours worked in excess of 40 hours per work week.  At all times material herein, defendants have violated and continue to violated 29 U.S.C. 207(a)(1) by failing and refusing to compensate plaintiffs and other similarly situated employees for time worked in excess of 40 hours per week at a rate of at least one and one half times the regular rate at which plaintiffs are employed.

44.     Defendants have deprived the plaintiffs and other similarly situated employees by failing to compensate them at time and one half the regular rate at which plaintiffs are employed for hours worked in excess of 40 hours per week.

45.     As a result of the aforesaid violations of the D.C. Code, compensation has been unlawfully withheld by defendants from plaintiffs and similarly situated persons for which the defendants are liable pursuant to D.C. Code § 32-1012, together with an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees and the costs of this action.

46.     The employment and work records for the plaintiffs are in the exclusive possession, custody, and control of defendants, and plaintiffs are unable to state at this time the exact amount owing to each of them.  Defendants are under a duty imposed by law to maintain and preserve

plaintiffs' payroll and other employment records from which the amounts of the defendant's liability can be ascertained.

## PRAYER FOR RELIEF

Wherefore, the plaintiffs pray that this Court grant relief against the defendants as follows:

(a)     Enter a declaratory judgment declaring that the defendants have willfully and wrongfully violated its statutory and legal obligations and deprived plaintiffs and all others who are similarly situated of their rights, privileges, protections, compensation, benefits, and entitlements under the law, as alleged herein;

(b)     Order a complete and accurate accounting of all the compensation to which the plaintiffs and all others who are similarly situated are entitled;

(c)     Award plaintiffs and all others who are similarly situated monetary damages in the form of back pay compensation and benefits; unpaid entitlements; liquidated damages under federal law equal to their unpaid compensation; plus pre-judgment and post-judgment interest;

(d) Award plaintiffs and all others who are similarly situated who have worked in defendants District of Columbia restaurant monetary damages in the form of back pay compensation and benefits; unpaid entitlements; liquidated damages under D.C. Code equal to their unpaid compensation; plus pre-judgment and post-judgment interest;

(d)     Award plaintiffs and all others who are similarly situated their reasonable attorneys' fees to be paid by the defendants, and the costs and disbursements of this action; and

(e)     Grant such other legal and equitable relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a jury trial in this action.

Respectfully submitted,

Gregory K. McGillivary
*D.C. Bar No. 411029*
Heidi R. Burakiewicz
*D.C. Bar No. 473973*
WOODLEY & McGILLIVARY
1125 15th Street, NW, Suite 400
Washington, DC 20005
(202) 833-8855
(202) 452-1090 (Facsimile)

Attorneys for Plaintiffs

## CONSENT TO BECOME PARTY PLAINTIFF TO RECOVER UNPAID OVERTIME AND OTHER WAGES

By my signature below, I represent to the court that I have worked for Hooters, Hooters of America, and/or any other entity that owns, operations, or manages a Hooters restaurant ("Hooters") and that during this time Hooters failed to properly compensate me for my work. I authorize the filing and prosecution of an action in my name and on my behalf and on behalf of others similarly situated to recover unpaid wages, liquidated damages and all other relief provided under the Fair Labor Standards Act and any applicable state laws.

DATE: _7/10/09_

_C. Kianna Berry_
SIGNATURE

_Kianna Hawkins_
PRINT NAME

_6813 Riverdale Rd Apt. K-2_
STREET ADDRESS

_Riverdale, Md 20737_
CITY, STATE, ZIP CODE

## CONSENT TO BECOME PARTY PLAINTIFF TO RECOVER UNPAID OVERTIME AND OTHER WAGES

By my signature below, I represent to the court that I have worked for Hooters, Hooters of America, and/or any other entity that owns, operations, or manages a Hooters restaurant ("Hooters") and that during this time Hooters failed to properly compensate me for my work. I authorize the filing and prosecution of an action in my name and on my behalf and on behalf of others similarly situated to recover unpaid wages, liquidated damages and all other relief provided under the Fair Labor Standards Act and any applicable state laws.

DATE: _8/3/09_

_____
SIGNATURE

_____
PRINT NAME

_____
STREET ADDRESS

Seat Pleasant MD 20743

## CONSENT TO BECOME PARTY PLAINTIFF TO RECOVER UNPAID OVERTIME AND OTHER WAGES

By my signature below, I represent to the court that I have worked for Hooters, Hooters of America, and/or any other entity that owns, operations, or manages a Hooters restaurant ("Hooters") and that during this time Hooters failed to properly compensate me for my work. I authorize the filing and prosecution of an action in my name and on my behalf and on behalf of others similarly situated to recover unpaid wages, liquidated damages and all other relief provided under the Fair Labor Standards Act and any applicable state laws.

DATE: 7/29/89

_Alyse Newhouse_
SIGNATURE

_Alyse Newhouse_
PRINT NAME

_5 Rhode Island Ave Apt 403_
STREET ADDRESS

_Washington DC, 2001_
CITY, STATE, ZIP CODE

## CONSENT TO BECOME PARTY PLAINTIFF TO RECOVER UNPAID
## OVERTIME AND OTHER WAGES

By my signature below, I represent to the court that I have worked for Hooters, Hooters of America, and/or any other entity that owns, operations, or manages a Hooters restaurant ("Hooters") and that during this time Hooters failed to properly compensate me for my work. I authorize the filing and prosecution of an action in my name and on my behalf and on behalf of others similarly situated to recover unpaid wages, liquidated damages and all other relief provided under the Fair Labor Standards Act and any applicable state laws.

DATE: 7/27/09

_Kristy Castro_
SIGNATURE

Kristy Castro
PRINT NAME

2400 Queens Chapel road #316
STREET ADDRESS

Hyattsville, MD, 02782
CITY, STATE, ZIP CODE

## CONSENT TO BECOME PARTY PLAINTIFF TO RECOVER UNPAID OVERTIME AND OTHER WAGES

By my signature below, I represent to the court that I have worked for Hooters, Hooters of America, and/or any other entity that owns, operations, or manages a Hooters restaurant ("Hooters") and that during this time Hooters failed to properly compensate me for my work. I authorize the filing and prosecution of an action in my name and on my behalf and on behalf of others similarly situated to recover unpaid wages, liquidated damages and all other relief provided under the Fair Labor Standards Act and any applicable state laws.

DATE: July 16, 2009

SIGNATURE

Alicia R. Rodrigo
PRINT NAME

800 Kenilworth Ave NE #310
STREET ADDRESS

Washington, DC 20019
CITY, STATE, ZIP CODE

## CONSENT TO BECOME PARTY PLAINTIFF TO RECOVER UNPAID
## OVERTIME AND OTHER WAGES

By my signature below, I represent to the court that I have worked for Hooters, Hooters of America, and/or any other entity that owns, operations, or manages a Hooters restaurant ("Hooters") and that during this time Hooters failed to properly compensate me for my work. I authorize the filing and prosecution of an action in my name and on my behalf and on behalf of others similarly situated to recover unpaid wages, liquidated damages and all other relief provided under the Fair Labor Standards Act and any applicable state laws.

DATE 07/28/ 2009

_C. Levenberry_
SIGNATURE

_Ciara Levenberry_
PRINT NAME

_1133 5th St. NE._
STREET ADDRESS

_Washington DC, 20002_
CITY, STATE, ZIP CODE

## CONSENT TO BECOME PARTY PLAINTIFF TO RECOVER UNPAID
## OVERTIME AND OTHER WAGES

By my signature below, I represent to the court that I have worked for Hooters, Hooters of America, and/or any other entity that owns, operations, or manages a Hooters restaurant ("Hooters") and that during this time Hooters failed to properly compensate me for my work. I authorize the filing and prosecution of an action in my name and on my behalf and on behalf of others similarly situated to recover unpaid wages, liquidated damages and all other relief provided under the Fair Labor Standards Act and any applicable state laws.

DATE: 7/27/09

_____
SIGNATURE

Ariel Miller
PRINT NAME

2400 Queens Chapel Road
STREET ADDRESS

Hyattsville MD 20782
CITY, STATE, ZIP CODE

## CONSENT TO BECOME PARTY PLAINTIFF TO RECOVER UNPAID OVERTIME AND OTHER WAGES

By my signature below, I represent to the court that I have worked for Hooters, Hooters of America, and/or any other entity that owns, operations, or manages a Hooters restaurant ("Hooters") and that during this time Hooters failed to properly compensate me for my work. I authorize the filing and prosecution of an action in my name and on my behalf and on behalf of others similarly situated to recover unpaid wages, liquidated damages and all other relief provided under the Fair Labor Standards Act and any applicable state laws.

DATE: _7/16/09_

_____
SIGNATURE

_Jewels Kuruvilla_
PRINT NAME

_14112 Bramble Crt_
STREET ADDRESS

_Laurel, MD 20708_
CITY, STATE, ZIP CODE

## CONSENT TO BECOME PARTY PLAINTIFF TO RECOVER UNPAID OVERTIME AND OTHER WAGES

By my signature below, I represent to the court that I have worked for Hooters, Hooters of America, and/or any other entity that owns, operations, or manages a Hooters restaurant ("Hooters") and that during this time Hooters failed to properly compensate me for my work. I authorize the filing and prosecution of an action in my name and on my behalf and on behalf of others similarly situated to recover unpaid wages, liquidated damages and all other relief provided under the Fair Labor Standards Act and any applicable state laws.

DATE: _7/23/09_

_____
SIGNATURE

_Tyria Stona_
PRINT NAME

_3612 Rock Creed CHURCH_
STREET ADDRESS

_WASHINGTON DC 20010_
CITY, STATE, ZIP CODE

**CONSENT TO BECOME PARTY PLAINTIFF TO RECOVER UNPAID
OVERTIME AND OTHER WAGES**

By my signature below, I represent to the court that I have worked for Hooters, Hooters of America, and/or any other entity that owns, operations, or manages a Hooters restaurant ("Hooters") and that during this time Hooters failed to properly compensate me for my work. I authorize the filing and prosecution of an action in my name and on my behalf and on behalf of others similarly situated to recover unpaid wages, liquidated damages and all other relief provided under the Fair Labor Standards Act and any applicable state laws.

DATE: 7 | 27 | 09

SIGNATURE

Bianca Febus
PRINT NAME

1415 Newton St NW 304
STREET ADDRESS

Washington DC 20010
CITY, STATE, ZIP CODE

## CONSENT TO BECOME PARTY PLAINTIFF TO RECOVER UNPAID OVERTIME AND OTHER WAGES

By my signature below, I represent to the court that I have worked for Hooters, Hooters of America, and/or any other entity that owns, operations, or manages a Hooters restaurant ("Hooters") and that during this time Hooters failed to properly compensate me for my work. I authorize the filing and prosecution of an action in my name and on my behalf and on behalf of others similarly situated to recover unpaid wages, liquidated damages and all other relief provided under the Fair Labor Standards Act and any applicable state laws.

DATE: _7 | 16 | 2009_

_Chant Martin_
SIGNATURE

_Chant l Martin_
PRINT NAME

_9ul 4 7th Place_
STREET ADDRESS

_College Park, MD 20740_
CITY, STATE, ZIP CODE

## CONSENT TO BECOME PARTY PLAINTIFF TO RECOVER UNPAID OVERTIME AND OTHER WAGES

By my signature below, I represent to the court that I have worked for Hooters, Hooters of America, and/or any other entity that owns, operations, or manages a Hooters restaurant ("Hooters") and that during this time Hooters failed to properly compensate me for my work. I authorize the filing and prosecution of an action in my name and on my behalf and on behalf of others similarly situated to recover unpaid wages, liquidated damages and all other relief provided under the Fair Labor Standards Act and any applicable state laws.

DATE: 7/16/09

_____
SIGNATURE

Nickomie Garcia
_____
PRINT NAME

1210 4th St. N.W. Apt 301
_____
STREET ADDRESS

Washington, D.C. 20001
_____
CITY, STATE, ZIP CODE

## CONSENT TO BECOME PARTY PLAINTIFF TO RECOVER UNPAID OVERTIME AND OTHER WAGES

By my signature below, I represent to the court that I have worked for Hooters, Hooters of America, and/or any other entity that owns, operations, or manages a Hooters restaurant ("Hooters") and that during this time Hooters failed to properly compensate me for my work. I authorize the filing and prosecution of an action in my name and on my behalf and on behalf of others similarly situated to recover unpaid wages, liquidated damages and all other relief provided under the Fair Labor Standards Act and any applicable state laws.

DATE: _7-26-07_

_Panta Sillal_
SIGNATURE

_Panta Sillal_
PRINT NAME

_10443 Heathside Wag_
STREET ADDRESS

_Potomac, MD 20854_
CITY, STATE, ZIP CODE