IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KIANNA HAWKINS, COURTNEY JOHNSON, ALYSE NEWHOUSE, KRISTY CASTRO, ALICIA RODRIGO, CIARA LEVENBERRY, ARIEL MILLER, JEWELS KERUREDY, TYRIA STONA, BIANCA FEBUS, CHANT'L MARTIN, NICKOMIE GARCIA, and FANTA SILAH, | ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| HOOTERS OF AMERICA, INC. and HOOTERS OF WASHINGTON, D.C., LLC, | ) ) ) ) |
| Defendants. | ) ) |

## DECLARATION OF PATRICIA KELLNER

COMES NOW Patricia Kellner and, in accordance with 28 U.S.C. § 1746, hereby declares as follows:

1.

My name is Patricia Kellner. My business mailing address is 1815 The Exchange, Atlanta, Georgia 30339. I am over the age of 21. I am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated in this Declaration and know them to be true. I understand that this Declaration is to be used in connection with the above-referenced civil action, and I give it freely for that purpose.

2.

I am currently the Director of Human Resources for Hooters of America, Inc. (HOA) and am familiar with Hooters of Washington, D.C., LLC. HOA and Hooters of Washington, DC, LLC

(collectively hereinafter, "Hooters") are in the business of, among other things, operating entertainment facilities under the tradename "Hooters"®. HOA is a Georgia corporation with its principal place of business in Atlanta, Georgia. HOA, among other things, leases employees to Hooters-branded entities in the States of Maryland and South Carolina and the District of Columbia. At all times relevant, Plaintiffs were employed by HOA. Hooters of Washington, DC, LLC is also a Georgia Limited Liability Company whose sole Member/Manager is HOA. Hooters of Washington, D.C., LLC operates a location in the District of Columbia.

3.

As the Director of Human Resources, I am familiar with HOA's employment policies, including its Open Door policy and arbitration program. HOA has in place a progressive "Open Door" policy that is designed to permit fast, early intervention in employee problems of any kind or type at the store level through a free flow of information from rank-and-file employees to management. Since adoption of this policy, HOA employees have been able to informally resolve many complaints that might otherwise have grown into litigation or arbitration.

4.

In early 1994, HOA supplemented its highly successful internal dispute resolution procedures with an arbitration program designed to give employees an additional forum for resolving issues identified through the Open Door policy or otherwise. The arbitration program has developed into what is currently encapsulated in the Hooters of America, Inc. Arbitration Agreement (the "Agreement"). Although HOA still encourages the informal resolution of employment disputes through its other policies, unresolved issues are subject to binding arbitration pursuant to the terms set forth in the Agreement, which employees are required to sign and agree to as a condition of employment.

- 2 -

5.

Each applicant for employment, including each of the named Plaintiffs in this action, is informed of HOA's arbitration program through a notice at the top of the application for employment, which notice provides:

NOTICE TO APPLICANTS:

YOUR APPLICATION WILL BE CONSIDERED ONLY AFTER YOU HAVE AGREED TO ARBITRATION.  YOU MAY OBTAIN A COPY OF THIS AGREEMENT AND THE ARBITRATION RULES ON REQUEST. YOU MAY TAKE AS MUCH TIME AS YOU LIKE TO REVIEW THIS AGREEMENT. YOU ARE ENCOURAGED TO SEEK LEGAL ADVICE BEFORE SIGNING THE AGREEMENT TO ARBITRATE.

6.

True and correct copies of the Agreements signed by Plaintiffs are attached hereto collectively as Exhibit A and are incorporated herein by reference.  A true and correct copy of the current version of the American Arbitration Association's National Rules for the Resolution of Employment Disputes, as referred to in the Agreement, is attached hereto as Exhibit B.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on this 25th day of August, 2009.

_Pat Kell_
Patricia Kellner

# HOOTERS OF AMERICA, INC. AGREEMENT TO ARBITRATE

> This Agreement requires you to arbitrate any legal dispute related to your application for employment or your employment or the termination of your employment with Hooters of America, Inc., and its subsidiaries and affiliates, as defined in the Agreement below. Hooters of America, Inc., and its subsidiaries and affiliates, as defined in the Agreement below will not consider your application unless this Agreement is signed. This Agreement to arbitrate affects your rights to a trial by a jury. You may wish to seek legal advice before signing this Agreement to arbitrate.

**Section 1:**    **Duty to Arbitrate**

By signing this Agreement, you and the Company each agree that all Claims between you and the Company shall be exclusively decided by arbitration governed by the Federal Arbitration Act before one or more NEUTRAL ARBITRATORS AND NOT BY A COURT OR A JURY. In all cases, such arbitration shall be final and binding and conducted under the most current version of the American Arbitration Association's National Rules for the Resolution of Employment Disputes, and/or such other procedures as the parties both agree in writing. The NEUTRAL ARBITRATOR(S) shall be selected through the American Arbitration Association, or as otherwise agreed to by the parties in writing.

As used above, **"Claims"** means all disputes arising out of or related to your application for employment, your employment by the Company, or your separation from employment with the Company. The term **"Claims"** includes, but is not limited to, any claim whether arising under federal, state, or local law, under a statute such as Title VII of the Civil Rights Act of 1964, under a rule, under a regulation or under the common law, including, but not limited ANY CLAIM OF DISCRIMINATION, SEXUAL HARASSMENT, RETALIATION, OR WRONGFUL DISCHARGE.

As used above, **"Claims"** does not mean disputes related to workers' compensation claims or health benefits, or an assertion that the Company's practice of hiring only females for the position of "Hooters Girl" is illegal and/or must be altered. These matters are not subject to arbitration under this Agreement.

The terms of this Agreement control over any prior arbitration agreements you may have signed with the Company and any prior discussion you may have had with a Company representative about arbitration.

**Section 2:**    **Arbitrators' Authority**

No Arbitrator shall have the power to alter the at-will status of any employee or to impose any limit on the Company's discretion to discipline or discharge any employee, except as otherwise provided by law. This Agreement shall not be construed to deprive a party of a substantive right preserved by law. Federal law on evidentiary privileges shall be applied in all arbitration proceedings.

**Section 3:**    **Starting Arbitration**

Either party may initiate arbitration by delivering a written request to arbitrate to the other party listing the Claim(s) to be arbitrated. Requests to the Company shall be delivered to Hooters of America, Inc.'s Office of General Counsel at the corporate office in Atlanta, Georgia. Requests to the you shall be delivered to your legal counsel, if known, or to your last known home address.

**Section 4:**    **Definition of Company**

As used in this Agreement, the term **"Company"** means Hooters of America, Inc., its subsidiaries (including, but limited to, all Hooters® restaurants owned or operated by Hooters of America, Inc.) and its affiliates.

| | | |
|---|---|---|
| _Your Signature_ | 2/1/08 <br> Date of Your Signature | ***Agreed to by the President of*** |
| KRISTY CASTRO <br> Your Printed Name | ~6414 <br> Your Social Security Number | ***Hooters of America, Inc, its*** <br> ***subsidiaries and its affiliates*** |

© Hooters of America, Inc., 2003

### *NOTICE TO APPLICANTS*

**IN ORDER TO BE EMPLOYED BY HOOTERS OF AMERICA, INC. ITS SUBSIDIARIES OR ITS AFFILIATES, YOU WILL BE REQUIRED TO EXECUTE THE HOOTERS OF AMERICA, INC. AGREEMENT TO ARBITRATE. ARBITRATION WILL BE CONDUCTED IN ACCORDANCE WITH THE AMERICAN ARBITRATION ASSOCIATION'S NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES.**

**IF YOU WANT A COPY OF THE AMERICAN ARBITRATION ASSOCIATION'S NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES, A COPY WILL BE PROVIDED TO YOU, AT NO CHARGE, UPON REQUEST OF THE GENERAL MANAGER OF THE LOCATION AT WHICH YOU ARE APPLYING.**

**PLEASE NOTE THAT THE AMERICAN ARBITRATION ASSOCIATION MAY REVISE ITS NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES, THEREFORE IT IS YOUR RESPONSIBILITY TO INSURE THAT YOU HAVE OBTAINED THE MOST CURRENT VERSION OF THE NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES.**

You can obtain the most current version of the American Arbitration Association's National Rules for the Resolution of Employment Disputes or information regarding the American Arbitration Association at the following addresses:

America Arbitration Association
Corporate Headquarters
335 Madison Avenue, 10th floor
New York, New York 10017-4605
Phone: 212-716-5800
Fax: 212-716-5905
800-778-7879 Customer Service

Website: *WWW.ADR.ORG*

Email: *CustomerService@adr.org*

# HOOTERS OF AMERICA, INC. AGREEMENT TO ARBITRATE

> **This Agreement requires you to arbitrate any legal dispute related to your application for employment or your employment or the termination of your employment with Hooters of America, Inc., and its subsidiaries and affiliates, as defined in the Agreement below. Hooters of America, Inc., and its subsidiaries and affiliates, as defined in the Agreement below will not consider your application unless this Agreement is signed. This Agreement to arbitrate affects your rights to a trial by a jury. You may wish to seek legal advice before signing this Agreement to arbitrate.**

**Section 1:**     **Duty to Arbitrate**

By signing this Agreement, you and the Company each agree that all Claims between you and the Company shall be exclusively decided by arbitration governed by the Federal Arbitration Act before one or more NEUTRAL ARBITRATORS AND NOT BY A COURT OR A JURY. In all cases, such arbitration shall be final and binding and conducted under the most current version of the American Arbitration Association's National Rules for the Resolution of Employment Disputes, and/or such other procedures as the parties both agree in writing. The NEUTRAL ARBITRATOR(S) shall be selected through the American Arbitration Association, or as otherwise agreed to by the parties in writing.

As used above, **"Claims"** means all disputes arising out of or related to your application for employment, your employment by the Company, or your separation from employment with the Company. The term **"Claims"** includes, but is not limited to, any claim whether arising under federal, state, or local law, under a statute such as Title VII of the Civil Rights Act of 1964, under a rule, under a regulation or under the common law, including, but not limited **ANY CLAIM OF DISCRIMINATION, SEXUAL HARASSMENT, RETALIATION, OR WRONGFUL DISCHARGE.**

As used above, **"Claims"** does not mean disputes related to workers' compensation claims or health benefits, or an assertion that the Company's practice of hiring only females for the position of "Hooters Girl" is illegal and/or must be altered. These matters are not subject to arbitration under this Agreement.

The terms of this Agreement control over any prior arbitration agreements you may have signed with the Company and any prior discussion you may have had with a Company representative about arbitration.

**Section 2:**     **Arbitrators' Authority**

No Arbitrator shall have the power to alter the at-will status of any employee or to impose any limit on the Company's discretion to discipline or discharge any employee, except as otherwise provided by law. This Agreement shall not be construed to deprive a party of a substantive right preserved by law. Federal law on evidentiary privileges shall be applied in all arbitration proceedings.

**Section 3:**     **Starting Arbitration**

Either party may initiate arbitration by delivering a written request to arbitrate to the other party listing the Claim(s) to be arbitrated. Requests to the Company shall be delivered to Hooters of America, Inc.'s Office of General Counsel at the corporate office in Atlanta, Georgia. Requests to the you shall be delivered to your legal counsel, if known, or to your last known home address.

**Section 4:**     **Definition of Company**

As used in this Agreement, the term **"Company"** means Hooters of America, Inc., its subsidiaries (including, but limited to, all Hooters® restaurants owned or operated by Hooters of America, Inc.) and its affiliates.

| | | |
|---|---|---|
| _____ Your Signature | 04/01/09 Date of Your Signature | *Agreed to by the President of Hooters of America, Inc, its subsidiaries and its affiliates* |
| KRISTA CASTRO Your Printed Name | ████ - 6414 Your Social Security Number | |

© *Hooters of America, Inc. 2003*

### NOTICE TO APPLICANTS

**IN ORDER TO BE EMPLOYED BY HOOTERS OF AMERICA, INC. ITS SUBSIDIARIES OR ITS AFFILIATES, YOU WILL BE REQUIRED TO EXECUTE THE HOOTERS OF AMERICA, INC. AGREEMENT TO ARBITRATE. ARBITRATION WILL BE CONDUCTED IN ACCORDANCE WITH THE AMERICAN ARBITRATION ASSOCIATION'S NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES.**

**IF YOU WANT A COPY OF THE AMERICAN ARBITRATION ASSOCIATION'S NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES, A COPY WILL BE PROVIDED TO YOU, AT NO CHARGE, UPON REQUEST OF THE GENERAL MANAGER OF THE LOCATION AT WHICH YOU ARE APPLYING.**

**PLEASE NOTE THAT THE AMERICAN ARBITRATION ASSOCIATION MAY REVISE ITS NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES, THEREFORE IT IS YOUR RESPONSIBILITY TO INSURE THAT YOU HAVE OBTAINED THE MOST CURRENT VERSION OF THE NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES.**

You can obtain the most current version of the American Arbitration Association's National Rules for the Resolution of Employment Disputes or information regarding the American Arbitration Association at the following addresses:

America Arbitration Association
Corporate Headquarters
335 Madison Avenue, 10th floor
New York, New York 10017-4605
Phone: 212-716-5800
Fax: 212-716-5905
800-778-7879 Customer Service

Website: *WWW.ADR.ORG*

Email: *CustomerService@adr.org*

## HOOTERS OF AMERICA, INC. AGREEMENT TO ARBITRATE

**This Agreement requires you to arbitrate any legal dispute related to your application for employment or your employment or the termination of your employment with Hooters of America, Inc., and its subsidiaries and affiliates, as defined in the Agreement below. Hooters of America, Inc., and its subsidiaries and affiliates, as defined in the Agreement below will not consider your application unless this Agreement is signed. This Agreement to arbitrate affects your rights to a trial by a jury. You may wish to seek legal advice before signing this Agreement to arbitrate.**

**Section 1:**   Duty to Arbitrate

By signing this Agreement, you and the Company each agree that all Claims between you and the Company shall be exclusively decided by arbitration governed by the Federal Arbitration Act before one or more **NEUTRAL ARBITRATORS AND NOT BY A COURT OR A JURY. In all cases, such arbitration shall be final and binding and conducted under the most current version of the American Arbitration Association's National Rules for the Resolution of Employment Disputes, and/or such other procedures as the parties both agree in writing. The NEUTRAL ARBITRATOR(S) shall be selected through the American Arbitration Association, or as otherwise agreed to by the parties in writing.**

As used above, **"Claims"** means all disputes arising out of or related to your application for employment, your employment by the Company, or your separation from employment with the Company.  The term "Claims" includes, but is not limited to, any claim whether arising under federal, state, or local law, under a statute such as Title VII of the Civil Rights Act of 1964, under a rule, under a regulation or under the common law, including, but not limited ANY **CLAIM OF DISCRIMINATION, SEXUAL HARASSMENT, RETALIATION, OR WRONGFUL DISCHARGE.**

As used above, **"Claims"** does not mean disputes related to workers' compensation claims or health benefits, or an assertion that the Company's practice of hiring only females for the position of "Hooters Girl" is illegal and/or must be altered.  These matters are not subject to arbitration under this Agreement.

The terms of this Agreement control over any prior arbitration agreements you may have signed with the Company and any prior discussion you may have had with a Company representative about arbitration.

**Section 2:**   Arbitrators' Authority

No Arbitrator shall have the power to alter the at-will status of any employee or to impose any limit on the Company's discretion to discipline or discharge any employee, except as otherwise provided by law. This Agreement shall not be construed to deprive a party of a substantive right preserved by law.  Federal law on evidentiary privileges shall be applied in all arbitration proceedings.

**Section 3:**   Starting Arbitration

Either party may initiate arbitration by delivering a written request to arbitrate to the other party listing the Claim(s) to be arbitrated.  Requests to the Company shall be delivered to Hooters of America, Inc.'s Office of General Counsel at the corporate office in Atlanta, Georgia.  Requests to the you shall be delivered to your legal counsel, if known, or to your last known home address.

**Section 4:**   Definition of Company

As used in this Agreement, the term **"Company"** means Hooters of America, Inc., its subsidiaries (including, but limited to, all Hooters® restaurants owned or operated by Hooters of America, Inc.) and its affiliates.

| | | |
|---|---|---|
| _Bianca Febus_ (signature) | 12/15/08 | *Agreed to by the President of* |
| Your Signature | Date of Your Signature | *Hooters of America, Inc, its* |
| Bianca Febus | ████ 310 | *subsidiaries and its affiliates* |
| Your Printed Name | Your Social Security Number | |

© Hooters of America, Inc. 2007

### NOTICE TO APPLICANTS

IN ORDER TO BE EMPLOYED BY HOOTERS OF AMERICA, INC. ITS SUBSIDIARIES OR ITS AFFILIATES, YOU WILL BE REQUIRED TO EXECUTE THE HOOTERS OF AMERICA, INC. AGREEMENT TO ARBITRATE.   ARBITRATION WILL BE CONDUCTED IN ACCORDANCE WITH THE AMERICAN ARBITRATION ASSOCIATION'S NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES.

IF YOU WANT A COPY OF THE AMERICAN ARBITRATION ASSOCIATION'S NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES, A COPY WILL BE PROVIDED TO YOU, AT NO CHARGE, UPON REQUEST OF THE GENERAL MANAGER OF THE LOCATION AT WHICH YOU ARE APPLYING.

PLEASE NOTE THAT THE AMERICAN ARBITRATION ASSOCIATION MAY REVISE ITS NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES. THEREFORE IT IS YOUR RESPONSIBILITY TO INSURE THAT YOU HAVE OBTAINED THE MOST CURRENT VERSION OF THE NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES.

You can obtain the most current version of the American Arbitration Association's National Rules for the Resolution of Employment Disputes or information regarding the American Arbitration Association at the following addresses:

America Arbitration Association
Corporate Headquarters
335 Madison Avenue, 10th floor
New York, New York 10017-4605
Phone: 212-716-5800
Fax: 212-716-5905
800-778-7879 Customer Service

Website: *WWW.ADR.ORG*

Email: *CustomerService@adr.org*

# HOOTERS OF AMERICA, INC. AGREEMENT TO ARBITRATE

> **This Agreement requires you to arbitrate any legal dispute related to your application for employment or your employment or the termination of your employment with Hooters of America, Inc., and its subsidiaries and affiliates, as defined in the Agreement below. Hooters of America, Inc., and its subsidiaries and affiliates, as defined in the Agreement below will not consider your application unless this Agreement is signed. This Agreement to arbitrate affects your rights to a trial by a jury. You may wish to seek legal advice before signing this Agreement to arbitrate.**

**Section 1:       Duty to Arbitrate**

By signing this Agreement, you and the Company each agree that all Claims between you and the Company shall be exclusively decided by arbitration governed by the Federal Arbitration Act before one or more NEUTRAL ARBITRATORS AND NOT BY A COURT OR A JURY. In all cases, such arbitration shall be final and binding and conducted under the most current version of the American Arbitration Association's National Rules for the Resolution of Employment Disputes, and/or such other procedures as the parties both agree in writing. The NEUTRAL ARBITRATOR(S) shall be selected through the American Arbitration Association, or as otherwise agreed to by the parties in writing.

As used above, "**Claims**" means all disputes arising out of or related to your application for employment, your employment by the Company, or your separation from employment with the Company.   The term "**Claims**" includes, but is not limited to, any claim whether arising under federal, state, or local law, under a statute such as Title VII of the Civil Rights Act of 1964, under a rule, under a regulation or under the common law, including, but not limited **ANY CLAIM OF DISCRIMINATION, SEXUAL HARASSMENT, RETALIATION, OR WRONGFUL DISCHARGE.**

As used above, "**Claims**" does not mean disputes related to workers' compensation claims or health benefits, or an assertion that the Company's practice of hiring only females for the position of "Hooters Girl" is illegal and/or must be altered. These matters are not subject to arbitration under this Agreement.

The terms of this Agreement control over any prior arbitration agreements you may have signed with the Company and any prior discussion you may have had with a Company representative about arbitration.

**Section 2:       Arbitrators' Authority**

No Arbitrator shall have the power to alter the at-will status of any employee or to impose any limit on the Company's discretion to discipline or discharge any employee, except as otherwise provided by law. This Agreement shall not be construed to deprive a party of a substantive right preserved by law. Federal law on evidentiary privileges shall be applied in all arbitration proceedings.

**Section 3:       Starting Arbitration**

Either party may initiate arbitration by delivering a written request to arbitrate to the other party listing the Claim(s) to be arbitrated.  Requests to the Company shall be delivered to Hooters of America, Inc.'s Office of General Counsel at the corporate office in Atlanta, Georgia.  Requests to the you shall be delivered to your legal counsel, if known, or to your last known home address.

**Section 4:       Definition of Company**

As used in this Agreement, the term "**Company**" means Hooters of America, Inc., its subsidiaries (including, but limited to, all Hooters® restaurants owned or operated by Hooters of America, Inc.) and its affiliates.

| | |
|---|---|
| Your Signature | Date of Your Signature |
| Your Printed Name | Your Social Security Number |

*Agreed to by the President of Hooters of America, Inc, its subsidiaries and its affiliates*

### NOTICE TO APPLICANTS

**IN ORDER TO BE EMPLOYED BY HOOTERS OF AMERICA, INC. ITS SUBSIDIARIES OR ITS AFFILIATES, YOU WILL BE REQUIRED TO EXECUTE THE HOOTERS OF AMERICA, INC. AGREEMENT TO ARBITRATE.   ARBITRATION WILL BE CONDUCTED IN ACCORDANCE WITH THE AMERICAN ARBITRATION ASSOCIATION'S NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES.**

**IF YOU WANT A COPY OF THE AMERICAN ARBITRATION ASSOCIATION'S NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES, A COPY WILL BE PROVIDED TO YOU, AT NO CHARGE, UPON REQUEST OF THE GENERAL MANAGER OF THE LOCATION AT WHICH YOU ARE APPLYING.**

**PLEASE NOTE THAT THE AMERICAN ARBITRATION ASSOCIATION MAY REVISE ITS NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES, THEREFORE IT IS YOUR RESPONSIBILITY TO INSURE THAT YOU HAVE OBTAINED THE MOST CURRENT VERSION OF THE NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES.**

You can obtain the most current version of the American Arbitration Association's National Rules for the Resolution of Employment Disputes or information regarding the American Arbitration Association at the following addresses:

America Arbitration Association
Corporate Headquarters
335 Madison Avenue, 10th floor
New York, New York 10017-4605
Phone: 212-716-5800
Fax: 212-716-5905
800-778-7879 Customer Service

Website: *WWW.ADR.ORG*

Email: *CustomerService@adr.org*

# HOOTERS OF AMERICA, INC.'S AGREEMENT TO ARBITRATE

> This Agreement requires you to arbitrate any legal dispute with the Company, which means Hooters of America, Inc. and its subsidiaries (including but not limited to all Hooters® restaurants owned or operated by Hooters of America, Inc.), and their current and former employees, officers, and agents in their capacity as such or otherwise. The Company will not consider your application unless this Agreement is signed. This Agreement to arbitrate affects your rights to a trial by a jury. You may wish to seek legal advice before signing this Agreement to arbitrate.

**Section 1: Duty to Arbitrate**

By signing this Agreement, you and the Company each agree that all Claims between you and the Company will be exclusively decided by arbitration governed by the Federal Arbitration Act before one NEUTRAL ARBITRATOR and NOT BY A COURT OR A JURY. In all cases, such arbitration shall be conducted under the most current version of the American Arbitration Association's National Rules for the Resolution of Employment Disputes ("AAA Rules"); and/or such other procedures as the parties both agree in writing. The NEUTRAL ARBITRATOR shall be selected through the American Arbitration Association, unless otherwise agreed to by the parties in writing.

As used in this Agreement, **"Claims"** means all disputes between you and the Company, including but not limited to disputes arising out of or related to your application for employment, your employment by the Company, or your separation from employment with the Company (including any job-related post-separation disputes) and includes any such disputes with current or former supervisors, co-employees, officers, and other employees or agents of the Company, in their capacity as such and , otherwise. The term "Claims" includes, but is not limited to, any claim whether arising under federal, state, or local law, including a statute such as Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, and/or the Americans with Disabilities Act, under a rule, under a regulation or under the common law, including, but not limited to any claim of discrimination, sexual harassment, retaliation, defamation, or wrongful discharge.   As used in this Agreement, "Claims" does not mean disputes related to workers' compensation claims or health benefits, or an assertion that the Company's practice of hiring only females for the position of "Hooters Girl" is illegal and/or must be altered.  These matters are not subject to arbitration under this Agreement.

The term "Claims" includes claims in equity.  However, any party may seek interim equitable relief from a court of competent jurisdiction in order to maintain the status quo of any particular matter.

The terms of this Agreement control over any prior arbitration agreements you may have signed with the Company and any prior discussion you may have had with a Company representative about arbitration.

**Section 2: Arbitrator's Authority**

No Arbitrator shall have the power to alter the at-will status of any employee, or to impose any limit on the Company's discretion to discipline or discharge any employee, except as otherwise provided by law. This Agreement shall not be construed to deprive a party of a substantive right preserved by law. To the extent possible, the Arbitrator will refer to and use the Federal Rules of Evidence and Federal Rules of Civil Procedure on issues not specifically covered by the AAA Rules.

**Section 3: Starting Arbitration**

Either party to this Agreement may initiate arbitration by delivering a written request to arbitrate to the American Arbitration Association, listing the Claim(s) to be arbitrated. A copy of the written request must also be served on the other party by hand delivery or by certified mail.  Requests to the Company shall be sent to Hooters of America, Inc.'s Office of General Counsel at 1815 The Exchange, Atlanta, Georgia 30339. Requests to you shall be delivered to your legal counsel, if known, or to your last known home address on file with the Company.  Either party may notify the other party of a change of address by sending the other party written notification by hand delivery or certified mail.

**Section 4:  Time Limits for Initiating a Claim**

For those causes of action where a charge or complaint filed with a government agency is a necessary prerequisite to filing a lawsuit, such filing prerequisite is hereby waived and a claim shall be processed so long as that claim is filed with the American Arbitration Association and served on the other party as set forth below within the time limits established by law for the filing of such charge or complaint with a government agency in the appropriate geographic jurisdiction. Except as modified in this Section, the time limits for initiating a Claim shall be the time limits provided in law for the specific legal claim, dispute or cause of action brought by an employee against the Company.

**Section 5: Dispositive Motions**

Either party shall have the right to file a dispositive motion with the Arbitrator, including a motion to dismiss and a motion for summary judgment. These motions shall be heard and ruled upon by the Arbitrator at least sixty (60) days prior to any hearing on the claims being held.

**Section 6: Appeals**

Either party may bring an action in any court of competent jurisdiction to enforce an arbitration award. A party opposing enforcement of an award may bring a separate action in any court of competent jurisdiction to set aside the award, where the standard of review will be the same as that applied by an appellate court reviewing a decision of a trial court sitting without a jury.

**Section 7: Supersedes Any Prior Agreement**

This Agreement shall supersede any and all prior arbitration agreements that may have been entered into by the parties.

I have carefully read this Agreement and I knowingly and voluntarily sign this Agreement and acknowledge that I have been given the opportunity to consult an attorney before signing.  I acknowledge that this Agreement contains the entire agreement between myself and the Company regarding arbitration, and that I have not relied upon any additional terms or statements by any manager, employee, or agent of the Company in deciding to sign this Agreement.

Your Signature

Your Printed Name  Karma Hawkins

Date of Your Signature  10/20/08

Your Social Security Number  █████ 82E5

*This Agreement has already been agreed to by the CEO/President of Hooters of America, Inc., and its subsidiaries.*

© Hooters of America, Inc. 2008

NOTE: If you fail to sign this Agreement, your continued employment with Hooters of America, Inc. establishes your agreement to the terms of this Agreement.

### NOTICE TO APPLICANTS

IN ORDER TO BE EMPLOYED BY HOOTERS OF AMERICA, INC. OR ITS SUBSIDIARIES, YOU WILL BE REQUIRED TO EXECUTE THE HOOTERS OF AMERICA, INC. AGREEMENT TO ARBITRATE. ARBITRATION WILL BE CONDUCTED IN ACCORDANCE WITH THE AMERICAN ARBITRATION ASSOCIATION'S NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES.

IF YOU WANT A COPY OF THE AMERICAN ARBITRATION ASSOCIATION'S NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES, A COPY WILL BE PROVIDED TO YOU, AT NO CHARGE, UPON REQUEST OF THE GENERAL MANAGER OF THE LOCATION AT WHICH YOU ARE APPLYING.

PLEASE NOTE THAT THE AMERICAN ARBITRATION ASSOCIATION MAY REVISE ITS NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES, THEREFORE IT IS YOUR RESPONSIBILITY TO INSURE THAT YOU HAVE OBTAINED THE MOST CURRENT VERSION OF THE NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES.

You can obtain the most current version of the American Arbitration Association's National Rules for the Resolution of Employment Disputes or information regarding the American Arbitration Association at the following addresses:

America Arbitration Association
Corporate Headquarters
335 Madison Avenue, 10th floor
New York, New York 10017-4605
Phone: 212-716-5800
Fax: 212-716-5905
800-778-7879 Customer Service

Website: *WWW.ADR.ORG*

Email: *CustomerService@adr.org*

**Form Number:HR-HRLYAgree2Arb**

**SSN:**    XXX-XX - 0736



Form Name: HR-Agreement To Arbitrate

## HOOTERS OF AMERICA, INC.'S AGREEMENT TO ARBITRATE

This Agreement requires you to arbitrate any legal dispute with the Company, which means Hooters of America, Inc. and its subsidiaries (including but not limited to all Hooters® restaurants owned or operated by Hooters of America, Inc.), and their current and former employees, officers, and agents in their capacity as such or otherwise. The Company will not consider your application unless this Agreement is signed. This Agreement to arbitrate affects your rights to a trial by a jury. You may wish to seek legal advice before signing this Agreement to arbitrate.

**Section 1: Duty to Arbitrate**

By signing this Agreement, you and the Company each agree that all Claims between you and the Company will be exclusively decided by arbitration governed by the Federal Arbitration Act before one NEUTRAL ARBITRATOR AND NOT BY A COURT OR A JURY. In all cases, such arbitration shall be conducted under the most current version of the American Arbitration Association's National Rules for the Resolution of Employment Disputes ("AAA Rules"). and/or such other procedures as the parties both agree in writing. The NEUTRAL ARBITRATOR shall be selected through the American Arbitration Association. unless otherwise agreed to by the parties in writing.

As used in this Agreement, "Claims" means all disputes between you and the Company, including but not limited to disputes arising out of or related to your application for employment, your employment by the Company, or your separation from employment with the Company (including any job-related post-separation disputes) and includes any such disputes with current or former supervisors, co-employees, officers, and other employees or agents of the Company, in their capacity as such and otherwise. The term "Claims" includes, but is not limited to, any claim whether arising under federal, state, or local law, under a statute such as Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, and/or the Americans with Disabilities Act, under a rule, under a regulation or under the common law, including, but not limited to any claim of discrimination, sexual harassment, retaliation, defamation, or wrongful discharge. As used in this Agreement, "Claims" does not mean disputes related to workers' compensation claims or health benefits, or an assertion that the Company's practice of hiring only females for the position of "Hooters Girl" is illegal and/or must be altered. These matters are not subject to arbitration under this Agreement.

The term "Claims" includes claims in equity. However, any party may seek interim equitable relief from a court of competent jurisdiction in order to maintain the status quo of any particular matter.

The terms of this Agreement control over any prior arbitration agreements you may have signed with the Company and any prior discussion you may have had with a Company representative about arbitration.

**Section 2: Arbitrator's Authority**

No Arbitrator shall have the power to alter the at-will status of any employee or to impose any limit on the Company's discretion to discipline or discharge any employee, except as otherwise provided by law. This Agreement shall not be construed to deprive a party of a substantive right preserved by law. To the extent possible, the Arbitrator will refer to and use the Federal Rules of Evidence and Federal Rules of Civil Procedure on issues not specifically covered by the AAA Rules.

**Section 3: Starting Arbitration**

Either party to this Agreement may initiate arbitration by delivering a written request to arbitrate to the American Arbitration Association, listing the Claim(s) to be arbitrated. A copy of the written request must also be served on the other party by hand delivery or by certified mail. Requests to the Company shall be sent to Hooters of America, Inc.'s Office of General Counsel at 1815 The Exchange, Atlanta, Georgia 30339. Requests to you shall be delivered to your legal counsel, if known, or to your last known home address on file with the Company. Either party may notify the other party of a change of address by sending the other party written notification by hand delivery or certified mail.

**Section 4: Time Limits for Initiating a Claim**

For those causes of action where a charge or complaint filed with a government agency is a necessary prerequisite to filing a lawsuit, such filing prerequisite is hereby waived and a claim shall be processed so long as that claim is filed with the American Arbitration Association and served on the other party as set forth below within the time limits established by law for the filing of such charge or complaint with a government agency in the appropriate geographic jurisdiction. Except as modified in this Section, the time limits for initiating a Claim shall be the time limits provided in law for the specific legal claim, dispute or cause of action brought by an employee against the Company.

**Section 5: Dispositive Motions**

Either party shall have the right to file a dispositive motion with the Arbitrator, including a motion to dismiss and a motion for summary judgment. These motions shall be heard and ruled upon by the Arbitrator at least sixty (60) days prior to any hearing on the claims being held.

**Section 6: Appeals**

Either party may bring an action in any court of competent jurisdiction to enforce an arbitration award. A party opposing enforcement of an award may bring a separate action in any court of competent jurisdiction to set aside the award, where the standard of review will be the same as that applied by an appellate court reviewing a decision of a trial court sitting without a jury.

**Section 7: Supersedes Any Prior Agreement**

This Agreement shall supersede any and all prior arbitration agreements that may have been entered into by the parties.

I have carefully read this Agreement and I knowingly and voluntarily sign this Agreement and acknowledge that I have been given the opportunity to consult an attorney before signing. I acknowledge that this Agreement contains the entire agreement between myself and the Company regarding arbitration. and that I have not relied upon any additional terms or statements by any manager, employee, or agent of the Company in deciding to sign this Agreement.

_____
Your Signature

_____
Your Printed Name
© Hooters of America, Inc. 2005

___12-8-08_____
Date of Your Signature

_____0736
Your Social Security Number

*This Agreement has already been*
*agreed to by the CEO/President of*
*Hooters of America, Inc., and its*
*subsidiaries.*

NOTE: If you fail to sign this Agreement, your continued employment with Hooters of America, Inc. establishes your agreement to the terms of this Agreement.

### *NOTICE TO APPLICANTS*

IN ORDER TO BE EMPLOYED BY HOOTERS OF AMERICA, INC. OR ITS SUBSIDIARIES, YOU WILL BE REQUIRED TO EXECUTE THE HOOTERS OF AMERICA, INC. AGREEMENT TO ARBITRATE. ARBITRATION WILL BE CONDUCTED IN ACCORDANCE WITH THE AMERICAN ARBITRATION ASSOCIATION'S NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES.

IF YOU WANT A COPY OF THE AMERICAN ARBITRATION ASSOCIATION'S NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES, A COPY WILL BE PROVIDED TO YOU, AT NO CHARGE, UPON REQUEST OF THE GENERAL MANAGER OF THE LOCATION AT WHICH YOU ARE APPLYING.

PLEASE NOTE THAT THE AMERICAN ARBITRATION ASSOCIATION MAY REVISE ITS NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES, THEREFORE IT IS YOUR RESPONSIBILITY TO INSURE THAT YOU HAVE OBTAINED THE MOST CURRENT VERSION OF THE NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES.

You can obtain the most current version of the American Arbitration Association's National Rules for the Resolution of Employment Disputes or information regarding the American Arbitration Association at the following addresses:

America Arbitration Association
Corporate Headquarters
335 Madison Avenue, 10th floor
New York, New York 10017-4605
Phone: 212-716-5800
Fax: 212-716-5905
800-778-7879 Customer Service

Website: *WWW.ADR.ORG*

Email: *CustomerService@adr.org*

# HOOTERS OF AMERICA, INC. AGREEMENT TO ARBITRATE

> This Agreement requires you to arbitrate any legal dispute related to your application for employment or your employment or the termination of your employment with Hooters of America, Inc., and its subsidiaries and affiliates, as defined in the Agreement below. Hooters of America, Inc., and its subsidiaries and affiliates, as defined in the Agreement below will not consider your application unless this Agreement is signed. This Agreement to arbitrate affects your rights to a trial by a jury. You may wish to seek legal advice before signing this Agreement to arbitrate.

**Section 1:**     **Duty to Arbitrate**

By signing this Agreement, you and the Company each agree that all Claims between you and the Company shall be exclusively decided by arbitration governed by the Federal Arbitration Act before one or more NEUTRAL ARBITRATORS AND NOT BY A COURT OR A JURY. In all cases, such arbitration shall be final and binding and conducted under the most current version of the American Arbitration Association's National Rules for the Resolution of Employment Disputes, and/or such other procedures as the parties both agree in writing. The NEUTRAL ARBITRATOR(S) shall be selected through the American Arbitration Association, or as otherwise agreed to by the parties in writing.

As used above, **"Claims"** means all disputes arising out of or related to your application for employment, your employment by the Company, or your separation from employment with the Company. The term **"Claims"** includes, but is not limited to, any claim whether arising under federal, state, or local law, under a statute such as Title VII of the Civil Rights Act of 1964, under a rule, under a regulation or under the common law, including, but not limited ANY CLAIM OF DISCRIMINATION, SEXUAL HARASSMENT, RETALIATION, OR WRONGFUL DISCHARGE.

As used above, **"Claims"** does not mean disputes related to workers' compensation claims or health benefits, or an assertion that the Company's practice of hiring only females for the position of "Hooters Girl" is illegal and/or must be altered. These matters are not subject to arbitration under this Agreement.

The terms of this Agreement control over any prior arbitration agreements you may have signed with the Company and any prior discussion you may have had with a Company representative about arbitration.

**Section 2:**     **Arbitrators' Authority**

No Arbitrator shall have the power to alter the at-will status of any employee or to impose any limit on the Company's discretion to discipline or discharge any employee, except as otherwise provided by law. This Agreement shall not be construed to deprive a party of a substantive right preserved by law. Federal law on evidentiary privileges shall be applied in all arbitration proceedings.

**Section 3:**     **Starting Arbitration**

Either party may initiate arbitration by delivering a written request to arbitrate to the other party listing the Claim(s) to be arbitrated. Requests to the Company shall be delivered to Hooters of America, Inc.'s Office of General Counsel at the corporate office in Atlanta, Georgia. Requests to the you shall be delivered to your legal counsel, if known, or to your last known home address.

**Section 4:**     **Definition of Company**

As used in this Agreement, the term **"Company"** means Hooters of America, Inc., its subsidiaries (including, but limited to, all Hooters® restaurants owned or operated by Hooters of America, Inc.) and its affiliates.

| | | |
|---|---|---|
| _[signature]_ | _1/10/05_ | _Agreed to by the President of_ |
| Your Signature | Date of Your Signature | **_Hooters of America, Inc, its_** |
| _[signature]_ | _379 ▇_ | **_subsidiaries and its affiliates_** |
| Your Printed Name | Your Social Security Number | |

© Hooters of America, Inc., 2003

*NOTICE TO APPLICANTS*

**IN ORDER TO BE EMPLOYED BY HOOTERS OF AMERICA, INC. ITS SUBSIDIARIES OR ITS AFFILIATES, YOU WILL BE REQUIRED TO EXECUTE THE HOOTERS OF AMERICA, INC. AGREEMENT TO ARBITRATE. ARBITRATION WILL BE CONDUCTED IN ACCORDANCE WITH THE AMERICAN ARBITRATION ASSOCIATION'S NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES.**

**IF YOU WANT A COPY OF THE AMERICAN ARBITRATION ASSOCIATION'S NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES, A COPY WILL BE PROVIDED TO YOU, AT NO CHARGE, UPON REQUEST OF THE GENERAL MANAGER OF THE LOCATION AT WHICH YOU ARE APPLYING.**

**PLEASE NOTE THAT THE AMERICAN ARBITRATION ASSOCIATION MAY REVISE ITS NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES, THEREFORE IT IS YOUR RESPONSIBILITY TO INSURE THAT YOU HAVE OBTAINED THE MOST CURRENT VERSION OF THE NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES.**

You can obtain the most current version of the American Arbitration Association's National Rules for the Resolution of Employment Disputes or information regarding the American Arbitration Association at the following addresses:

America Arbitration Association
Corporate Headquarters
335 Madison Avenue, 10th floor
New York, New York 10017-4605
Phone: 212-716-5800
Fax: 212-716-5905
800-778-7879 Customer Service

Website: *WWW.ADR.ORG*

Email: *CustomerService@adr.org*

# HOOTERS OF AMERICA, INC.'S AGREEMENT TO ARBITRATE

**This Agreement requires you to arbitrate any legal dispute with the Company, which means Hooters of America, Inc. and its subsidiaries (including but not limited to all Hooters® restaurants owned or operated by Hooters of America, Inc.), and their current and former employees, officers, and agents in their capacity as such or otherwise. The Company will not consider your application unless this Agreement is signed. This Agreement to arbitrate affects your rights to a trial by a jury. You may wish to seek legal advice before signing this Agreement to arbitrate.**

### Section 1: Duty to Arbitrate

By signing this Agreement, you and the Company each agree that all Claims between you and the Company will be exclusively decided by arbitration governed by the Federal Arbitration Act before one NEUTRAL ARBITRATOR AND NOT BY A COURT OR A JURY. In all cases, such arbitration shall be conducted under the most current version of the American Arbitration Association's National Rules for the Resolution of Employment Disputes ("AAA Rules"), and/or such other procedures as the parties both agree in writing. The NEUTRAL ARBITRATOR shall be selected through the American Arbitration Association, unless otherwise agreed to by the parties in writing.

As used in this Agreement, "Claims" means all disputes between you and the Company, including but not limited to disputes arising out of or related to your application for employment, your employment by the Company, or your separation from employment with the Company (including any job-related post-separation disputes) and includes any such disputes with current or former supervisors, co-employees, officers, and other employees or agents of the Company, in their capacity as such and otherwise. The term "Claims" includes, but is not limited to, any claim whether arising under federal, state, or local law, under a statute such as Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, and the Americans with Disabilities Act, under a rule, under a regulation or under the common law, including, but not limited to any claim of discrimination, sexual harassment, retaliation, defamation, or wrongful discharge. As used in this Agreement, "Claims" does not mean disputes related to workers' compensation claims or health benefits, or an assertion that the Company's practice of hiring only females for the position of "Hooters Girl" is illegal and/or must be altered. These matters are not subject to arbitration under this Agreement.

The term "Claims" includes claims in equity. However, any party may seek interim equitable relief from a court of competent jurisdiction in order to maintain the status quo of any particular matter.

The terms of this Agreement control over any prior arbitration agreements you may have signed with the Company and any prior discussion you may have had with a Company representative about arbitration.

### Section 2: Arbitrator's Authority

No Arbitrator shall have the power to alter the at-will status of any employee or to impose any limit on the Company's discretion to discipline or discharge any employee, except as otherwise provided by law. This Agreement shall not be construed to deprive a party of a substantive right preserved by law. To the extent possible, the Arbitrator will refer to and use the Federal Rules of Evidence and Federal Rules of Civil Procedure on issues not specifically covered by the AAA Rules.

### Section 3: Starting Arbitration

Either party to this Agreement may initiate arbitration by delivering a written request to arbitrate to the American Arbitration Association, listing the Claim(s) to be arbitrated. A copy of the written request must also be served on the other party by hand delivery or by certified mail. Requests to the Company shall be sent to Hooters of America, Inc.'s Office of General Counsel at 1815 The Exchange, Atlanta, Georgia 30339. Requests to you shall be delivered to your legal counsel, if known, or to your last known home address on file with the Company. Either party may notify the other party of a change of address by sending the other party written notification by hand delivery or certified mail.

### Section 4: Time Limits for Initiating a Claim

For those causes of action where a charge or complaint filed with a government agency is a necessary prerequisite to filing a lawsuit, such filing prerequisite is hereby waived and a claim shall be processed so long as that claim is filed with the American Arbitration Association and served on the other party as set forth below within the time limits established by law for the filing of such charge or complaint with a government agency in the appropriate geographic jurisdiction. Except as modified in this Section, the time limits for initiating a Claim shall be the time limits provided in law for the specific legal claim, dispute or cause of action brought by an employee against the Company.

### Section 5: Dispositive Motions

Either party shall have the right to file a dispositive motion with the Arbitrator, including a motion to dismiss and a motion for summary judgment. These motions shall be heard and ruled upon by the Arbitrator at least sixty (60) days prior to any hearing on the claims being held.

### Section 6: Appeals

Either party may bring an action in any court of competent jurisdiction to enforce an arbitration award. A party opposing enforcement of an award may bring a separate action in any court of competent jurisdiction to set aside the award, where the standard of review will be the same as that applied by an appellate court reviewing a decision of a trial court sitting without a jury.

### Section 7: Supersedes Any Prior Agreement

This Agreement shall supersede any and all prior arbitration agreements that may have been entered into by the parties.

I have carefully read this Agreement and I knowingly and voluntarily sign this Agreement and acknowledge that I have been given the opportunity to consult an attorney before signing. I acknowledge that this Agreement contains the entire agreement between myself and the Company regarding arbitration, and that I have not relied upon any additional terms or statements by any manager, employee, or agent of the Company in deciding to sign this Agreement.

_Ciara Levenberry_
Your Signature

Ciara Levenberry
Your Printed Name

© Hooters of America, Inc. 2008

5-8-08
Date of Your Signature

██████-4813
Your Social Security Number

*This Agreement has already been agreed to by the CEO/President of Hooters of America, Inc., and its subsidiaries.*

NOTE: If you fail to sign this Agreement, your continued employment with Hooters of America, Inc. establishes your agreement to the terms of this Agreement.

*NOTICE TO APPLICANTS*

IN ORDER TO BE EMPLOYED BY HOOTERS OF AMERICA, INC. OR ITS SUBSIDIARIES, YOU WILL BE REQUIRED TO EXECUTE THE HOOTERS OF AMERICA, INC. AGREEMENT TO ARBITRATE. ARBITRATION WILL BE CONDUCTED IN ACCORDANCE WITH THE AMERICAN ARBITRATION ASSOCIATION'S NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES.

IF YOU WANT A COPY OF THE AMERICAN ARBITRATION ASSOCIATION'S NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES, A COPY WILL BE PROVIDED TO YOU, AT NO CHARGE, UPON REQUEST OF THE GENERAL MANAGER OF THE LOCATION AT WHICH YOU ARE APPLYING.

PLEASE NOTE THAT THE AMERICAN ARBITRATION ASSOCIATION MAY REVISE ITS NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES, THEREFORE IT IS YOUR RESPONSIBILITY TO INSURE THAT YOU HAVE OBTAINED THE MOST CURRENT VERSION OF THE NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES.

You can obtain the most current version of the American Arbitration Association's National Rules for the Resolution of Employment Disputes or information regarding the American Arbitration Association at the following addresses:

America Arbitration Association
Corporate Headquarters
335 Madison Avenue, 10th floor
New York, New York 10017-4605
Phone: 212-716-5800
Fax: 212-716-5905
800-778-7879 Customer Service

Website: *WWW.ADR.ORG*

Email: *CustomerService@adr.org*

# HOOTERS OF AMERICA, INC.'S AGREEMENT TO ARBITRATE

> This Agreement requires you to arbitrate any legal dispute with the Company, which means Hooters of America, Inc. and its subsidiaries (including but not limited to all Hooters® restaurants owned or operated by Hooters of America, Inc.), and their current and former employees, officers, and agents in their capacity as such or otherwise. The Company will not consider your application unless this Agreement is signed. This Agreement to arbitrate affects your rights to a trial by a jury. You may wish to seek legal advice before signing this Agreement to arbitrate.

## Section 1: Duty to Arbitrate

By signing this Agreement, you and the Company each agree that all Claims between you and the Company will be exclusively decided by arbitration governed by the Federal Arbitration Act before one NEUTRAL ARBITRATOR AND NOT BY A COURT OR A JURY. In all cases, such arbitration shall be conducted under the most current version of the American Arbitration Association's National Rules for the Resolution of Employment Disputes ("AAA Rules"), and/or such other procedures as the parties both agree in writing. The NEUTRAL ARBITRATOR shall be selected through the American Arbitration Association, unless otherwise agreed to by the parties in writing.

As used in this Agreement, **"Claims"** means all disputes between you and the Company, including but not limited to disputes arising out of or related to your application for employment, your employment by the Company, or your separation from employment with the Company (including any job-related post-separation disputes) and includes any such disputes with current or former supervisors, co-employees, officers, and other employees or agents of the Company, in their capacity as such and otherwise. The term "Claims" includes, but is not limited to, any claim whether arising under federal, state, or local law, under a statute such as Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, and/or the Americans with Disabilities Act, under a rule, under a regulation or under the common law, including, but not limited to any claim of discrimination, sexual harassment, retaliation, defamation, or wrongful discharge. As used in this Agreement, **"Claims"** does not mean disputes related to workers' compensation claims or health benefits, or an assertion that the Company's practice of hiring only females for the position of "Hooters Girl" is illegal and/or must be altered. These matters are not subject to arbitration under this Agreement.

The term **"Claims"** includes claims in equity. However, any party may seek interim equitable relief from a court of competent jurisdiction in order to maintain the status quo of any particular matter.

The terms of this Agreement control over any prior arbitration agreements you may have signed with the Company and any prior discussion you may have had with a Company representative about arbitration.

## Section 2: Arbitrator's Authority

No Arbitrator shall have the power to alter the at-will status of any employee or to impose any limit on the Company's discretion to discipline or discharge any employee, except as otherwise provided by law. This Agreement shall not be construed to deprive a party of a substantive right preserved by law. To the extent possible, the Arbitrator will refer to and use the Federal Rules of Evidence and Federal Rules of Civil Procedure on issues not specifically covered by the AAA Rules.

## Section 3: Starting Arbitration

Either party to this Agreement may initiate arbitration by delivering a written request to arbitrate to the American Arbitration Association, listing the Claim(s) to be arbitrated. A copy of the written request must also be served on the other party by hand delivery or by certified mail. Requests to the Company shall be sent to Hooters of America, Inc.'s Office of General Counsel at 1815 The Exchange, Atlanta, Georgia 30339. Requests to you shall be delivered to your legal counsel, if known, or to your last known home address on file with the Company. Either party may notify the other party of a change of address by sending the other party written notification by hand delivery or certified mail.

## Section 4: Time Limits for Initiating a Claim

For those causes of action where a charge or complaint filed with a government agency is a necessary prerequisite to filing a lawsuit, such filing prerequisite is hereby waived and a claim shall be processed so long as that claim is filed with the American Arbitration Association and served on the other party as set forth below within the time limits established by law for the filing of such charge or complaint with a government agency in the appropriate geographic jurisdiction. Except as modified in this Section, the time limits for initiating a Claim shall be the time limits provided in law for the specific legal claim, dispute or cause of action brought by an employee against the Company.

## Section 5: Dispositive Motions

Either party shall have the right to file a dispositive motion with the Arbitrator, including a motion to dismiss and a motion for summary judgment. These motions shall be heard and ruled upon by the Arbitrator at least sixty (60) days prior to any hearing on the claims being held.

## Section 6: Appeals

Either party may bring an action in any court of competent jurisdiction to enforce an arbitration award. A party opposing enforcement of an award may bring a separate action in any court of competent jurisdiction to set aside the award, where the standard of review will be the same as that applied by an appellate court reviewing a decision of a trial court sitting without a jury.

## Section 7: Supersedes Any Prior Agreement

This Agreement shall supersede any and all prior arbitration agreements that may have been entered into by the parties.

I have carefully read this Agreement and I knowingly and voluntarily sign this Agreement and acknowledge that I have been given the opportunity to consult an attorney before signing. I acknowledge that this Agreement contains the entire agreement between myself and the Company regarding arbitration, and that I have not relied upon any additional terms or statements by any manager, employee, or agent of the Company in deciding to sign this Agreement.

_C. Holmberry_
Your Signature

_Ciara Levenberry_
Your Printed Name

© Hooters of America, Inc. 2008

_5-4-09_
Date of Your Signature

___9813___
Your Social Security Number

*This Agreement has already been agreed to by the CEO/President of Hooters of America, Inc., and its subsidiaries.*

NOTE: If you fail to sign this Agreement, your continued employment with Hooters of America, Inc. establishes your agreement to the terms of this Agreement.

## NOTICE TO APPLICANTS

IN ORDER TO BE EMPLOYED BY HOOTERS OF AMERICA, INC. OR ITS SUBSIDIARIES, YOU WILL BE REQUIRED TO EXECUTE THE HOOTERS OF AMERICA, INC. AGREEMENT TO ARBITRATE. ARBITRATION WILL BE CONDUCTED IN ACCORDANCE WITH THE AMERICAN ARBITRATION ASSOCIATION'S NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES.

IF YOU WANT A COPY OF THE AMERICAN ARBITRATION ASSOCIATION'S NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES, A COPY WILL BE PROVIDED TO YOU, AT NO CHARGE, UPON REQUEST OF THE GENERAL MANAGER OF THE LOCATION AT WHICH YOU ARE APPLYING.

PLEASE NOTE THAT THE AMERICAN ARBITRATION ASSOCIATION MAY REVISE ITS NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES, THEREFORE IT IS YOUR RESPONSIBILITY TO INSURE THAT YOU HAVE OBTAINED THE MOST CURRENT VERSION OF THE NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES.

You can obtain the most current version of the American Arbitration Association's National Rules for the Resolution of Employment Disputes or information regarding the American Arbitration Association at the following addresses:

America Arbitration Association
Corporate Headquarters
335 Madison Avenue, 10th floor
New York, New York 10017-4605
Phone: 212-716-5800
Fax: 212-716-5905
800-778-7879 Customer Service

Website: *WWW.ADR.ORG*

Email: *CustomerService@adr.org*

## HOOTERS OF AMERICA, INC. AGREEMENT TO ARBITRATE

This Agreement requires you to arbitrate any legal dispute related to your application for employment or your employment or the termination of your employment with Hooters of America, Inc., and its subsidiaries and affiliates, as defined in the Agreement below. Hooters of America, Inc., and its subsidiaries and affiliates, as defined in the Agreement below will not consider your application unless this Agreement is signed. This Agreement to arbitrate affects your rights to a trial by a jury. You may wish to seek legal advice before signing this Agreement to arbitrate.

**Section 1:     Duty to Arbitrate**

By signing this Agreement, you and the Company each agree that all Claims between you and the Company shall be exclusively decided by arbitration governed by the Federal Arbitration Act before one or more NEUTRAL ARBITRATORS AND NOT BY A COURT OR A JURY. In all cases, such arbitration shall be final and binding and conducted under the most current version of the American Arbitration Association's National Rules for the Resolution of Employment Disputes, and/or such other procedures as the parties both agree in writing. The NEUTRAL ARBITRATOR(S) shall be selected through the American Arbitration Association, or as otherwise agreed to by the parties in writing.

As used above, "**Claims**" means all disputes arising out of or related to your application for employment, your employment by the Company, or your separation from employment with the Company. The term "**Claims**" includes, but is not limited to, any claim whether arising under federal, state, or local law, under a statute such as Title VII of the Civil Rights Act of 1964, under a rule, under a regulation or under the common law, including, but not limited **ANY CLAIM OF DISCRIMINATION, SEXUAL HARASSMENT, RETALIATION, OR WRONGFUL DISCHARGE.**

As used above, "**Claims**" does not mean disputes related to workers' compensation claims or health benefits, or an assertion that the Company's practice of hiring only females for the position of "Hooters Girl" is illegal and/or must be altered. These matters are not subject to arbitration under this Agreement.

The terms of this Agreement control over any prior arbitration agreements you may have signed with the Company and any prior discussion you may have had with a Company representative about arbitration.

**Section 2:     Arbitrators' Authority**

No Arbitrator shall have the power to alter the at-will status of any employee or to impose any limit on the Company's discretion to discipline or discharge any employee, except as otherwise provided by law. This Agreement shall not be construed to deprive a party of a substantive right preserved by law. Federal law on evidentiary privileges shall be applied in all arbitration proceedings.

**Section 3:     Starting Arbitration**

Either party may initiate arbitration by delivering a written request to arbitrate to the other party listing the Claim(s) to be arbitrated. Requests to the Company shall be delivered to Hooters of America, Inc.'s Office of General Counsel at the corporate office in Atlanta, Georgia. Requests to the you shall be delivered to your legal counsel, if known, or to your last known home address.

**Section 4:     Definition of Company**

As used in this Agreement, the term "**Company**" means Hooters of America, Inc., its subsidiaries (including, but limited to, all Hooters® restaurants owned or operated by Hooters of America, Inc.) and its affiliates.

_Chantel Martin_ ............. 08/07/08
Your Signature ............................ Date of Your Signature

_Chant'l Martin_ .............. ▓▓▓▓-__-4205
Your Printed Name ................... Your Social Security Number

*Agreed to by the President of Hooters of America, Inc, its subsidiaries and its affiliates*

© Hooters of America, Inc. 2001

*NOTICE TO APPLICANTS*

**IN ORDER TO BE EMPLOYED BY HOOTERS OF AMERICA, INC. ITS SUBSIDIARIES OR ITS AFFILIATES, YOU WILL BE REQUIRED TO EXECUTE THE HOOTERS OF AMERICA, INC. AGREEMENT TO ARBITRATE. ARBITRATION WILL BE CONDUCTED IN ACCORDANCE WITH THE AMERICAN ARBITRATION ASSOCIATION'S NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES.**

**IF YOU WANT A COPY OF THE AMERICAN ARBITRATION ASSOCIATION'S NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES, A COPY WILL BE PROVIDED TO YOU, AT NO CHARGE, UPON REQUEST OF THE GENERAL MANAGER OF THE LOCATION AT WHICH YOU ARE APPLYING.**

**PLEASE NOTE THAT THE AMERICAN ARBITRATION ASSOCIATION MAY REVISE ITS NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES, THEREFORE IT IS YOUR RESPONSIBILITY TO INSURE THAT YOU HAVE OBTAINED THE MOST CURRENT VERSION OF THE NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES.**

You can obtain the most current version of the American Arbitration Association's National Rules for the Resolution of Employment Disputes or information regarding the American Arbitration Association at the following addresses:

America Arbitration Association
Corporate Headquarters
335 Madison Avenue, 10th floor
New York, New York 10017-4605
Phone: 212-716-5800
Fax: 212-716-5905
800-778-7879 Customer Service

Website: *WWW.ADR.ORG*

Email: *CustomerService@adr.org*

# HOOTERS OF AMERICA, INC. AGREEMENT TO ARBITRATE

**This Agreement requires you to arbitrate any legal dispute related to your application for employment or your employment or the termination of your employment with Hooters of America, Inc., and its subsidiaries and affiliates, as defined in the Agreement below. Hooters of America, Inc., and its subsidiaries and affiliates, as defined in the Agreement below will not consider your application unless this Agreement is signed. This Agreement to arbitrate affects your rights to a trial by a jury. You may wish to seek legal advice before signing this Agreement to arbitrate.**

**Section 1:**      **Duty to Arbitrate**

By signing this Agreement, you and the Company each agree that all Claims between you and the Company shall be exclusively decided by arbitration governed by the Federal Arbitration Act before one or more NEUTRAL ARBITRATORS AND NOT BY A COURT OR A JURY. In all cases, such arbitration shall be final and binding and conducted under the most current version of the American Arbitration Association's National Rules for the Resolution of Employment Disputes, and/or such other procedures as the parties both agree in writing. The NEUTRAL ARBITRATOR(S) shall be selected through the American Arbitration Association, or as otherwise agreed to by the parties in writing.

As used above, "Claims" means all disputes arising out of or related to your application for employment, your employment by the Company, or your separation from employment with the Company. The term "Claims" includes, but is not limited to, any claim whether arising under federal, state, or local law, under a statute such as Title VII of the Civil Rights Act of 1964, under a rule, under a regulation or under the common law, including, but not limited ANY CLAIM OF DISCRIMINATION, SEXUAL HARASSMENT, RETALIATION, OR WRONGFUL DISCHARGE.

As used above, "Claims" does not mean disputes related to workers' compensation claims or health benefits, or an assertion that the Company's practice of hiring only females for the position of "Hooters Girl" is illegal and/or must be altered. These matters are not subject to arbitration under this Agreement.

The terms of this Agreement control over any prior arbitration agreements you may have signed with the Company and any prior discussion you may have had with a Company representative about arbitration.

**Section 2:**      **Arbitrators' Authority**

No Arbitrator shall have the power to alter the at-will status of any employee or to impose any limit on the Company's discretion to discipline or discharge any employee, except as otherwise provided by law. This Agreement shall not be construed to deprive a party of a substantive right preserved by law. Federal law on evidentiary privileges shall be applied in all arbitration proceedings.

**Section 3:**      **Starting Arbitration**

Either party may initiate arbitration by delivering a written request to arbitrate to the other party listing the Claim(s) to be arbitrated. Requests to the Company shall be delivered to Hooters of America, Inc.'s Office of General Counsel at the corporate office in Atlanta, Georgia. Requests to the you shall be delivered to your legal counsel, if known, or to your last known home address.

**Section 4:**      **Definition of Company**

As used in this Agreement, the term **"Company"** means Hooters of America, Inc., its subsidiaries (including, but limited to, all Hooters® restaurants owned or operated by Hooters of America, Inc.) and its affiliates.

| | | |
|---|---|---|
| _Chantel Martin_ | _08-11-2008_ | *Agreed to by the President of* |
| Your Signature | Date of Your Signature | *Hooters of America, Inc, its* |
| _Chantl Martin_ | | *subsidiaries and its affiliates* |
| Your Printed Name | Your Social Security Number | |

© *Hooters of America, Inc. 2003*

Form: HR-HRLYAgree2Arb

# HOOTERS OF AMERICA, INC. AGREEMENT TO ARBITRATE

**This Agreement requires you to arbitrate any legal dispute related to your application for employment or your employment or the termination of your employment with Hooters of America, Inc., and its subsidiaries and affiliates, as defined in the Agreement below. Hooters of America, Inc., and its subsidiaries and affiliates, as defined in the Agreement below will not consider your application unless this Agreement is signed. This Agreement to arbitrate affects your rights to a trial by a jury. You may wish to seek legal advice before signing this Agreement to arbitrate.**

**Section 1:      Duty to Arbitrate**

By signing this Agreement, you and the Company each agree that all Claims between you and the Company shall be exclusively decided by arbitration governed by the Federal Arbitration Act before one or more NEUTRAL ARBITRATORS AND NOT BY A COURT OR A JURY. In all cases, such arbitration shall be final and binding and conducted under the most current version of the American Arbitration Association's National Rules for the Resolution of Employment Disputes, and/or such other procedures as the parties both agree in writing. The NEUTRAL ARBITRATOR(S) shall be selected through the American Arbitration Association, or as otherwise agreed to by the parties in writing.

As used above, **"Claims"** means all disputes arising out of or related to your application for employment, your employment by the Company, or your separation from employment with the Company. The term **"Claims"** includes, but is not limited to, any claim whether arising under federal, state, or local law, under a statute such as Title VII of the Civil Rights Act of 1964, under a rule, under a regulation or under the common law, including, but not limited ANY CLAIM OF DISCRIMINATION, SEXUAL HARASSMENT, RETALIATION, OR WRONGFUL DISCHARGE.

As used above, **"Claims"** does not mean disputes related to workers' compensation claims or health benefits, or an assertion that the Company's practice of hiring only females for the position of "Hooters Girl" is illegal and/or must be altered. These matters are not subject to arbitration under this Agreement.

The terms of this Agreement control over any prior arbitration agreements you may have signed with the Company and any prior discussion you may have had with a Company representative about arbitration.

**Section 2: Arbitrators' Authority**

No Arbitrator shall have the power to alter the at-will status of any employee or to impose any limit on the Company's discretion to discipline or discharge any employee, except as otherwise provided by law. This Agreement shall not be construed to deprive a party of a substantive right preserved by law. Federal law on evidentiary privileges shall be applied in all arbitration proceedings.

**Section 3: Starting Arbitration**

Either party may initiate arbitration by delivering a written request to arbitrate to the other party listing the Claim(s) to be arbitrated. Requests to the Company shall be delivered to Hooters of America, Inc.'s Office of General Counsel at the corporate office in Atlanta, Georgia. Requests to the you shall be delivered to your legal counsel, if known, or to your last known home address.

**Section 4: Definition of Company**

As used in this Agreement, the term **"Company"** means Hooters of America, Inc., its subsidiaries (including, but limited to, all Hooters® restaurants owned or operated by Hooters of America, Inc.) and its affiliates.

| | | |
|---|---|---|
| _____ | \_\_10/11/07\_\_ | *Agreed to by the President of* |
| Your Signature | Date of Your Signature | *Hooters of America, Inc, its* |
| Aimee Miller | ████████-9427 | *subsidiaries and its affiliates* |
| Your Printed Name | Your Social Security Number | |

© *Hooters of America, Inc. 2003*

### *NOTICE TO APPLICANTS*

IN ORDER TO BE EMPLOYED BY HOOTERS OF AMERICA, INC. ITS SUBSIDIARIES OR ITS AFFILIATES, YOU WILL BE REQUIRED TO EXECUTE THE HOOTERS OF AMERICA, INC. AGREEMENT TO ARBITRATE.   ARBITRATION WILL BE CONDUCTED IN ACCORDANCE WITH THE AMERICAN ARBITRATION ASSOCIATION'S NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES.

IF YOU WANT A COPY OF THE AMERICAN ARBITRATION ASSOCIATION'S NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES, A COPY WILL BE PROVIDED TO YOU, AT NO CHARGE, UPON REQUEST OF THE GENERAL MANAGER OF THE LOCATION AT WHICH YOU ARE APPLYING.

PLEASE NOTE THAT THE AMERICAN ARBITRATION ASSOCIATION MAY REVISE ITS NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES, THEREFORE IT IS YOUR RESPONSIBILITY TO INSURE THAT YOU HAVE OBTAINED THE MOST CURRENT VERSION OF THE NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES.

You can obtain the most current version of the American Arbitration Association's National Rules for the Resolution of Employment Disputes or information regarding the American Arbitration Association at the following addresses:

America Arbitration Association
Corporate Headquarters
335 Madison Avenue, 10th floor
New York, New York 10017-4605
Phone: 212-716-5800
Fax: 212-716-5905
800-778-7879 Customer Service

Website: *WWW.ADR.ORG*

Email: *CustomerService@adr.org*

## HOOTERS OF AMERICA, INC. AGREEMENT TO ARBITRATE

This Agreement requires you to arbitrate any legal dispute related to your application for employment or your employment or the termination of your employment with Hooters of America, Inc., and its subsidiaries and affiliates, as defined in the Agreement below. Hooters of America, Inc., and its subsidiaries and affiliates, as defined in the Agreement below will not consider your application unless this Agreement is signed. This Agreement to arbitrate affects your rights to a trial by a jury. You may wish to seek legal advice before signing this Agreement to arbitrate.

**Section 1:**      **Duty to Arbitrate**

By signing this Agreement, you and the Company each agree that all Claims between you and the Company shall be exclusively decided by arbitration governed by the Federal Arbitration Act before one or more NEUTRAL ARBITRATORS AND NOT BY A COURT OR A JURY. In all cases, such arbitration shall be final and binding and conducted under the most current version of the American Arbitration Association's National Rules for the Resolution of Employment Disputes, and/or such other procedures as the parties both agree in writing. The NEUTRAL ARBITRATOR(S) shall be selected through the American Arbitration Association, or as otherwise agreed to by the parties in writing.

As used above, "**Claims**" means all disputes arising out of or related to your application for employment, your employment by the Company, or your separation from employment with the Company. The term "Claims" includes, but is not limited to, any claim whether arising under federal, state, or local law, under a statute such as Title VII of the Civil Rights Act of 1964, under a rule, under a regulation or under the common law, including, but not limited **ANY CLAIM OF DISCRIMINATION, SEXUAL HARASSMENT, RETALIATION, OR WRONGFUL DISCHARGE.**

As used above, "**Claims**" does not mean disputes related to workers' compensation claims or health benefits, or an assertion that the Company's practice of hiring only females for the position of "Hooters Girl" is illegal and/or must be altered. These matters are not subject to arbitration under this Agreement.

The terms of this Agreement control over any prior arbitration agreements you may have signed with the Company and any prior discussion you may have had with a Company representative about arbitration.

**Section 2:**      **Arbitrators' Authority**

No Arbitrator shall have the power to alter the at-will status of any employee or to impose any limit on the Company's discretion to discipline or discharge any employee, except as otherwise provided by law. This Agreement shall not be construed to deprive a party of a substantive right preserved by law. Federal law on evidentiary privileges shall be applied in all arbitration proceedings.

**Section 3:**      **Starting Arbitration**

Either party may initiate arbitration by delivering a written request to arbitrate to the other party listing the Claim(s) to be arbitrated. Requests to the Company shall be delivered to Hooters of America, Inc.'s Office of General Counsel at the corporate office in Atlanta, Georgia. Requests to the you shall be delivered to your legal counsel, if known, or to your last known home address.

**Section 4:**      **Definition of Company**

As used in this Agreement, the term "**Company**" means Hooters of America, Inc., its subsidiaries (including, but limited to, all Hooters® restaurants owned or operated by Hooters of America, Inc.) and its affiliates.

| | | |
|---|---|---|
| *Alise Newhouse* | 4/1/09 | *Agreed to by the President of* |
| Your Signature | Date of Your Signature | *Hooters of America, Inc, its* |
| *Ahlse Newhousi* | ▮▮▮▮▮▮▮7398 | *subsidiaries and its affiliates* |
| Your Printed Name | Your Social Security Number | |

© Hooters of America, Inc. 2001

*NOTICE TO APPLICANTS*

**IN ORDER TO BE EMPLOYED BY HOOTERS OF AMERICA, INC. ITS SUBSIDIARIES OR ITS AFFILIATES, YOU WILL BE REQUIRED TO EXECUTE THE HOOTERS OF AMERICA, INC. AGREEMENT TO ARBITRATE.   ARBITRATION WILL BE CONDUCTED IN ACCORDANCE WITH THE AMERICAN ARBITRATION ASSOCIATION'S NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES.**

**IF YOU WANT A COPY OF THE AMERICAN ARBITRATION ASSOCIATION'S NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES, A COPY WILL BE PROVIDED TO YOU, AT NO CHARGE, UPON REQUEST OF THE GENERAL MANAGER OF THE LOCATION AT WHICH YOU ARE APPLYING.**

**PLEASE NOTE THAT THE AMERICAN ARBITRATION ASSOCIATION MAY REVISE ITS NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES, THEREFORE IT IS YOUR RESPONSIBILITY TO INSURE THAT YOU HAVE OBTAINED THE MOST CURRENT VERSION OF THE NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES.**

You can obtain the most current version of the American Arbitration Association's National Rules for the Resolution of Employment Disputes or information regarding the American Arbitration Association at the following addresses:

America Arbitration Association
Corporate Headquarters
335 Madison Avenue, 10th floor
New York, New York 10017-4605
Phone: 212-716-5800
Fax: 212-716-5905
800-778-7879 Customer Service

Website: *WWW.ADR.ORG*

Email: *CustomerService@adr.org*

# HOOTERS OF AMERICA, INC. AGREEMENT TO ARBITRATE

> **This Agreement requires you to arbitrate any legal dispute related to your application for employment or your employment or the termination of your employment with Hooters of America, Inc., and its subsidiaries and affiliates, as defined in the Agreement below. Hooters of America, Inc., and its subsidiaries and affiliates, as defined in the Agreement below will not consider your application unless this Agreement is signed. This Agreement to arbitrate affects your rights to a trial by a jury. You may wish to seek legal advice before signing this Agreement to arbitrate.**

**Section 1:**      **Duty to Arbitrate**

By signing this Agreement, you and the Company each agree that all Claims between you and the Company shall be exclusively decided by arbitration governed by the Federal Arbitration Act before one or more NEUTRAL ARBITRATORS AND NOT BY A COURT OR A JURY. In all cases, such arbitration shall be final and binding and conducted under the most current version of the American Arbitration Association's National Rules for the Resolution of Employment Disputes, and/or such other procedures as the parties both agree in writing. The NEUTRAL ARBITRATOR(S) shall be selected through the American Arbitration Association, or as otherwise agreed to by the parties in writing.

As used above, **"Claims"** means all disputes arising out of or related to your application for employment, your employment by the Company, or your separation from employment with the Company. The term **"Claims"** includes, but is not limited to, any claim whether arising under federal, state, or local law, under a statute such as Title VII of the Civil Rights Act of 1964, under a rule, under a regulation or under the common law, including, but not limited ANY CLAIM OF DISCRIMINATION, SEXUAL HARASSMENT, RETALIATION, OR WRONGFUL DISCHARGE.

As used above, **"Claims"** does not mean disputes related to workers' compensation claims or health benefits, or an assertion that the Company's practice of hiring only females for the position of "Hooters Girl" is illegal and/or must be altered. These matters are not subject to arbitration under this Agreement.

The terms of this Agreement control over any prior arbitration agreements you may have signed with the Company and any prior discussion you may have had with a Company representative about arbitration.

**Section 2:**      **Arbitrators' Authority**

No Arbitrator shall have the power to alter the at-will status of any employee or to impose any limit on the Company's discretion to discipline or discharge any employee, except as otherwise provided by law. This Agreement shall not be construed to deprive a party of a substantive right preserved by law. Federal law on evidentiary privileges shall be applied in all arbitration proceedings.

**Section 3:**      **Starting Arbitration**

Either party may initiate arbitration by delivering a written request to arbitrate to the other party listing the Claim(s) to be arbitrated. Requests to the Company shall be delivered to Hooters of America, Inc.'s Office of General Counsel at the corporate office in Atlanta, Georgia. Requests to the you shall be delivered to your legal counsel, if known, or to your last known home address.

**Section 4:**      **Definition of Company**

As used in this Agreement, the term **"Company"** means Hooters of America, Inc., its subsidiaries (including, but limited to, all Hooters® restaurants owned or operated by Hooters of America, Inc.) and its affiliates.

Your Signature

Your Printed Name: Alicia Rodrigo

© Hooters of America, Inc. 2001

Date of Your Signature: 08.11.08

Your Social Security Number: ████5735

*Agreed to by the President of Hooters of America, Inc, its subsidiaries and its affiliates*

## NOTICE TO APPLICANTS

IN ORDER TO BE EMPLOYED BY HOOTERS OF AMERICA, INC. ITS SUBSIDIARIES OR ITS AFFILIATES, YOU WILL BE REQUIRED TO EXECUTE THE HOOTERS OF AMERICA, INC. AGREEMENT TO ARBITRATE.   ARBITRATION WILL BE CONDUCTED IN ACCORDANCE WITH THE AMERICAN ARBITRATION ASSOCIATION'S NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES.

IF YOU WANT A COPY OF THE AMERICAN ARBITRATION ASSOCIATION'S NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES, A COPY WILL BE PROVIDED TO YOU, AT NO CHARGE, UPON REQUEST OF THE GENERAL MANAGER OF THE LOCATION AT WHICH YOU ARE APPLYING.

PLEASE NOTE THAT THE AMERICAN ARBITRATION ASSOCIATION MAY REVISE ITS NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES, THEREFORE IT IS YOUR RESPONSIBILITY TO INSURE THAT YOU HAVE OBTAINED THE MOST CURRENT VERSION OF THE NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES.

You can obtain the most current version of the American Arbitration Association's National Rules for the Resolution of Employment Disputes or information regarding the American Arbitration Association at the following addresses:

America Arbitration Association
Corporate Headquarters
335 Madison Avenue, 10th floor
New York, New York 10017-4605
Phone: 212-716-5800
Fax: 212-716-5905
800-778-7879 Customer Service

Website: *WWW.ADR.ORG*

Email: *CustomerService@adr.org*

## HOOTERS OF AMERICA, INC. AGREEMENT TO ARBITRATE

> **This Agreement requires you to arbitrate any legal dispute related to your application for employment or your employment or the termination of your employment with Hooters of America, Inc., and its subsidiaries and affiliates, as defined in the Agreement below. Hooters of America, Inc., and its subsidiaries and affiliates, as defined in the Agreement below will not consider your application unless this Agreement is signed. This Agreement to arbitrate affects your rights to a trial by a jury. You may wish to seek legal advice before signing this Agreement to arbitrate.**

**Section 1:**      **Duty to Arbitrate**

By signing this Agreement, you and the Company each agree that all Claims between you and the Company shall be exclusively decided by arbitration governed by the Federal Arbitration Act before one or more NEUTRAL ARBITRATORS AND NOT BY A COURT OR A JURY. In all cases, such arbitration shall be final and binding and conducted under the most current version of the American Arbitration Association's National Rules for the Resolution of Employment Disputes, and/or such other procedures as the parties both agree in writing. The NEUTRAL ARBITRATOR(S) shall be selected through the American Arbitration Association, or as otherwise agreed to by the parties in writing.

As used above, **"Claims"** means all disputes arising out of or related to your application for employment, your employment by the Company, or your separation from employment with the Company. The term **"Claims"** includes, but is not limited to, any claim whether arising under federal, state, or local law, under a statute such as Title VII of the Civil Rights Act of 1964, under a rule, under a regulation or under the common law, including, but not limited **ANY CLAIM OF DISCRIMINATION, SEXUAL HARASSMENT, RETALIATION, OR WRONGFUL DISCHARGE.**

As used above, **"Claims"** does not mean disputes related to workers' compensation claims or health benefits, or an assertion that the Company's practice of hiring only females for the position of "Hooters Girl" is illegal and/or must be altered. These matters are not subject to arbitration under this Agreement.

The terms of this Agreement control over any prior arbitration agreements you may have signed with the Company and any prior discussion you may have had with a Company representative about arbitration.

**Section 2: Arbitrators' Authority**

No Arbitrator shall have the power to alter the at-will status of any employee or to impose any limit on the Company's discretion to discipline or discharge any employee, except as otherwise provided by law. This Agreement shall not be construed to deprive a party of a substantive right preserved by law. Federal law on evidentiary privileges shall be applied in all arbitration proceedings.

**Section 3: Starting Arbitration**

Either party may initiate arbitration by delivering a written request to arbitrate to the other party listing the Claim(s) to be arbitrated. Requests to the Company shall be delivered to Hooters of America, Inc.'s Office of General Counsel at the corporate office in Atlanta, Georgia. Requests to the you shall be delivered to your legal counsel, if known, or to your last known home address.

**Section 4: Definition of Company**

As used in this Agreement, the term **"Company"** means Hooters of America, Inc., its subsidiaries (including, but limited to, all Hooters® restaurants owned or operated by Hooters of America, Inc.) and its affiliates.

| | |
|---|---|
| _JVMSillah_ | _5. 19. 01_ |
| Your Signature | Date of Your Signature |
| _Fanta Svllah_ | ████████ _26761_ |
| Your Printed Name | Your Social Security Number |

© Hooters of America, Inc., 2003

*Agreed to by the President of Hooters of America, Inc, its subsidiaries and its affiliates*

### NOTICE TO APPLICANTS

IN ORDER TO BE EMPLOYED BY HOOTERS OF AMERICA, INC. ITS SUBSIDIARIES OR ITS AFFILIATES, YOU WILL BE REQUIRED TO EXECUTE THE HOOTERS OF AMERICA, INC. AGREEMENT TO ARBITRATE. ARBITRATION WILL BE CONDUCTED IN ACCORDANCE WITH THE AMERICAN ARBITRATION ASSOCIATION'S NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES.

IF YOU WANT A COPY OF THE AMERICAN ARBITRATION ASSOCIATION'S NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES, A COPY WILL BE PROVIDED TO YOU, AT NO CHARGE, UPON REQUEST OF THE GENERAL MANAGER OF THE LOCATION AT WHICH YOU ARE APPLYING.

PLEASE NOTE THAT THE AMERICAN ARBITRATION ASSOCIATION MAY REVISE ITS NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES, THEREFORE IT IS YOUR RESPONSIBILITY TO INSURE THAT YOU HAVE OBTAINED THE MOST CURRENT VERSION OF THE NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES.

You can obtain the most current version of the American Arbitration Association's National Rules for the Resolution of Employment Disputes or information regarding the American Arbitration Association at the following addresses:

America Arbitration Association
Corporate Headquarters
335 Madison Avenue, 10th floor
New York, New York 10017-4605
Phone: 212-716-5800
Fax: 212-716-5905
800-778-7879 Customer Service

Website: *WWW.ADR.ORG*

Email: *CustomerService@adr.org*

# HOOTERS OF AMERICA, INC.'S AGREEMENT TO ARBITRATE

This Agreement requires you to arbitrate any legal dispute with the Company, which means Hooters of America, Inc. and its subsidiaries (including but not limited to all Hooters® restaurants owned or operated by Hooters of America, Inc.), and their current and former employees, officers, and agents in their capacity as such or otherwise. The Company will not consider your application unless this Agreement is signed. This Agreement to arbitrate affects your rights to a trial by a jury. You may wish to seek legal advice before signing this Agreement to arbitrate.

### Section 1: Duty to Arbitrate

By signing this Agreement, you and the Company each agree that all Claims between you and the Company will be exclusively decided by arbitration governed by the Federal Arbitration Act before one NEUTRAL ARBITRATOR AND NOT BY A COURT OR A JURY. In all cases, such arbitration shall be conducted under the most current version of the American Arbitration Association's National Rules for the Resolution of Employment Disputes ("AAA Rules"), and/or such other procedures as the parties both agree in writing. The NEUTRAL ARBITRATOR shall be selected through the American Arbitration Association, unless otherwise agreed to by the parties in writing.

As used in this Agreement, "Claims" means all disputes between you and the Company, including but not limited to disputes arising out of or related to your application for employment, your employment by the Company, or your separation from employment with the Company (including any job-related post-separation disputes) and includes any such disputes with current or former supervisors, co-employees, officers, and other employees or agents of the Company, in their capacity as such and otherwise. The term "Claims" includes, but is not limited to, any claim whether arising under federal, state, or local law, under a statute such as Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, and/or the Americans with Disabilities Act, under a rule, under a regulation or under the common law, including, but not limited to any claim of discrimination, sexual harassment, retaliation, defamation, or wrongful discharge. As used in this Agreement, "Claims" does not mean disputes related to workers' compensation claims or health benefits, or an assertion that the Company's practice of hiring only females for the position of "Hooters Girl" is illegal and/or must be altered. These matters are not subject to arbitration under this Agreement.

The term "Claims" includes claims in equity. However, any party may seek interim equitable relief from a court of competent jurisdiction in order to maintain the status quo of any particular matter.

The terms of this Agreement control over any prior arbitration agreements you may have signed with the Company and any prior discussion you may have had with a Company representative about arbitration.

### Section 2: Arbitrator's Authority

No Arbitrator shall have the power to alter the at-will status of any employee or to impose any limit on the Company's discretion to discipline or discharge any employee, except as otherwise provided by law. This Agreement shall not be construed to deprive a party of a substantive right preserved by law. To the extent possible, the Arbitrator will refer to and use the Federal Rules of Evidence and Federal Rules of Civil Procedure on issues not specifically covered by the AAA Rules.

### Section 3: Starting Arbitration

Either party to this Agreement may initiate arbitration by delivering a written request to arbitrate to the American Arbitration Association, listing the Claim(s) to be arbitrated. A copy of the written request must also be served on the other party by hand delivery or by certified mail. Requests to the Company shall be sent to Hooters of America, Inc.'s Office of General Counsel at 1815 The Exchange, Atlanta, Georgia 30339. Requests to you shall be delivered to your legal counsel, if known, or to your last known home address on file with the Company. Either party may notify the other party of a change of address by sending the other party written notification by hand delivery or certified mail.

### Section 4: Time Limits for Initiating a Claim

For those causes of action where a charge or complaint filed with a government agency is a necessary prerequisite to filing a lawsuit, such filing prerequisite is hereby waived and a claim shall be processed so long as that claim is filed with the American Arbitration Association and served on the other party as set forth below within the time limits established by law for the filing of such charge or complaint with a government agency in the appropriate geographic jurisdiction. Except as modified in this Section, the time limits for initiating a Claim shall be the time limits provided in law for the specific legal claim, dispute or cause of action brought by an employee against the Company.

### Section 5: Dispositive Motions

Either party shall have the right to file a dispositive motion with the Arbitrator, including a motion to dismiss and a motion for summary judgment. These motions shall be heard and ruled upon by the Arbitrator at least sixty (60) days prior to any hearing on the claims being held.

### Section 6: Appeals

Either party may bring an action in any court of competent jurisdiction to enforce an arbitration award. A party opposing enforcement of an award may bring a separate action in any court of competent jurisdiction to set aside the award, where the standard of review will be the same as that applied by an appellate court reviewing a decision of a trial court sitting without a jury.

### Section 7: Supersedes Any Prior Agreement

This Agreement shall supersede any and all prior arbitration agreements that may have been entered into by the parties.

I have carefully read this Agreement and I knowingly and voluntarily sign this Agreement and acknowledge that I have been given the opportunity to consult an attorney before signing. I acknowledge that this Agreement contains the entire agreement between myself and the Company regarding arbitration, and that I have not relied upon any additional terms or statements by any manager, employee, or agent of the Company in deciding to sign this Agreement.

| | | |
|---|---|---|
| _(signature)_ | _(signature)_ 9/9/8 | **This Agreement has already been agreed to by the CEO/President of Hooters of America, Inc., and its subsidiaries.** |
| Your Signature | Date of Your Signature | |
| TYRIA STING | 8798 | |
| Your Printed Name | Your Social Security Number | |

© Hooters of America, Inc. 2008

NOTE: If you fail to sign this Agreement, your continued employment with Hooters of America, Inc. establishes your agreement to the terms of this Agreement.

# HOOTERS OF AMERICA, INC. AGREEMENT TO ARBITRATE

**This Agreement requires you to arbitrate any legal dispute related to your application for employment or your employment or the termination of your employment with Hooters of America, Inc., and its subsidiaries and affiliates, as defined in the Agreement below. Hooters of America, Inc., and its subsidiaries and affiliates, as defined in the Agreement below will not consider your application unless this Agreement is signed. This Agreement to arbitrate affects your rights to a trial by a jury. You may wish to seek legal advice before signing this Agreement to arbitrate.**

**Section 1:       Duty to Arbitrate**

By signing this Agreement, you and the Company each agree that all Claims between you and the Company shall be exclusively decided by arbitration governed by the Federal Arbitration Act before one or more NEUTRAL ARBITRATORS AND NOT BY A COURT OR A JURY. In all cases, such arbitration shall be final and binding and conducted under the most current version of the American Arbitration Association's National Rules for the Resolution of Employment Disputes, and/or such other procedures as the parties both agree in writing. The NEUTRAL ARBITRATOR(S) shall be selected through the American Arbitration Association, or as otherwise agreed to by the parties in writing.

As used above, **"Claims"** means all disputes arising out of or related to your application for employment, your employment by the Company, or your separation from employment with the Company. The term **"Claims"** includes, but is not limited to, any claim whether arising under federal, state, or local law, under a statute such as Title VII of the Civil Rights Act of 1964, under a rule, under a regulation or under the common law, including, but not limited **ANY CLAIM OF DISCRIMINATION, SEXUAL HARASSMENT, RETALIATION, OR WRONGFUL DISCHARGE.**

As used above, **"Claims"** does not mean disputes related to workers' compensation claims or health benefits, or an assertion that the Company's practice of hiring only females for the position of "Hooters Girl" is illegal and/or must be altered. These matters are not subject to arbitration under this Agreement.

The terms of this Agreement control over any prior arbitration agreements you may have signed with the Company and any prior discussion you may have had with a Company representative about arbitration.

**Section 2: Arbitrators' Authority**

No Arbitrator shall have the power to alter the at-will status of any employee or to impose any limit on the Company's discretion to discipline or discharge any employee, except as otherwise provided by law. This Agreement shall not be construed to deprive a party of a substantive right preserved by law. Federal law on evidentiary privileges shall be applied in all arbitration proceedings.

**Section 3: Starting Arbitration**

Either party may initiate arbitration by delivering a written request to arbitrate to the other party listing the Claim(s) to be arbitrated. Requests to the Company shall be delivered to Hooters of America, Inc.'s Office of General Counsel at the corporate office in Atlanta, Georgia. Requests to the you shall be delivered to your legal counsel, if known, or to your last known home address.

**Section 4: Definition of Company**

As used in this Agreement, the term **"Company"** means Hooters of America, Inc., its subsidiaries (including, but limited to, all Hooters® restaurants owned or operated by Hooters of America, Inc.) and its affiliates.

| | | |
|---|---|---|
| _____ | 5/12/09 | *Agreed to by the President of* |
| Your Signature | Date of Your Signature | *Hooters of America, Inc, its* |
| LURIA STONE | ████████ 8798 | *subsidiaries and its affiliates* |
| Your Printed Name | Your Social Security Number | |

© Hooters of America, Inc., 2003

### NOTICE TO APPLICANTS

**IN ORDER TO BE EMPLOYED BY HOOTERS OF AMERICA, INC. ITS SUBSIDIARIES OR ITS AFFILIATES, YOU WILL BE REQUIRED TO EXECUTE THE HOOTERS OF AMERICA, INC. AGREEMENT TO ARBITRATE.   ARBITRATION WILL BE CONDUCTED IN ACCORDANCE WITH THE AMERICAN ARBITRATION ASSOCIATION'S NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES.**

**IF YOU WANT A COPY OF THE AMERICAN ARBITRATION ASSOCIATION'S NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES, A COPY WILL BE PROVIDED TO YOU, AT NO CHARGE, UPON REQUEST OF THE GENERAL MANAGER OF THE LOCATION AT WHICH YOU ARE APPLYING.**

**PLEASE NOTE THAT THE AMERICAN ARBITRATION ASSOCIATION MAY REVISE ITS NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES, THEREFORE IT IS YOUR RESPONSIBILITY TO INSURE THAT YOU HAVE OBTAINED THE MOST CURRENT VERSION OF THE NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES.**

You can obtain the most current version of the American Arbitration Association's National Rules for the Resolution of Employment Disputes or information regarding the American Arbitration Association at the following addresses:

America Arbitration Association
Corporate Headquarters
335 Madison Avenue, 10th floor
New York, New York 10017-4605
Phone: 212-716-5800
Fax: 212-716-5905
800-778-7879 Customer Service

Website: *WWW.ADR.ORG*

Email: *CustomerService@adr.org*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

AUG - 5 2009

Clerk, U.S. District and
Bankruptcy Courts

1 KIANNA HAWKINS                          )
  6813 RIVERDALE RD, APT K-2              )
  RIVERDALE, MD 20737                      )
                                           )
2 COURTNEY JOHNSON                         )
  1100 CEDAR HEIGHTS DR.                  )
  SEAT PLEASANT, MD 20743                 )
                                           )
3 ALYSE NEWHOUSE                           )
  5 RHODE ISLAND AVE, APT 403             )
  WASHINGTON, DC 20001                    )
                                           )
4 KRISTY CASTRO                            )   Case: 1:09-cv-01475
  2400 QUEENS CHAPEL RD #316              )   Assigned To : Leon, Richard J.
  HYATTSVILLE, MD 02782                   )   Assign. Date : 8/5/2009
                                           )   Description: Labor/ERISA
5 ALICIA RODRIGO                           )
  800 KENILWORTH AVE NE #310              )
  WASHINGTON, DC 20019                    )
                                           )
6 CIARA LEVENBERRY                         )
  1133 5TH ST NE                          )
  WASHINGTON, DC 20002                    )
                                           )
7 AIRIEL MILLER                            )
  2400 QUEENS CHAPEL RD                   )
  HYATTSVILLE, MD 20782                   )
                                           )
8 JEWELS KERUREDY                          )
  14112 BRAMBLE CT                        )
  LAUREL, MD 20708                        )
                                           )
9 TYRIA STONA                              )
  3612 ROCK CREEK CHURCH RD               )
  WASHINGTON, DC 20010                    )
                                           )
10 BIANCA FEBUS                            )
   1495 NEWTON ST NW 306                  )
   WASHINGTON, DC 20010                   )
                                           )

JURY ACTION

| | |
|---|---|
| 11 CHANT'L MARTIN<br>9610 47TH PL<br>COLLEGE PARK, MD 20740<br><br>12 NICKOMIE GARCIA<br>1210 4TH ST NW APT 301<br>WASHINGTON, DC 20001<br><br>13 FANTA SILLAH<br>10443 HEATHSIDE WAY<br>POTOMAC, MD 20854<br><br>Plaintiffs,<br><br>v.<br><br>HOOTERS OF AMERICA, Inc., and<br><br>HOOTERS OF WASHINGTON, D.C., LLC<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Civil Action No._____ |

## COMPLAINT

1.       The plaintiffs are employees or former employees of the defendants, and they bring this action on behalf of themselves and others similarly situated as a collective action in accordance with 29 U.S.C. § 216(b) of the Fair Labor Standards Act (FLSA) against the defendant on behalf of themselves and all others similarly situated because of defendants' unlawful deprivation of plaintiffs' rights to the minimum wage and overtime compensation.  Plaintiffs seek a declaratory judgment under 28 U.S.C. § 2201 and compensation, damages, equitable and other relief available under the FLSA, as amended, 29 U.S.C. § 201 et seq.

2.       In addition to their FLSA claims, plaintiffs who are or were employees of defendants at their Washington, D.C. location bring this action against defendants on behalf of themselves and others similarly situated in accordance with D.C. Code § 32-1012(b) because of defendants'

2

unlawful deprivation of plaintiffs' rights to the minimum wage and overtime compensation under the D.C. Code. Such plaintiffs seek compensation and damages and other relief available under the D.C. Code minimum wage and overtime laws at 32-1001, et. seq.

## JURISDICTION AND VENUE

3.      Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 28 U.S.C. § 1367(a)(supplemental jurisdiction to entertain Counts III and IV) . Venue lies within this district pursuant to 28 U.S.C. § 1391.

4.      At all times material herein, plaintiffs have been employed by the defendants in the position of Hooters Girl at defendants' restaurants in the District of Columbia, Maryland and/or South Carolina. Plaintiffs are citizens of the United States. Plaintiffs are identified in the caption of the Complaint and have given their written consent to be party plaintiffs in this action pursuant to 29 U.S.C. § 216(b) and, for plaintiffs who have worked in defendants' restaurant in the District of Columbia, also pursuant to D.C. Code § 32-1202. Such consents are appended to the Complaint. Plaintiffs bring this action as a collective action on behalf of themselves and all others similarly situated in accordance with 29 U.S.C. § 216(b) and with respect to the District of Columbia restaurant, pursuant to D.C. Code § 32-1012.

5.      Defendant Hooters of America is a corporation which is licensed to do business in the District of Columbia under the name Hooters of the District of Columbia, LLC. It is a private corporation with its national headquarters in Atlanta, Georgia. It is an owner and operator of over 100 restaurants nationwide, and has additional franchise agreements with separate restaurant owner/operators together totaling over 400 restaurants.

6.      Defendant Hooters of America is an "employer" within the meaning of 29 U.S.C. §203(d) and a "person" within the meaning of 29 U.S.C. § 203(a) and D.C. Code § 32-1002(3).

3

7.     Defendant Hooters of Washington, D.C., LLC is an "employer" within the meaning of 29 U.S.C. §203(d) and a "person" within the meaning of 29 U.S.C. § 203(a) and D.C. Code § 32-1002(3).

8.     At all times material to this action, defendants have each been an enterprise engaged in commerce as defined by 29 U.S.C. § 203(r)(1), and its annual dollar business volume has exceeded $500,000.

9.     At all times material herein, defendants have been actively conducting business in the District of Columbia.

## FACTUAL ALLEGATIONS

10.     For the past three years, and prior, defendants have applied a "tip credit" pursuant to 29 U.S.C. 203(m) toward the minimum wage owed to plaintiffs and other persons employed as "Hooter Girls" at its restaurants.

11.     For the past three years, and continuing to date, at their District of Columbia restaurant, defendants have applied the "gratuities credit" pursuant to D.C. Code § 32-1003(f) toward the minimum wage owed to plaintiffs and other persons employed as "Hooter Girls" at its restaurants.

12.     For the past three years, and prior, defendants have consistently denied plaintiffs and other employees occupying the same positions as plaintiffs the minimum wage and overtime compensation to which they are entitled under the FLSA and, for plaintiffs employed at the District of Columbia restaurant, to which they are entitled under the D.C. Code by:

      a.     Requiring plaintiffs to purchase uniforms including, but not limited to, shirts; shorts; aprons; nylons; socks; shoes; and pins;

      b.     Deducting the cost of customer "walk-outs" from the tips and/or wages

4

earned by plaintiffs;

        c.      Applying the tip credit to the work hours of plaintiffs when performing duties for which plaintiffs can not earn tips;

        d.      Requiring plaintiffs to work before and after their shifts without pay;

        e.      Failing to pay plaintiffs one and one half times their regular rate of pay for hours worked over 40 hours in a work week;

        f.      Requiring plaintiffs to pool their tips and share tip proceeds with staff who do not customarily and regularly receive tips and gratuities.

### COUNT ONE – FLSA MINIMUM WAGE VIOLATION

    13.    Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 12 of the Complaint.

    14.    At all times material herein, plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 et seq.

    15.    At all times material herein, defendants have utilized a tip credit to pay plaintiffs the minimum wage to which they have been entitled under 29 U.S.C. § 206(a)(1).   As a result, at all times material herein, defendants have been prohibited from charging for the costs of uniforms and retaining tips received by plaintiffs.

    16.    29 U.S.C. § 206(1) provides that, at various times applicable to this case, employees shall be paid a wage rate of not less than $5.15 per hour; $5.85 per hour; $6.55 per hour; and $7.15 per hour.  29 U.S.C. § 203(m) provides that a tipped employee shall be paid a wage of not less than $2.13 per hour and that an employer may apply a tip credit for tips actually received between the wage the employer pays and the applicable minimum wage. 29 U.S.C. § 203(m) further provides that an employee paid pursuant to a tip credit must retain all tips, except insofar as an employer utilizes a tip pool among employees who customarily and regularly received tips. At all times

material herein, defendants have violated, and continue to violate, 29 U.S.C. § 206(1) by failing and refusing to compensate plaintiffs, and other employees occupying the same positions, the required minimum wage.

17.    Defendants have deprived the plaintiffs and other similarly situated employees of the minimum wage by requiring them to pay for uniforms worn primarily for the benefit of the employer.  The cost of uniform items purchased from defendants is either paid directly by plaintiffs or is deducted from their wages and results in a wage less than that to which plaintiffs are entitled under law -- i.e., less than the minimum wage.

18.    Defendants have deprived the plaintiffs and other similarly situated employees of the minimum wage by improperly retaining portions of plaintiffs' tips for the purpose of recouping expenses incurred by customer walkouts and sharing tips with employees who do not customarily and regularly receive tips.

19.    Defendants have deprived the plaintiffs and other similarly situated employees of the minimum wage by improperly applying the tip credit to hours of work in which plaintiffs can not earn tips.  These hours include, but are not limited to, such times as prior to the opening of the restaurant and after the closing of the restaurant when plaintiffs and other similarly situated employees have engaged in performing cleaning services, attending meetings, setting up and closing down the restaurant, and similar types of activities.

20.    Defendants' violations of the FLSA as alleged herein have been done in a willful and bad faith manner.

21.    As a result of the aforesaid willful violations of the FLSA, compensation has been unlawfully withheld by defendants from plaintiffs and similarly situated persons for which the

6

defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees and the costs of this action.

22.    The employment and work records for the plaintiffs are in the exclusive possession, custody, and control of defendants, and plaintiffs are unable to state at this time the exact amount owing to each of them. Defendants are under a duty imposed by 29 U.S.C. § 211(c) and the regulations of the U.S. Department of Labor to maintain and preserve plaintiffs' payroll and other employment records from which the amounts of the defendants' liability can be ascertained.

## COUNT TWO – FLSA OVERTIME

23.    Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 22 of the Complaint.

24.    At all times material herein, plaintiffs have worked in excess of the hourly levels specified in the FLSA, 29 U.S.C. § 207. As a result, at all times material herein, plaintiffs have been entitled to overtime compensation at a rate of not less than one and one-half times their regular rate of pay for the hours of overtime they have worked.

25.    29 U.S.C. § 207(a)(1) provides that employees shall be paid overtime compensation at a rate of not less than one and one-half times their regular rate of pay for hours worked in excess of 40 hours per work week. At all times material herein, defendants have violated and continues to violate 29 U.S.C. § 207(a)(1) by failing and refusing to compensate plaintiffs and other similarly situated employees for time worked in excess of 40 hours per week at a rate of at least one and one half times the regular rate at which plaintiffs are employed.

26.    Defendants have deprived the plaintiffs and other similarly situated employees by failing to compensate them at time and one half the regular rate at which plaintiffs are employed for hours worked in excess of 40 hours per week while clocked in for work.

7

27.      Defendants have deprived the plaintiffs and other similarly situated employees by failing to compensate them for the time that they spend engaged in activities which must be performed before they clock in and after they clock out.  Those activities include duties such as preparing the restaurant for customers, attending meetings, and dressing in their uniforms, cleaning the restaurant and the area in which they work, attending meetings, counting cash and receipts, and removing their uniforms and similar types of activities.

28.      Defendants' violations of the FLSA as alleged herein have been done in a willful and bad faith manner.

29.      As a result of the aforesaid willful violations of the FLSA, overtime compensation has been unlawfully withheld by defendants from plaintiffs and similarly situated persons for which the defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees and the costs of this action.

30.      The employment and work records for the plaintiffs are in the exclusive possession, custody, and control of defendants, and plaintiffs are unable to state at this time the exact amount owing to each of them.  Defendants are under a duty imposed by 29 U.S.C. § 211(c) and the regulations of the U.S. Department of Labor to maintain and preserve plaintiffs' payroll and other employment records from which the amounts of the defendants' liability can be ascertained.

### COUNT THREE – DISTRICT OF COLUMBIA MINIMUM WAGE VIOLATION

31. Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 12 of the Complaint.

32. At all times material herein, plaintiffs who are currently or were formerly employed at defendants' District of Columbia restaurant have been entitled to the rights, protections, and

8

benefits provided under the Minimum Wage and Overtime Laws of the District of Columbia .

33.     At all times material herein, defendants have utilized a gratuities credit to pay plaintiffs the minimum wage to which they have been entitled under D.C. Code § 32-1003.   As a result, at all times material herein, defendants have been prohibited from charging for the costs of uniforms and retaining gratutities received by plaintiffs.

34.     D.C. Code § 32-1003 provides that, at various times applicable to this case, employees shall be paid a wage rate of not less than $6.15 per hour; $6.85 per hour; $7.55 per hour; and $8.15 per hour.   D.C. Code § 32-1003(f) provides that an employee who receives gratuities shall be paid a wage of not less than $2.77 per hour provided that an employee actually receives gratuities in an amount equal to the difference between the hourly wage paid and the minimum wage as set forth in section (a) of D.C. Code § 32-1003.   Section (g) of D.C. Code § 32-1003 further provides that an employee paid pursuant to a gratuity credit must retain all gratuities, except insofar as it shall not be construed to prohibit the pooling of gratuities among employees who customarily receive gratuities. At all times material herein, defendants have violated, and continue to violate, D.C. Code § 32-1003 by failing and refusing to compensate plaintiffs, and other employees occupying the same positions, the required minimum wage.

35.     Defendant has deprived the plaintiffs and other similarly situated employees of the minimum wage by requiring them to pay for uniforms and other items such as Hooters pins worn primarily for the benefit of the employer.  The cost of uniform items purchased from Hooters is either paid directly by plaintiffs or is deducted from their wages and results in a wage less than that to which plaintiffs are entitled.

36.   Defendants have deprived the plaintiffs and other similarly situated employees of the minimum wage by improperly retaining portions of plaintiffs' gratuities for the purpose of recouping expenses incurred by customer walkouts.

37.   Defendants have deprived the plaintiffs and other similarly situated employees of the minimum wage by improperly requiring plaintiffs to share plaintiffs' gratuities with employees who do not customarily and regularly receive gratuities.

38.   Defendants have further deprived the plaintiffs and other similarly situated employees of the D.C. minimum wage by improperly applying the gratuity credit to hours of work in which plaintiffs can not earn tips.   These hours include time prior to the opening of the restaurant and after the closing of the restaurant when plaintiffs and other similarly situated employees have engaged in performing cleaning services, attending meetings, and setting up and closing down the restaurant and other work activities as defined by the D.C. Code.

39.   As a result of the aforesaid violations of the D.C. Code, compensation has been unlawfully withheld by defendants from plaintiffs and similarly situated persons for which the defendants are liable pursuant to D.C. Code § 32-1012, together with an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees and the costs of this action.

40.   The employment and work records for the plaintiffs are in the exclusive possession, custody, and control of defendants, and plaintiffs are unable to state at this time the exact amount owing to each of them.   Defendants are under a duty imposed by law to maintain and preserve plaintiffs' payroll and other employment records from which the amounts of the defendant's liability can be ascertained.

**COUNT FOUR – DISTRICT OF COLUMBIA OVERTIME CLAIM**

41.   Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 12 of the Complaint.

42.   At all times material herein, plaintiffs have worked in excess of the hourly levels specified in D.C. Code § 32-1003(c).  As a result, at all times material herein, plaintiffs have been entitled to overtime compensation at a rate of not less than one and one-half times their regular rate of pay for the hours of overtime they have worked.

43.   D.C. Code § 32-1003(c) provides that employees shall be paid overtime compensation at a rate of not less than one and one-half times their regular rate of pay for hours worked in excess of 40 hours per work week.  At all times material herein, defendants have violated and continue to violated 29 U.S.C. 207(a)(1) by failing and refusing to compensate plaintiffs and other similarly situated employees for time worked in excess of 40 hours per week at a rate of at least one and one half times the regular rate at which plaintiffs are employed.

44.   Defendants have deprived the plaintiffs and other similarly situated employees by failing to compensate them at time and one half the regular rate at which plaintiffs are employed for hours worked in excess of 40 hours per week.

45.   As a result of the aforesaid violations of the D.C. Code, compensation has been unlawfully withheld by defendants from plaintiffs and similarly situated persons for which the defendants are liable pursuant to D.C. Code § 32-1012, together with an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees and the costs of this action.

46.   The employment and work records for the plaintiffs are in the exclusive possession, custody, and control of defendants, and plaintiffs are unable to state at this time the exact amount owing to each of them.  Defendants are under a duty imposed by law to maintain and preserve

11

plaintiffs' payroll and other employment records from which the amounts of the defendant's liability can be ascertained.

## PRAYER FOR RELIEF

Wherefore, the plaintiffs pray that this Court grant relief against the defendants as follows:

(a)    Enter a declaratory judgment declaring that the defendants have willfully and wrongfully violated its statutory and legal obligations and deprived plaintiffs and all others who are similarly situated of their rights, privileges, protections, compensation, benefits, and entitlements under the law, as alleged herein;

(b)    Order a complete and accurate accounting of all the compensation to which the plaintiffs and all others who are similarly situated are entitled;

(c)    Award plaintiffs and all others who are similarly situated monetary damages in the form of back pay compensation and benefits; unpaid entitlements; liquidated damages under federal law equal to their unpaid compensation; plus pre-judgment and post-judgment interest;

(d) Award plaintiffs and all others who are similarly situated who have worked in defendants District of Columbia restaurant monetary damages in the form of back pay compensation and benefits; unpaid entitlements; liquidated damages under D.C. Code equal to their unpaid compensation; plus pre-judgment and post-judgment interest;

(d)    Award plaintiffs and all others who are similarly situated their reasonable attorneys' fees to be paid by the defendants, and the costs and disbursements of this action; and

(e)    Grant such other legal and equitable relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a jury trial in this action.

Respectfully submitted,

Gregory K. McGillivary
*D.C. Bar No. 411029*
Heidi R. Burakiewicz
*D.C. Bar No. 473973*
WOODLEY & McGILLIVARY
1125 15th Street, NW, Suite 400
Washington, DC 20005
(202) 833-8855
(202) 452-1090 (Facsimile)

Attorneys for Plaintiffs

13

## CONSENT TO BECOME PARTY PLAINTIFF TO RECOVER UNPAID OVERTIME AND OTHER WAGES

By my signature below, I represent to the court that I have worked for Hooters, Hooters of America, and/or any other entity that owns, operations, or manages a Hooters restaurant ("Hooters") and that during this time Hooters failed to properly compensate me for my work. I authorize the filing and prosecution of an action in my name and on my behalf and on behalf of others similarly situated to recover unpaid wages, liquidated damages and all other relief provided under the Fair Labor Standards Act and any applicable state laws.

DATE: 7/16/09

SIGNATURE

Kianna Hawkins
PRINT NAME

6813 Riverdale Rd Apt. K-2
STREET ADDRESS

Riverdale, md, 20737
CITY, STATE, ZIP CODE

## CONSENT TO BECOME PARTY PLAINTIFF TO RECOVER UNPAID OVERTIME AND OTHER WAGES

By my signature below, I represent to the court that I have worked for Hooters, Hooters of America, and/or any other entity that owns, operations, or manages a Hooters restaurant ("Hooters") and that during this time Hooters failed to properly compensate me for my work. I authorize the filing and prosecution of an action in my name and on my behalf and on behalf of others similarly situated to recover unpaid wages, liquidated damages and all other relief provided under the Fair Labor Standards Act and any applicable state laws.

DATE: _8/3/09_

_Courtney A. Johnson_
SIGNATURE

_Courtney A. Johnson_
PRINT NAME

_1100 Cedar Heights Dr._
STREET ADDRESS

_Seat Pleasant MD 20743_

## CONSENT TO BECOME PARTY PLAINTIFF TO RECOVER UNPAID OVERTIME AND OTHER WAGES

By my signature below, I represent to the court that I have worked for Hooters, Hooters of America, and/or any other entity that owns, operations, or manages a Hooters restaurant ("Hooters") and that during this time Hooters failed to properly compensate me for my work. I authorize the filing and prosecution of an action in my name and on my behalf and on behalf of others similarly situated to recover unpaid wages, liquidated damages and all other relief provided under the Fair Labor Standards Act and any applicable state laws.

DATE: _7/29/89_

_Alyse Newhose_
SIGNATURE

_Alyse Newhouse_
PRINT NAME

_5 Rhode Island Ave Apt 403_
STREET ADDRESS

_Washington DC, 2004_
CITY, STATE, ZIP CODE

## CONSENT TO BECOME PARTY PLAINTIFF TO RECOVER UNPAID OVERTIME AND OTHER WAGES

By my signature below, I represent to the court that I have worked for Hooters, Hooters of America, and/or any other entity that owns, operations, or manages a Hooters restaurant ("Hooters") and that during this time Hooters failed to properly compensate me for my work. I authorize the filing and prosecution of an action in my name and on my behalf and on behalf of others similarly situated to recover unpaid wages, liquidated damages and all other relief provided under the Fair Labor Standards Act and any applicable state laws.

DATE: 7/27/09

SIGNATURE

Kristy Castro
PRINT NAME

2400 Queens Chapel road #316
STREET ADDRESS

Hyattsville, MD, 02782
CITY, STATE, ZIP CODE

## CONSENT TO BECOME PARTY PLAINTIFF TO RECOVER UNPAID OVERTIME AND OTHER WAGES

By my signature below, I represent to the court that I have worked for Hooters, Hooters of America, and/or any other entity that owns, operations, or manages a Hooters restaurant ("Hooters") and that during this time Hooters failed to properly compensate me for my work. I authorize the filing and prosecution of an action in my name and on my behalf and on behalf of others similarly situated to recover unpaid wages, liquidated damages and all other relief provided under the Fair Labor Standards Act and any applicable state laws.

DATE: July 16, 2009

SIGNATURE

Alicia R. Rodrigo
PRINT NAME

800 Kenilworth Ave NE #310
STREET ADDRESS

Washington, DC 20019
CITY, STATE, ZIP CODE

## CONSENT TO BECOME PARTY PLAINTIFF TO RECOVER UNPAID OVERTIME AND OTHER WAGES

By my signature below, I represent to the court that I have worked for Hooters, Hooters of America, and/or any other entity that owns, operations, or manages a Hooters restaurant ("Hooters") and that during this time Hooters failed to properly compensate me for my work. I authorize the filing and prosecution of an action in my name and on my behalf and on behalf of others similarly situated to recover unpaid wages, liquidated damages and all other relief provided under the Fair Labor Standards Act and any applicable state laws.

DATE 07/28/2009

_C. Levenberry_
SIGNATURE

_Ciara Levenberry_
PRINT NAME

_1133 5th St. NE._
STREET ADDRESS

_Washington DC, 20002_
CITY, STATE, ZIP CODE

## CONSENT TO BECOME PARTY PLAINTIFF TO RECOVER UNPAID OVERTIME AND OTHER WAGES

By my signature below, I represent to the court that I have worked for Hooters, Hooters of America, and/or any other entity that owns, operations, or manages a Hooters restaurant ("Hooters") and that during this time Hooters failed to properly compensate me for my work. I authorize the filing and prosecution of an action in my name and on my behalf and on behalf of others similarly situated to recover unpaid wages, liquidated damages and all other relief provided under the Fair Labor Standards Act and any applicable state laws.

DATE: 7/27/09

SIGNATURE

PRINT NAME
Ariel Miller

STREET ADDRESS
2400 Queens Chapel Road

CITY, STATE, ZIP CODE
Hyattsville MD 20782

## CONSENT TO BECOME PARTY PLAINTIFF TO RECOVER UNPAID OVERTIME AND OTHER WAGES

By my signature below, I represent to the court that I have worked for Hooters, Hooters of America, and/or any other entity that owns, operations, or manages a Hooters restaurant ("Hooters") and that during this time Hooters failed to properly compensate me for my work. I authorize the filing and prosecution of an action in my name and on my behalf and on behalf of others similarly situated to recover unpaid wages, liquidated damages and all other relief provided under the Fair Labor Standards Act and any applicable state laws.

DATE: _7/16/09_

_____
SIGNATURE

_____
PRINT NAME

_14112 Bramble Crt_
STREET ADDRESS

_Laurel, MD 20708_
CITY, STATE, ZIP CODE

## CONSENT TO BECOME PARTY PLAINTIFF TO RECOVER UNPAID OVERTIME AND OTHER WAGES

By my signature below, I represent to the court that I have worked for Hooters, Hooters of America, and/or any other entity that owns, operations, or manages a Hooters restaurant ("Hooters") and that during this time Hooters failed to properly compensate me for my work. I authorize the filing and prosecution of an action in my name and on my behalf and on behalf of others similarly situated to recover unpaid wages, liquidated damages and all other relief provided under the Fair Labor Standards Act and any applicable state laws.

DATE: _7/23/09_

_____
SIGNATURE

_Tyria Stone_
PRINT NAME

_3612 Rock Creek Church_
STREET ADDRESS

_Washington DC 20010_
CITY, STATE, ZIP CODE

## CONSENT TO BECOME PARTY PLAINTIFF TO RECOVER UNPAID OVERTIME AND OTHER WAGES

By my signature below, I represent to the court that I have worked for Hooters, Hooters of America, and/or any other entity that owns, operations, or manages a Hooters restaurant ("Hooters") and that during this time Hooters failed to properly compensate me for my work. I authorize the filing and prosecution of an action in my name and on my behalf and on behalf of others similarly situated to recover unpaid wages, liquidated damages and all other relief provided under the Fair Labor Standards Act and any applicable state laws.

DATE: 7/27/09

_____
SIGNATURE

Bianca Febus
PRINT NAME

1415 Newton St NW 304
STREET ADDRESS

Washington DC 20010
CITY, STATE, ZIP CODE

## CONSENT TO BECOME PARTY PLAINTIFF TO RECOVER UNPAID OVERTIME AND OTHER WAGES

By my signature below, I represent to the court that I have worked for Hooters, Hooters of America, and/or any other entity that owns, operations, or manages a Hooters restaurant ("Hooters") and that during this time Hooters failed to properly compensate me for my work. I authorize the filing and prosecution of an action in my name and on my behalf and on behalf of others similarly situated to recover unpaid wages, liquidated damages and all other relief provided under the Fair Labor Standards Act and any applicable state laws.

DATE: 7/16/2009

_Chant'l Martin_
SIGNATURE

_Chant'l Martin_
PRINT NAME

_9Ul: 47th Place_
STREET ADDRESS

_College Park, MD 20740_
CITY, STATE, ZIP CODE

## CONSENT TO BECOME PARTY PLAINTIFF TO RECOVER UNPAID OVERTIME AND OTHER WAGES

By my signature below, I represent to the court that I have worked for Hooters, Hooters of America, and/or any other entity that owns, operations, or manages a Hooters restaurant ("Hooters") and that during this time Hooters failed to properly compensate me for my work. I authorize the filing and prosecution of an action in my name and on my behalf and on behalf of others similarly situated to recover unpaid wages, liquidated damages and all other relief provided under the Fair Labor Standards Act and any applicable state laws.

DATE: _7/16/09_

_____
SIGNATURE

Nickomie Garcia
PRINT NAME

1210 4th St. N.W. Apt 301
STREET ADDRESS

Washington, D.C. 20001
CITY, STATE, ZIP CODE

## CONSENT TO BECOME PARTY PLAINTIFF TO RECOVER UNPAID OVERTIME AND OTHER WAGES

By my signature below, I represent to the court that I have worked for Hooters, Hooters of America, and/or any other entity that owns, operations, or manages a Hooters restaurant ("Hooters") and that during this time Hooters failed to properly compensate me for my work. I authorize the filing and prosecution of an action in my name and on my behalf and on behalf of others similarly situated to recover unpaid wages, liquidated damages and all other relief provided under the Fair Labor Standards Act and any applicable state laws.

DATE: _7·26·09_____

_____
SIGNATURE

_Tanta Sillal_
PRINT NAME

_10443 Heathside Way_
STREET ADDRESS

_Potomac, MD 20854_
CITY, STATE, ZIP CODE



Employment Arbitration Rules and Mediation PROCEDURES
Amended and Effective June 1, 2009

Table of Contents

Introduction
Role of the American Arbitration Association
Legal Basis of Employment ADR
The Fairness Issue: The Due Process Protocol
AAA's Employment ADR Rules
AAA's Policy on Employment ADR
Notification
Costs of Employment Arbitration
Designing an ADR Program
Alternative Dispute Resolution Options
Types of Disputes Covered

Employment Arbitration Rules and Mediation Procedures
1. Applicable Rules of Arbitration
2. Notification
3. AAA as Administrator of the Arbitration
4. Initiation of Arbitration
5. Changes of Claim
6. Jurisdiction
7. Administrative and Mediation Conferences
8. Arbitration Management Conference
9. Discovery
10. Fixing of Locale
11. Date, Time, and Place of Hearing
12. Number, Qualifications, and Appointment of Neutral Arbitrators
13. Party Appointed Arbitrators
14. Appointment of Chairperson by Party-Appointed Arbitrators or Parties
15. Disclosure
16. Disqualification of Arbitrator
17. Communication with Arbitrator 18. Vacancies
19. Representation
20. Stenographic Record
21. Interpreters
22. Attendance at Hearings
23. Confidentiality
24. Postponements
25. Oaths 26. Majority Decision 27. Dispositive Motions
28. Order of Proceedings
29. Arbitration in the Absence of a Party or Representative
30. Evidence
31. Inspection
32. Interim Measures
33. Closing of Hearing

34. Reopening of Hearing
35. Waiver of Oral Hearing
36. Waiver of Objection/Lack of Compliance with These Rules
37. Extensions of Time
38. Serving of Notice
39. The Award
40. Modification of Award
41. Release of Documents for Judicial Proceedings
42. Applications to Court
43. Administrative Fees
44. Neutral Arbitrator's Compensation
45. Expenses
46. Deposits
47. Suspension for Non-Payment
48. Interpretation and Application of Rules


Costs of Arbitration (including AAA Administrative Fees)
For Disputes Arising Out of Employer-Promulgated Plans
Filing Fees
Hearing Fees
Postponement/Cancellation Fees
Hearing Room Rental
Abeyance Fees
Expenses


For Disputes Arising Out of Individually-Negotiated Employment Agreements and Contracts


Filing Fees and Case Service Fees
Refund Schedule
Hearing Room Rental
Abeyance Fee
Expenses

For Disputes Proceeding Under the Supplementary Rules for Class Action Arbitration ("Supplementary Rules")


Optional Rules for Emergency Measures of Protection
O-1. Applicability
O-2. Appointment of Emergency Arbitrator
O-3. Schedule
O-4. Interim Award
O-5. Constitution of the Panel
O-6. Security
O-7. Special Master
O-8. Costs


Employment Mediation Procedures
M-1. Agreement of Parties
M-2. Initiation of Mediation
M-3. Request for Mediation
M-4. Appointment of Mediator
M-5. Qualifications of Mediator
M-6. Vacancies
M-7. Representation
M-8. Date, Time, and Place of Mediation
M-9. Identification of Matters in Dispute
M-10. Authority of Mediator

M-11. Privacy
M-12. Confidentiality
M-13. No Stenographic Record
M-14. Termination of Mediation

M-15. Exclusion of Liability
M-16. Interpretation and Application of Rules
M-17. Expenses

Cost of Mediation

Introduction

Federal and state laws reflecting societal intolerance for certain workplace conduct, as well as court decisions interpreting and applying those statutes, have redefined responsible corporate practice and employee relations. Increasingly, employers and employees face workplace disputes involving alleged wrongful termination, sexual harassment, or discrimination based on race, color, religion, sex, national origin, age, and disability.

As courts and administrative agencies become less accessible to civil litigants, employers and their employees now see alternative dispute resolution ("ADR") as a way to promptly and effectively resolve workplace disputes. ADR procedures are becoming more common in contracts of employment, personnel manuals, and employee handbooks.

Increasingly, corporations and their employees look to the American Arbitration Association as a resource in developing prompt and effective employment procedures for employment-related disputes. These rules have been developed for employers and employees who wish to use a private alternative to resolve their disputes, enabling them to have complaints heard by an impartial person with expertise in the employment field. These procedures benefit both the employer and the individual employee by making it possible to resolve disputes without extensive litigation.

Role of the American Arbitration Association

The American Arbitration Association, founded in 1926, is a not-for-profit, public service organization dedicated to the resolution of disputes through mediation, arbitration, elections, and other voluntary dispute resolution procedures. Millions of workers are now covered by employment ADR plans administered by the AAA.

In addition, the AAA provides education and training, specialized publications, and research on all forms of dispute settlement. With 30 offices worldwide and cooperative agreements with arbitral institutions in 63 other nations, the American Arbitration Association is the nation's largest private provider of ADR services.

For over 80 years, the American Arbitration Association has set the standards for the development of fair and equitable dispute resolution procedures. The development of the *Employment Arbitration Rules and Mediation Procedures*, and the reconstitution of a select and diverse roster of expert neutrals to hear and resolve disputes, are the most recent initiatives of the Association to provide private, efficient and cost-effective procedures for out-of-court settlement of workplace disputes.

Legal Basis of Employment ADR

Since 1990, Congress has twice re-affirmed the important role of ADR in the area of employment discrimination -- in the Americans with Disabilities Act in 1990, and a year later in Section 118 of the Civil Rights Act of 1991.

The United States Supreme Court has also spoken on the importance of ADR in the employment context. In Gilmer v. Interstate/Johnson Lane, 500 U.S. 20, 111 S.Ct. 1647 (1991), the Supreme Court refused to invalidate Gilmer's agreement with the New York Stock Exchange that he would arbitrate disputes with his employer (Interstate/Johnson Lane) simply because he was obliged to sign it in order to work as a securities dealer whose

trades were executed on the Exchange. Although the Gilmer Court found that the Age Discrimination in Employment Act did not preclude arbitration of age discrimination claims, it specifically declined to decide whether employment arbitration agreements were "contracts of employment" excluded under the Federal Arbitration Act. The specific issue left open by Gilmer was decided 10 years later by the United States Supreme Court in Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 121 S. Ct. 1302, 149 L. Ed. 2d 234 (2001). In Circuit City, the Supreme Court concluded that except for transportation workers such as seamen or railroad workers, the FAA covers all contracts of employment and that the Act may be used to compel arbitration of employment-related claims. While Circuit City involved only state law claims, the Supreme Court had determined previously in Gilmer that federal age discrimination claims (and presumably other federal civil rights claims) were arbitrable under the FAA.

The Fairness Issue: The Due Process Protocol

*The Due Process Protocol for Mediation and Arbitration of Statutory Disputes Arising Out of the Employment Relationship* was developed in 1995 by a special task force composed of individuals representing management, labor, employment, civil rights organizations, private administrative agencies, government, and the American Arbitration Association. The *Due Process Protocol,* which was endorsed by the Association in 1995, seeks to ensure fairness and equity in resolving workplace disputes. The Due Process Protocol encourages mediation and arbitration of statutory disputes, provided there are due process safeguards. It conveys the hope that ADR will reduce delays caused by the huge backlog of cases pending before administrative agencies and the courts. The *Due Process Protocol* "recognizes the dilemma inherent in the timing of an agreement to mediate and/or arbitrate statutory disputes" but does not take a position on whether an employer can require a pre-dispute, binding arbitration program as a condition of employment.

The *Due Process Protocol* has been endorsed by organizations representing a broad range of constituencies. They include the American Arbitration Association, the American Bar Association Labor and Employment Section, the American Civil Liberties Union, the Federal Mediation and Conciliation Service, the National Academy of Arbitrators, and the National Society of Professionals in Dispute Resolution. The National Employment Lawyers Association has endorsed the substantive provisions of the *Due Process Protocol.*

It has been incorporated into the *Report of the United States Secretary of Labor's Task Force in Excellence in State and Local Government* and cited with approval in numerous court opinions.

AAA's Employment ADR Rules

On June 1, 1996, the Association issued *National Rules for the Resolution of Employment Disputes* (now known as the *Employment Arbitration Rules and Mediation Procedures* ). The rules reflected the guidelines outlined in the Due Process Protocol and were based upon the AAA's *California Employment Dispute Resolution Rules,* which were developed by a committee of employment management and plaintiff attorneys, retired judges and arbitrators, in addition to Association executives. The revised rules were developed for employers and employees who wish to use a private alternative to resolve their disputes. The rules enabled parties to have complaints heard by an impartial person of their joint selection, with expertise in the employment field. Both employers and individual employees benefit by having experts resolve their disputes without the costs and delay of litigation. The rules included procedures which ensure due process in both the mediation and arbitration of employment disputes. After a year of use, the rules were amended to address technical issues.

AAA's Policy on Employment ADR

The AAA's policy on employment ADR is guided by the state of existing law, as well as its obligation to act in an impartial manner. In following the law, and in the interest of providing an appropriate forum for the resolution of employment disputes, the Association administers dispute resolution programs which meet the due process standards as outlined in its *Employment Arbitration Rules and Mediation Procedures* and the *Due Process Protocol.* If the Association determines that a dispute resolution program on its face substantially and materially deviates from the minimum due process standards of the *Employment Arbitration Rules and Mediation Procedures* and the *Due Process Protocol,* the Association may decline to administer cases under that program.

Other issues will be presented to the arbitrator for determination.

Notification

If an employer intends to utilize the dispute resolution services of the Association in an employment ADR plan, it shall, at least 30 days prior to the planned effective date of the program: (1) notify the Association of its intention to do so; and (2) provide the Association with a copy of the employment dispute resolution plan. If an employer does not comply with this requirement, the Association reserves the right to decline its administrative services. Copies of all plans should be sent to the American Arbitration Association, 725 South Figueroa Street, Suite 2400, Los Angeles, CA 90017; FAX: 213.622.6199.

Costs of Employment Arbitration

These Rules contain two separate and distinct arbitration costs sections; one for disputes arising out of employer-promulgated plans and the other for disputes arising out of individually-negotiated employment agreements and contracts. When the arbitration is filed, the AAA makes an initial administrative determination as to whether the dispute arises from an employer-promulgated plan or an individually-negotiated employment agreement or contract. This determination is made by reviewing the documentation provided to the AAA by the parties, including, but not limited to, the demand for arbitration, the parties' arbitration program or agreement, and any employment agreements or contracts between the parties.

When making its determination on the applicable costs of arbitration section in a given arbitration, the AAA's review is focused on two primary issues. The first component of the review focuses on whether the arbitration program and/or agreement between the individual employee and the employer is one in which it appears that the employer has drafted a standardized arbitration clause with its employees. The second aspect of the review focuses on the ability of the parties to negotiate the terms and conditions of the parties' agreement.

If a party disagrees with the AAA's initial determination, the parties may bring the issue to the attention of the arbitrator for a final determination.

Designing an ADR Program

The guiding principle in designing a successful employment ADR system is that it must be fair in fact and perception. The American Arbitration Association has considerable experience in administering and assisting in the design of employment ADR plans, which gives it an informed perspective on how to effectively design ADR systems, as well as the problems to avoid. Its guidance to those designing employment ADR systems is summarized as follows:

» The American Arbitration Association encourages employers to consider the wide range of legally-available options to resolve workplace disputes outside the courtroom.

»A special emphasis is placed by the Association on encouraging the development of in-house dispute resolution procedures, such as open door policies, ombuds, peer review, and internal mediation.

»The Association recommends an external mediation component to resolve disputes not settled by the internal dispute resolution process.

»Programs which use arbitration as a final step may employ:

- pre-dispute, voluntary final and binding arbitration;
- pre-dispute, mandatory nonbinding arbitration;
- pre-dispute, mandatory final and binding arbitration; or
- post-dispute, voluntary final and binding arbitration.

»Although the AAA administers binding arbitration systems that have been required as a condition of initial or continued employment, such programs must be consistent with the Association's *Employment Arbitration Rules*

*and Mediation Procedures.*

Specific guidance on the responsible development and design of employment ADR systems is contained in the Association's publication, *Resolving Employment Disputes: A Practical Guide,* which is available from the AAA's website, www.adr.org.

Alternative Dispute Resolution Options

Open Door Policy

Employees are encouraged to meet with their immediate manager or supervisor to discuss problems arising out of the workplace environment. In some systems, the employee is free to approach anyone in the chain of command.

Ombuds

A neutral third party (either from within or outside the company) is designated to confidentially investigate and propose settlement of employment complaints brought by employees.

Peer Review

A panel of employees (or employees and managers) works together to resolve employment complaints. Peer review panel members are trained in the handling of sensitive issues.

Internal Mediation

A process for resolving disputes in which a neutral third person from within the company, trained in mediation techniques, helps the disputing parties negotiate a mutually acceptable settlement. Mediation is a nonbinding process in which the parties discuss their disputes with an impartial person who assists them in reaching a settlement. The mediator may suggest ways of resolving the dispute but may not impose a settlement on the parties.

Fact-Finding

The investigation of a complaint by an impartial third person (or team) who examines the complaint and the facts and issues a nonbinding report. Fact-finding is particularly helpful for allegations of sexual harassment, where a fact-finding team, composed of one male and one female neutral, investigates the allegations and presents its findings to the employer and the employee.

Arbitration

Arbitration is generally defined as the submission of disputes to one or more impartial persons for final and binding determination. It can be the final step in a workplace program that includes other dispute resolution methods. There are many possibilities for designing this final step.

They include:

» Pre-Dispute, Voluntary Final and Binding Arbitration

    The parties agree in advance, on a voluntary basis, to use arbitration to resolve disputes and they are bound by the outcome.

» Pre-Dispute, Mandatory Nonbinding Arbitration

    The parties must use the arbitration process to resolve disputes, but they are not bound by the outcome.

» Pre-Dispute, Mandatory Final and Binding Arbitration

The parties must arbitrate unresolved disputes and they are bound by the outcome.

» Post-Dispute, Voluntary Final and Binding Arbitration

The parties have the option of deciding whether to use final and binding arbitration after a dispute arises.

Types of Disputes Covered

The dispute resolution procedures contained in this booklet were developed for arbitration agreements contained in employee personnel manuals, an employment application of an individual employment agreement, other types of employment agreements, or can be used for a specific dispute. They do not apply to disputes arising out of collective bargaining agreements or independent contractor agreements.

Employment Arbitration

Rules and Mediation Procedures

1. Applicable Rules of Arbitration

The parties shall be deemed to have made these rules a part of their arbitration agreement whenever they have provided for arbitration by the American Arbitration Association (hereinafter "AAA") or under its Employment Arbitration Rules and Mediation Procedures or for arbitration by the AAA of an employment dispute without specifying particular rules*. If a party establishes that an adverse material inconsistency exists between the arbitration agreement and these rules, the arbitrator shall apply these rules.

If, within 30 days after the AAA's commencement of administration, a party seeks judicial intervention with respect to a pending arbitration and provides the AAA with documentation that judicial intervention has been sought, the AAA will suspend administration for 60 days to permit the party to obtain a stay of arbitration from the court.These rules, and any amendment of them, shall apply in the form in effect at the time the demand for arbitration or submission is received by the AAA.

*The National Rules for the Resolution of Employment Disputes* have been re-named the *Employment Arbitration Rules and Mediation Procedures.* Any arbitration agreements providing for arbitration under its *National Rules for the Resolution of Employment Disputes* shall be administered pursuant to these *Employment Arbitration Rules and Mediation Procedures.*

2. Notification

An employer intending to incorporate these rules or to refer to the dispute resolution services of the AAA in an employment ADR plan, shall, at least 30 days prior to the planned effective date of the program:

    i.  notify the Association of its intention to do so and,
    ii.  provide the Association with a copy of the employment dispute resolution plan.

Compliance with this requirement shall not preclude an arbitrator from entertaining challenges as provided in Section 1. If an employer does not comply with this requirement, the Association reserves the right to decline its administrative services.

3. AAA as Administrator of the Arbitration

When parties agree to arbitrate under these rules, or when they provide for arbitration by the AAA and an arbitration is initiated under these rules, they thereby authorize the AAA to administer the arbitration. The authority and duties of the AAA are prescribed in these rules, and may be carried out through such of the AAA's representatives as it may direct. The AAA may, in its discretion, assign the administration of an arbitration to any of its offices.

## 4. Initiation of Arbitration

Arbitration shall be initiated in the following manner.

a. The parties may submit a joint request for arbitration.
b. In the absence of a joint request for arbitration:
   i. The initiating party (hereinafter "Claimant[s]") shall:
      1. File a written notice (hereinafter "Demand") of its intention to arbitrate at any office of the AAA, within the time limit established by the applicable statute of limitations. Any dispute over the timeliness of the demand shall be referred to the arbitrator. The filing shall be made in duplicate, and each copy shall include the applicable arbitration agreement. The Demand shall set forth the names, addresses, and telephone numbers of the parties; a brief statement of the nature of the dispute; the amount in controversy, if any; the remedy sought; and requested hearing location.
      2. Simultaneously provide a copy of the Demand to the other party (hereinafter "Respondent[s]").
      3. Include with its Demand the applicable filing fee, unless the parties agree to some other method of fee advancement.
   ii. The Respondent(s) may file an Answer with the AAA within 15 days after the date of the letter from the AAA acknowledging receipt of the Demand. The Answer shall provide the Respondent's brief response to the claim and the issues presented. The Respondent(s) shall make its filing in duplicate with the AAA, and simultaneously shall send a copy of the Answer to the Claimant. If no answering statement is filed within the stated time, Respondent will be deemed to deny the claim. Failure to file an answering statement shall not operate to delay the arbitration.
   iii. The Respondent(s):
      1. May file a counterclaim with the AAA within 15 days after the date of the letter from the AAA acknowledging receipt of the Demand. The filing shall be made in duplicate. The counterclaim shall set forth the nature of the claim, the amount in controversy, if any, and the remedy sought.
      2. Simultaneously shall send a copy of any counterclaim to the Claimant.
      3. Shall include with its filing the applicable filing fee provided for by these rules.
   iv. The Claimant may file an Answer to the counterclaim with the AAA within 15 days after the date of the letter from the AAA acknowledging receipt of the counterclaim. The Answer shall provide Claimant's brief response to the counterclaim and the issues presented. The Claimant shall make its filing in duplicate with the AAA, and simultaneously shall send a copy of the Answer to the Respondent(s). If no answering statement is filed within the stated time, Claimant will be deemed to deny the counterclaim. Failure to file an answering statement shall not operate to delay the arbitration.
c. The form of any filing in these rules shall not be subject to technical pleading requirements.

## 5. Changes of Claim

Before the appointment of the arbitrator, if either party desires to offer a new or different claim or counterclaim, such party must do so in writing by filing a written statement with the AAA and simultaneously provide a copy to the other party(s), who shall have 15 days from the date of such transmittal within which to file an answer with the AAA. After the appointment of the arbitrator, a party may offer a new or different claim or counterclaim only at the discretion of the arbitrator.

## 6. Jurisdiction

a. The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement.
b. The arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part. Such an arbitration clause shall be treated as an agreement independent of the other terms of the contract. A decision by the arbitrator that the contract is null and void shall not for that reason alone render invalid the arbitration clause.
c. A party must object to the jurisdiction of the arbitrator or to the arbitrability of a claim or counterclaim no later than the filing of the answering statement to the claim or counterclaim that gives rise to the objection. The arbitrator may rule on such objections as a preliminary matter or as part of the final award.

## 7. Administrative and Mediation Conferences

Before the appointment of the arbitrator, any party may request, or the AAA, in its discretion, may schedule an administrative conference with a representative of the AAA and the parties and/or their representatives. The purpose of the administrative conference is to organize and expedite the arbitration, explore its administrative aspects, establish the most efficient means of selecting an arbitrator, and to consider mediation as a dispute resolution option. There is no administrative fee for this service.

At any time after the filing of the Demand, with the consent of the parties, the AAA will arrange a mediation conference under its Mediation Procedures to facilitate settlement. The mediator shall not be any arbitrator appointed to the case, except by mutual written agreement of the parties. There is no administrative fee for initiating a mediation under AAA Mediation Procedures for parties to a pending arbitration.

## 8. Arbitration Management Conference

As promptly as practicable after the selection of the arbitrator(s), but not later than 60 days thereafter, an arbitration management conference shall be held among the parties and/or their attorneys or other representatives and the arbitrator(s). Unless the parties agree otherwise, the Arbitration Management Conference will be conducted by telephone conference call rather than in person. At the Arbitration Management Conference the matters to be considered shall include, without limitation

    i.   the issues to be arbitrated;
    ii.   the date, time, place, and estimated duration of the hearing;
    iii.   the resolution of outstanding discovery issues and establishment of discovery parameters;
    iv.   the law, standards, rules of evidence, and burdens of proof that are to apply to the proceeding;
    v.   the exchange of stipulations and declarations regarding facts, exhibits, witnesses, and other issues;
    vi.   the names of witnesses (including expert witnesses), the scope of witness testimony, and witness exclusion;
    vii.   the value of bifurcating the arbitration into a liability phase and damages phase;
    viii.   the need for a stenographic record;
    ix.   whether the parties will summarize their arguments orally or in writing;
    x.   the form of the award;
    xi.   any other issues relating to the subject or conduct of the arbitration;
    xii.   the allocation of attorney's fees and costs;
    xiii.   the specification of undisclosed claims;
    xiv.   the extent to which documentary evidence may be submitted at the hearing;
    xv.   the extent to which testimony may be admitted at the hearing telephonically, over the internet, by written or video-taped deposition, by affidavit, or by any other means;
    xvi.   any disputes over the AAA's determination regarding whether the dispute arose from an individually-negotiated employment agreement or contract, or from an employer-promulgated plan (see Costs of Arbitration section).

The arbitrator shall issue oral or written orders reflecting his or her decisions on the above matters and may conduct additional conferences when the need arises.

There is no AAA administrative fee for an Arbitration Management Conference.

## 9. Discovery

The arbitrator shall have the authority to order such discovery, by way of deposition, interrogatory, document production, or otherwise, as the arbitrator considers necessary to a full and fair exploration of the issues in dispute, consistent with the expedited nature of arbitration.

The AAA does not require notice of discovery related matters and communications unless a dispute arises. At that time, the parties should notify the AAA of the dispute so that it may be presented to the arbitrator for determination.

## 10. Fixing of Locale (the city, county, state, territory, and/or country of the arbitration)

If the parties disagree as to the locale, the AAA may initially determine the place of arbitration, subject to the power of the arbitrator(s), after their appointment to make a final determination on the locale. All such determinations shall be made having regard for the contentions of the parties and the circumstances of the arbitration.

## 11. Date, Time, and Place (the physical site of the hearing within the designated locale) of Hearing

The arbitrator shall set the date, time, and place for each hearing. The parties shall respond to requests for hearing dates in a timely manner, be cooperative in scheduling the earliest practicable date, and adhere to the established hearing schedule. The AAA shall send a notice of hearing to the parties at least 10 days in advance of the hearing date, unless otherwise agreed by the parties.

## 12. Number, Qualifications, and Appointment of Neutral Arbitrators

    a.   If the arbitration agreement does not specify the number of arbitrators or the parties do not agree otherwise, the dispute shall be heard and determined by one arbitrator.
    b.   Qualifications
        i.   Neutral arbitrators serving under these rules shall be experienced in the field of employment law.
        ii.   Neutral arbitrators serving under these rules shall have no personal or financial interest in the results of the proceeding in which they are appointed and shall have no relation to the underlying dispute or to the parties or their counsel that may create an appearance of

    bias.

  iii. The roster of available arbitrators will be established on a non-discriminatory basis, diverse by gender, ethnicity, background, and qualifications.

  iv. The AAA may, upon request of a party within the time set to return their list or upon its own initiative, supplement the list of proposed arbitrators in disputes arising out of individually-negotiated employment contracts with persons from the Commercial Roster, to allow the AAA to respond to the particular need of the dispute. In multi-arbitrator disputes, at least one of the arbitrators shall be experienced in the field of employment law.

 c. If the parties have not appointed an arbitrator and have not provided any method of appointment, the arbitrator shall be appointed in the following manner:

  i. Shortly after it receives the Demand, the AAA shall send simultaneously to each party a letter containing an identical list of names of persons chosen from the Employment Dispute Resolution Roster. The parties are encouraged to agree to an arbitrator from the submitted list and to advise the AAA of their agreement.

  ii. If the parties are unable to agree upon an arbitrator, each party to the dispute shall have 15 days from the transmittal date in which to strike names objected to, number the remaining names in order of preference, and return the list to the AAA. If a party does not return the list within the time specified, all persons named therein shall be deemed acceptable.

  iii. From among the persons who have been approved on both lists, and in accordance with the designated order of mutual preference, the AAA shall invite the acceptance of an arbitrator to serve. If the parties fail to agree on any of the persons named, or if acceptable arbitrators are unable to act, or if for any other reason the appointment cannot be made from the submitted list, the AAA shall have the power to make the appointment from among other members of the panel without the submission of additional lists.

## 13. Party Appointed Arbitrators

 a. If the agreement of the parties names an arbitrator or specifies a method of appointing an arbitrator, that designation or method shall be followed.

 b. Where the parties have agreed that each party is to name one arbitrator, the arbitrators so named must meet the standards of Section R-16 with respect to impartiality and independence unless the parties have specifically agreed pursuant to Section R-16(a) that the party-appointed arbitrators are to be non-neutral and need not meet these standards. The notice of appointment, with the name, address, and contact information of the arbitrator, shall be filed with the AAA by the appointing party. Upon the request of any appointing party, the AAA shall submit a list of members of the National Roster from which the party may, if it so desires, make the appointment.

 c. If the agreement specifies a period of time within which an arbitrator shall be appointed and any party fails to make the appointment within that period, the AAA shall make the appointment.

 d. If no period of time is specified in the agreement, the AAA shall notify the party to make the appointment. If within 15 days after such notice has been sent, an arbitrator has not been appointed by a party, the AAA shall make the appointment.

## 14. Appointment of Chairperson by Party-Appointed Arbitrators or Parties

 a. If, pursuant to Section R-13, either the parties have directly appointed arbitrators, or the arbitrators have been appointed by the AAA, and the parties have authorized them to appoint a chairperson within a specified time and no appointment is made within that time or any agreed extension, the AAA may appoint the chairperson.

 b. If no period of time is specified for appointment of the chairperson and the party-appointed arbitrators or the parties do not make the appointment within 15 days from the date of the appointment of the last party-appointed arbitrator, the AAA may appoint the chairperson.

 c. If the parties have agreed that their party-appointed arbitrators shall appoint the chairperson from the National Roster, the AAA shall furnish to the party-appointed arbitrators, in the manner provided in Section R-12, a list selected from the National Roster, and the appointment of the chairperson shall be made as provided in that Section.

## 15. Disclosure

 a. Any person appointed or to be appointed as an arbitrator shall disclose to the AAA any circumstance likely to give rise to justifiable doubt as to the arbitrator's impartiality or independence, including any bias or any financial or personal interest in the result of the arbitration or any past or present relationship with the parties or their representatives. Such obligation shall remain in effect throughout the arbitration.

 b. Upon receipt of such information from the arbitrator or another source, the AAA shall communicate the information to the parties and, if it deems it appropriate to do so, to the arbitrator and others.

 c. In order to encourage disclosure by arbitrators, disclosure of information pursuant to this Section R-15 is not to be construed as an indication that the arbitrator considers that the disclosed circumstance is likely to affect impartiality or independence.

## 16. Disqualification of Arbitrator

 a. Any arbitrator shall be impartial and independent and shall perform his or her duties with diligence and in good faith, and shall be subject to disqualification for:

  i. partiality or lack of independence,

  ii. inability or refusal to perform his or her duties with diligence and in good faith, and

  iii. any grounds for disqualification provided by applicable law. The parties may agree in writing, however, that arbitrators directly appointed by a party pursuant to Section R-13 shall be nonneutral, in which case such arbitrators need not be impartial or independent and shall not be subject to disqualification for partiality or lack of independence.

 b. Upon objection of a party to the continued service of an arbitrator, or on its own initiative, the AAA shall determine whether the arbitrator should be disqualified under the grounds set out above, and shall inform the parties of its decision, which decision shall be conclusive.

## 17. Communication with Arbitrator

 a. No party and no one acting on behalf of any party shall communicate ex parte with an arbitrator or a candidate for arbitrator concerning the arbitration, except that a party, or someone acting on behalf of a party, may communicate ex parte with a candidate for direct appointment pursuant to Section R-13 in order to advise the candidate of the general nature of the controversy and of the anticipated proceedings and to discuss the candidate's qualifications, availability, or independence in relation to the parties or to discuss the suitability of candidates for

selection as a third arbitrator where the parties or party-designated arbitrators are to participate in that selection.

b.   Section R-17(a) does not apply to arbitrators directly appointed by the parties who, pursuant to Section R-16(a), the parties have agreed in writing are non-neutral. Where the parties have so agreed under Section R-16(a), the AAA shall as an administrative practice suggest to the parties that they agree further that Section R-17(a) should nonetheless apply prospectively.

## 18. Vacancies

a.   If for any reason an arbitrator is unable to perform the duties of the office, the AAA may, on proof satisfactory to it, declare the office vacant. Vacancies shall be filled in accordance with applicable provisions of these Rules.

b.   In the event of a vacancy in a panel of neutral arbitrators after the hearings have commenced, the remaining arbitrator or arbitrators may continue with the hearing and determination of the controversy, unless the parties agree otherwise.

c.   In the event of the appointment of a substitute arbitrator, the panel of arbitrators shall determine in its sole discretion whether it is necessary to repeat all or part of any prior hearings.

## 19. Representation

Any party may be represented by counsel or other authorized representatives. For parties without representation, the AAA will, upon request, provide reference to institutions which might offer assistance. A party who intends to be represented shall notify the other party and the AAA of the name and address of the representative at least 10 days prior to the date set for the hearing or conference at which that person is first to appear. If a representative files a Demand or an Answer, the obligation to give notice of representative status is deemed satisfied.

## 20. Stenographic Record

Any party desiring a stenographic record shall make arrangements directly with a stenographer and shall notify the other parties of these arrangements at least three days in advance of the hearing. The requesting party or parties shall pay the cost of the record. If the transcriptis agreed by the parties, or determined by the arbitrator to be the official record of the proceeding, it must be provided to the arbitrator and made available to the other parties for inspection, at a date, time, and place determined by the arbitrator.

## 21. Interpreters

Any party wishing an interpreter shall make all arrangements directly with the interpreter and shall assume the costs of the service.

## 22. Attendance at Hearings

The arbitrator shall have the authority to exclude witnesses, other than a party, from the hearing during the testimony of any other witness. The arbitrator also shall have the authority to decide whether any person who is not a witness may attend the hearing.

## 23. Confidentiality

The arbitrator shall maintain the confidentiality of the arbitration and shall have the authority to make appropriate rulings to safeguard that confidentiality, unless the parties agree otherwise or the law provides to the contrary.

## 24. Postponements

The arbitrator: (1) may postpone any hearing upon the request of a party for good cause shown; (2) must postpone any hearing upon the mutual agreement of the parties; and (3) may postpone any hearing on his or her own initiative.

## 25. Oaths

Before proceeding with the first hearing, each arbitrator shall take an oath of office. The oath shall be provided to the parties prior to the first hearing. The arbitrator may require witnesses to testify under oath administered by

any duly qualified person and, if it is required by law or requested by any party, shall do so.

26. Majority Decision

All decisions and awards of the arbitrators must be by a majority, unless the unanimous decision of all arbitrators is expressly required by the arbitration agreement or by law.

27. Dispositive Motions

The arbitrator may allow the filing of a dispositive motion if the arbitrator determines that the moving party has shown substantial cause that the motion is likely to succeed and dispose of or narrow the issues in the case.

28. Order of Proceedings

A hearing may be opened by: (1) recording the date, time, and place of the hearing; (2) recording the presence of the arbitrator, the parties, and their representatives, if any; and (3) receiving into the record the Demand and the Answer, if any. The arbitrator may, at the beginning of the hearing, ask for statements clarifying the issues involved.

The parties shall bear the same burdens of proof and burdens of producing evidence as would apply if their claims and counterclaims had been brought in court.

Witnesses for each party shall submit to direct and cross examination.

With the exception of the rules regarding the allocation of the burdens of proof and going forward with the evidence, the arbitrator has the authority to set the rules for the conduct of the proceedings and shall exercise that authority to afford a full and equal opportunity to all parties to present any evidence that the arbitrator deems material and relevant to the resolution of the dispute. When deemed appropriate, the arbitrator may also allow for the presentation of evidence by alternative means including web conferencing, internet communication, telephonic conferences and means other than an in-person presentation of evidence. Such alternative means must still afford a full and equal opportunity to all parties to present any evidence that the arbitrator deems material and relevant to the resolution of the dispute and when involving witnesses, provide that such witness submit to direct and cross-examination.

The arbitrator, in exercising his or her discretion, shall conduct the proceedings with a view toward expediting the resolution of the dispute, may direct the order of proof, bifurcate proceedings, and direct the parties to focus their presentations on issues the decision of which could dispose of all or part of the case.

Documentary and other forms of physical evidence, when offered by either party, may be received in evidence by the arbitrator.

The names and addresses of all witnesses and a description of the exhibits in the order received shall be made a part of the record.

29. Arbitration in the Absence of a Party or Representative

Unless the law provides to the contrary, the arbitration may proceed in the absence of any party or representative who, after due notice, fails to be present or fails to obtain a postponement. An award shall not be based solely on the default of a party. The arbitrator shall require the party who is in attendance to present such evidence as the arbitrator may require for the making of the award.

30. Evidence

The parties may offer such evidence as is relevant and material to the dispute and shall produce such evidence as

the arbitrator deems necessary to an understanding and determination of the dispute. All evidence shall be taken in the presence of all of the arbitrators and all of the parties, except where any party or arbitrator is absent, in default, or has waived the right to be present, however "presence" should not be construed to mandate that the parties and arbitrators must be physically present in the same location.

An arbitrator or other person authorized by law to subpoena witnesses or documents may do so upon the request of any party or independently.The arbitrator shall be the judge of the relevance and materiality of the evidence offered, and conformity to legal rules of evidence shall not be necessary. The arbitrator may in his or her discretion direct the order of proof, bifurcate proceedings, exclude cumulative or irrelevant testimony or other evidence, and direct the parties to focus their presentations on issues the decision of which could dispose of all or part of the case. All evidence shall be taken in the presence of all of the arbitrators and all of the parties, except where any party is absent, in default, or has waived the right to be present.

If the parties agree or the arbitrator directs that documents or other evidence may be submitted to the arbitrator after the hearing, the documents or other evidence shall be filed with the AAA for transmission to the arbitrator, unless the parties agree to a different method of distribution. All parties shall be afforded an opportunity toexamine such documents or other evidence and to lodge appropriate objections, if any.

## 31. Inspection

Upon the request of a party, the arbitrator may make an inspection in connection with the arbitration. The arbitrator shall set the date and time, and the AAA shall notify the parties. In the event that one or all parties are not present during the inspection, the arbitrator shall make an oral or written report to the parties and afford them an opportunity to comment.

## 32. Interim Measures

At the request of any party, the arbitrator may grant any remedy or relief that would have been available to the parties had the matter been heard in court, as stated in Rule 39(d), Award.

A request for interim measures addressed by a party to a judicial authority shall not be deemed incompatible with the agreement to arbitrate or a waiver of the right to arbitrate.

## 33. Closing of Hearing

The arbitrator shall specifically inquire of all parties whether they have any further proofs to offer or witnesses to be heard. Upon receiving negative replies or if satisfied that the record is complete, the arbitrator shall declare the hearing closed.

If briefs are to be filed, the hearing shall be declared closed as of the final date set by the arbitrator for the receipt of briefs. If documents are to be filed as provided in Rule 30 and the date set for their receipt is later than that set for the receipt of briefs, the later date shall be the date of closing the hearing. The time limit within which the arbitrator is required to make the award shall commence to run, in the absence of other agreements by the parties, upon closing of the hearing.

## 34. Reopening of Hearing

The hearing may be reopened by the arbitrator upon the arbitrator's initiative, or upon application of a party for good cause shown, at any time before the award is made. If reopening the hearing would prevent the making of the award within

the specific time agreed on by the parties in the contract(s) out of which the controversy has arisen, the matter may not be reopened unless the parties agree on an extension of time. When no specific date is fixed in the contract, the arbitrator may reopen the hearing and shall have 30 days from the closing of the reopened hearing

within which to make an award.

## 35. Waiver of Oral Hearing

The parties may provide, by written agreement, for the waiver of oral hearings. If the parties are unable to agree as to the procedure, upon the appointment of the arbitrator, the arbitrator shall specify a fair and equitable procedure.

## 36. Waiver of Objection/Lack of Compliance with These Rules

Any party who proceeds with the arbitration after knowledge that any provision or requirement of these rules has not been complied with, and who fails to state objections thereto in writing or in a transcribed record, shall be deemed to have waived the right to object.

## 37. Extensions of Time

The parties may modify any period of time by mutual agreement. The AAA or the arbitrator may for good cause extend any period of time established by these Rules, except the time for making the award. The AAA shall notify the parties of any extension.

## 38. Serving of Notice

a. Any papers, notices, or process necessary or proper for the initiation or continuation of an arbitration under these rules, for any court action in connection therewith, or for the entry of judgment on any award made under these rules may be served on a party by mail addressed to the party, or its representative at the last known address or by personal service, in or outside the state where the arbitration is to be held, provided that reasonable opportunity to be heard with regard to the dispute is or has been granted to the party.

b. The AAA, the arbitrator, and the parties may also use overnight delivery or electronic facsimile transmission (fax), to give the notices required by these rules. Where all parties and the arbitrator agree, notices may be transmitted by electronic mail (e-mail), or other methods of communication.

c. Unless otherwise instructed by the AAA or by the arbitrator, any documents submitted by any party to the AAA or to the arbitrator shall simultaneously be provided to the other party or parties to the arbitration.

## 39. The Award

a. The award shall be made promptly by the arbitrator and, unless otherwise agreed by the parties or specified by law, no later than 30 days from the date of closing of the hearing or, if oral hearings have been waived, from the date of the AAA's transmittal of the final statements and proofs to the arbitrator. Three additional days are provided if briefs are to be filed or other documents are to be transmitted pursuant to Rule 30.

b. An award issued under these rules shall be publicly available, on a cost basis. The names of the parties and witnesses will not be publicly available, unless a party expressly agrees to have its name made public in the award.

c. The award shall be in writing and shall be signed by a majority of the arbitrators and shall provide the written reasons for the award unless the parties agree otherwise. It shall be executed in the manner required by law.

d. The arbitrator may grant any remedy or relief that would have been available to the parties had the matter been heard in court including awards of attorney's fees and costs, in accordance with applicable law. The arbitrator shall, in the award, assess arbitration fees, expenses, and compensation as provided in Rules 43, 44, and 45 in favor of any party and, in the event any administrative fees or expenses are due the AAA, in favor of the AAA, subject to the provisions contained in the Costs of Arbitration section.

e. If the parties settle their dispute during the course of the arbitration and mutually request, the arbitrator may set forth the terms of the settlement in a consent award.

f. The parties shall accept as legal delivery of the award the placing of the award or a true copy thereof in the mail, addressed to a party or its representative at the last known address, personal service of the award, or the filing of the award in any manner that may be required by law.

g. The arbitrator's award shall be final and binding.

## 40. Modification of Award

Within 20 days after the transmittal of an award, any party, upon notice to the other parties, may request the arbitrator to correct any clerical, typographical, technical, or computational errors in the award. The arbitrator is not empowered to redetermine the merits of any claim already decided. The other parties shall be given 10 days to respond to the request. The arbitrator shall dispose of the request within 20 days after transmittal by the AAA to the arbitrator of the request and any response thereto. If applicable law requires a different procedural time frame, that procedure shall be followed.

## 41. Release of Documents for Judicial Proceedings

The AAA shall, upon the written request of a party, furnish to the party, at that party's expense, certified copies of any papers in the AAA's case file that may be required in judicial proceedings relating to the arbitration.

## 42. Applications to Court

   a.   No judicial proceeding by a party relating to the subject matter of the arbitration shall be deemed a waiver of the party's right to arbitrate.
   b.   Neither the AAA nor any arbitrator in a proceeding under these rules is or shall be considered a necessary or proper party in judicial proceedings relating to the arbitration.
   c.   Parties to these procedures shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction.
   d.   Parties to an arbitration under these rules shall be deemed to have consented that neither the AAA nor any arbitrator shall be liable to any party in any action for damages or injunctive relief for any act or omission in connection with any arbitration under these rules.

## 43. Administrative Fees

As a not-for-profit organization, the AAA shall prescribe filing and other administrative fees to compensate it for the cost of providing administrative services. The AAA administrative fee schedule in effect at the time the demand for arbitration or submission agreement is received shall be applicable.

AAA fees shall be paid in accordance with the Costs of Arbitration Section (see pages 45-53).

The AAA may, in the event of extreme hardship on any party, defer or reduce the administrative fees. (To ensure that you have the most current information, see our website at www.adr.org).

## 44. Neutral Arbitrator's Compensation

Arbitrators shall charge a rate consistent with the arbitrator's stated rate of compensation. If there is disagreement concerning the terms of compensation, an appropriate rate shall be established with the arbitrator by the AAA and confirmed to the parties.

Any arrangement for the compensation of a neutral arbitrator shall be made through the AAA and not directly between the parties and the arbitrator. Payment of the arbitrator's fees and expenses shall be made by the AAA from the fees and moneys collected by the AAA for this purpose.

Arbitrator compensation shall be borne in accordance with the Costs of Arbitration section.

## 45. Expenses

Unless otherwise agreed by the parties or as provided under applicable law, the expenses of witnesses for either side shall be borne by the party producing such witnesses.

All expenses of the arbitrator, including required travel and other expenses, and any AAA expenses, as well as the costs relating to proof and witnesses produced at the direction of the arbitrator shall be borne in accordance with the Costs of Arbitration section.

## 46. Deposits

The AAA may require deposits in advance of any hearings such sums of money as it deems necessary to cover the expenses of the arbitration, including the arbitrator's fee, if any, and shall render an accounting and return any unexpended balance at the conclusion of the case.

## 47. Suspension for Non-Payment

If arbitrator compensation or administrative charges have not been paid in full, the AAA may so inform the parties in order that one of them may advance the required payment. If such payments are not made, the arbitrator may order the suspension or termination of the proceedings. If no arbitrator has yet been appointed, the AAA

may suspend or terminate the proceedings.

48. Interpretation and Application of Rules

The arbitrator shall interpret and apply these rules as they relate to the arbitrator's powers and duties. When there is more than one arbitrator and a difference arises among them concerning the meaning or application of these Rules, it shall be resolved by a majority vote. If that is not possible, either an arbitrator or a party may refer the question to the AAA for final decision. All other procedures shall be interpreted and applied by the AAA.

Costs of Arbitration (including AAA Administrative Fees)

This Costs of Arbitration section contains two separate and distinct sub-sections. Initially, the AAA shall make an administrative determination as to whether the dispute arises from an employer-promulgated plan or an individually-negotiated employment agreement or contract.

If a party disagrees with the AAA's determination, the parties may bring the issue to the attention of the arbitrator for a final determination. The arbitrator's determination will be made on documents only, unless the arbitrator deems a hearing is necessary.

For Disputes Arising Out of Employer-Promulgated Plans*:

Arbitrator compensation is not included as part of the administrative fees charged by the AAA. Arbitrator compensation is based on the most recent biography sent to the parties prior to appointment. The employer shall pay the arbitrator's compensation unless the employee, post dispute, voluntarily elects to pay a portion of the arbitrator's compensation. Arbitrator compensation, expenses as defined in section (iv) below, and administrative fees are not subject to reallocation by the arbitrator(s) except upon the arbitrator's determination that a claim or counterclaim was filed for purposes of harassment or is patently frivolous.

*Pursuant to Section 1284.3 of the California Code of Civil Procedure, consumers with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of arbitration fees and costs, exclusive of arbitrator fees. This law applies to all consumer agreements subject to the California Arbitration Act, and to all consumer arbitrations conducted in California. Only those disputes arising out of employer promulgated plans are included in the consumer definition. If you believe that you meet these requirements, you must submit to the AAA a declaration under oath regarding your monthly income and the number of persons in your household. Please contact the AAA's Western Case Management Center at 877.528.0880 if you have any questions regarding the waiver of administrative fees. (Effective January 1, 2003.)

(i) Filing Fees

In cases before a single arbitrator, a nonrefundable filing fee capped in the amount of $150 is payable in full by the employee when a claim is filed, unless the plan provides that the employee pay less. A nonrefundable fee in the amount of $900 is payable in full by the employer, unless the plan provides that the employer pay more.

In cases before three or more arbitrators, a nonrefundable filing fee capped in the amount of $150 is payable in full by the employee when a claim is filed, unless the plan provides that the employee pay less. A nonrefundable fee in the amount of $1,775 is payable in full by the employer, unless the plan provides that the employer pay more.

There shall be no filing fee charged for a counterclaim.

(ii) Hearing Fees

For each day of hearing held before a single arbitrator, an administrative fee of $300 is payable by the employer.

For each day of hearing held before a multi-arbitrator panel, an administrative fee of $500 is payable by the employer.

There is no AAA hearing fee for the initial Arbitration Management Conference.

(iii) Postponement/Cancellation Fees

A fee of $150 is payable by a party causing a postponement of any hearing scheduled before a single arbitrator.

A fee of $250 is payable by a party causing a postponement of any hearing scheduled before a multi-arbitrator panel.

(iv) Hearing Room Rental

The hearing fees described above do not cover the rental of hearing rooms. The AAA maintains hearing rooms in most offices for the convenience of the parties. Check with the administrator for availability and rates. Hearing room rental fees will be borne by the employer.

(v) Abeyance Fee

Parties on cases held in abeyance for one year will be assessed an annual abeyance fee of $300. If a party refuses to pay the assessed fee, the other party or parties may pay the entire fee on behalf of all parties, otherwise the matter will be administratively closed.

(vi) Expenses

All expenses of the arbitrator, including required travel and other expenses, and any AAA expenses, as well as the costs relating to proof and witnesses produced at the direction of the arbitrator, shall be borne by the employer.

For Disputes Arising Out of Individually-Negotiated Employment Agreements and Contracts:

The AAA's Commercial Fee Schedule, below, will apply to disputes arising out of individually-negotiated employment agreements and contracts, even if such agreements and contracts reference or incorporate an employer-promulgated plan.

The administrative fees of the AAA are based on the amount of the claim or counterclaim. Arbitrator compensation is not included as part of the administrative fees charged by the AAA. Arbitrator compensation is based on the most recent biography sent to the parties prior to appointment. Unless the parties agree otherwise, arbitrator compensation, and expenses as defined in section (vi) below, shall be borne equally by the parties and are subject to reallocation by the arbitrator in the award.

(i) Pilot Flexible Fee Schedule

Recognizing the continued fragility of the business environment and wishing to provide cost-saving alternatives to parties filing an arbitration case, the American Arbitration Association is offering an optional fee payment schedule that parties may choose instead of the Standard Fee Schedule. It is a pilot that will be available on cases filed through May 30, 2010[1], a nd is intended to give parties added flexibility in both filing and in selection of arbitrators.  Please call 1-800-778-7879 or your nearest office if you have questions.

A non-refundable Initial Filing Fee is payable in full by a filing party when a claim, counterclaim, or additional claim is filed. Upon receipt of the Demand for Arbitration, the AAA will promptly initiate the case and notify all parties as well as establish the due date for filing of an Answer, which may include a Counterclaim. In order to proceed with the further administration of the arbitration and appointment of the arbitrator(s), the appropriate,

non-refundable Proceed Fee outlined below must be paid. If a Proceed Fee is not submitted within ninety (90) days of the filing of the Claimant's Demand for Arbitration, the Association will administratively close the file and notify all parties. *No refunds or refund schedule will apply to the Filing or Proceed Fees once received.*

Savings for Mutual Arbitrator Appointment by Parties: Proceed Fees may be reduced by fifty (50) percent where parties mutually select and appoint their arbitrator(s) without the AAA providing a list of arbitrators and an appointment process. Parties must provide the Case Manager with the appropriate stipulations and information pertaining to arbitrator(s) that have been mutually selected and have accepted their appointment(s). Forms for confirmation of arbitrators mutually selected and appointed by the parties are available through the Case Manager or AAA regional office.

The Flexible Fee Schedule below also may be utilized for the filing of counterclaims. However, as with the Claimant's claim, the counterclaim will not be presented to the arbitrator until the Proceed Fee is paid.

A Final Fee will be incurred for all claims and/or counterclaims that proceed to their first hearing. This fee will be payable in advance when the first hearing is scheduled, but will be refunded at the conclusion of the case if no hearings have occurred. However, if the Association is not notified of a cancellation at least 24 hours before the time of the scheduled hearing, the Final Fee will remain due and will not be refunded.

All fees will be billed in accordance with the following schedule:

| Amount of Claim | Initial Filing Fee | Proceed Fee | Final Fee |
|---|---|---|---|
| Above $0 to $10,000 | $300 | $550* | $200 |
| Above $10,000 to $75,000 | $500 | $600* | $300 |
| Above $75,000 to $150,000 | $500 | $1,500* | $750 |
| Above $150,000 to $300,000 | $500 | $2,525* | $1,250 |
| Above $300,000 to $500,000 | $1,000 | $3,750* | $1,750 |
| Above $500,000 $1,000,000 | $1,000 | $5,600* | $2,500 |
| Above $1,000,000 to $5,000,000 | $1,000 | $7,800* | $3,250 |
| Above $5,000,000 to $10,000,000 | $2,000 | $9,000* | $4,000 |
| Above $10,000,000 | $2,500 | $11,500* plus .01% of claim amount over $10,000,000 up to $65,000 | $6,000 |
| Non-Monetary** | $1,000 | $2,750* | $1,250 |
| Consent Award*** | | | |

[1] *The Pilot Flexible Fee Schedule is subject to change or cancellation at any time prior to the date of May 30, 2010.*

*\*Where an arbitrator has been pre-selected and appointed by the parties, the Proceed Fee will be reduced by fifty percent (50%).*

*\*\*This fee is applicable only when a claim or counterclaim is not for a monetary amount. Where a monetary claim amount is not known, parties will be required to state a range of claims or be subject to the highest possible filing fee (see fee range for claims above $10,000,000.00).*

*\*\*\*The AAA may assist the parties with the appointment of an arbitrator for the sole purpose of having their Consent Award signed. For more information, please contact your local AAA office, case management center, or our Customer Service desk at 1-800-778-7879.*

All fees are subject to increase if the amount of a claim or counterclaim is modified after the initial filing date. Fees are subject to decrease if the amount of a claim or counterclaim is modified before the first hearing.

The minimum fees for any case having three or more arbitrators are $1,000 for the Initial Filing Fee; $3,750 for the Proceed Fee; and $1,750 for the Final Fee.

Under the Flexible Fee Sc hedule, a party's obligation to pay the Proceed Fee shall remain in effect regardless of any agreement of the parties to stay, postpone or otherwise modify the arbitration proceedings. P arties that, through mutual agreement, have held their case in abeyance for one year will be assessed an annual abeyance fee of $300. If a party refuses to pay the assessed fee, the other party or parties may pay the entire fee on behalf of all parties, otherwise the matter will be closed.

Note: The date of receipt by the AAA of the demand/notice for arbitration will be used to calculate the ninety (90)-day time limit for payment of the Proceed Fee.

(ii) Standard Fee Schedule and Case Service Fees

An initial filing fee is payable in full by the filing party when a claim, counterclaim, or additional claim is filed. A case service fee will be incurred for all cases that proceed to their first hearing. This fee will be payable in advance at the time that the first hearing is scheduled. This fee will be refunded at the conclusion of the case if no hearings have occurred. However, if the Association is not notified at least 24 hours before the time of the scheduled hearing, the case service fee will remain due and will not be refunded.

These fees will be billed in accordance with the following schedule:

| Amount of Claim | Initial Filing Fee | Case Service Fee |
|---|---|---|
| Above $0 to $10,000 | $750 | $200 |
| Above $10,000 to $75,000 | $950 | $300 |
| Above $75,000 to $150,000 | $1,800 | $750 |
| Above $150,000 to $300,000 | $2,750 | $1,250 |
| Above $300,000 to $500,000 | $4,250 | $1,750 |
| Above $500,000 to $1,000,000 | $6,000 | $2,500 |
| Above $1,000,000 to $5,000,000 | $8,000 | $3,250 |
| Above $5,000,000 to $10,000,000 | $10,000 | $4,000 |
| Above $10,000,000 | * | * |
| Nonmonetary Claims** | $3,250 | $1,250 |

*Contact your local AAA office for standard fees for claims in excess of $10 million.*

*\*\* This fee is applicable only when a claim or counterclaim is not for a monetary amount. Where a monetary claim amount is not known, parties will be required to state a range of claims or be subject to the highest possible filing fee.Fee Schedule for Claims in Excess of $10 MillionThe following is the fee schedule for use in disputes involving claims in excess of $10 million. If you have any questions, please consult your local AAA office*

*or case management center.*

Standard Fee Schedule for Claims in Excess of $10 Million

The following is the fee schedule for use in disputes involving claims in excess of $10 million. If you have any questions, please consult your local AAA office or case management center.

| Claim Size | Fee | Case Service Fee |
|------------|-----|------------------|
| $10 million and above | Base fee of $ 12,500 plus .01% of the amount of claim above $ 10 million. | $6,000 |
|  | Filing fees capped at $65,000 |  |

Fees are subject to increase if the amount of a claim or counterclaim is modified after the initial filing date. Fees are subject to decrease if the amount of a claim or counterclaim is modified before the first hearing.

The minimum fees for any case having three or more arbitrators are $2,750 for the filing fee, plus a $1,250 case service fee.

(iii) Refund Schedule

The AAA offers a refund schedule on filing fees connected with the Standard Fee Schedule. For cases with claims up to $75,000, a minimum filing fee of $300 will not be refunded. For all other cases, a minimum fee of $500 will not be refunded. Subject to the minimum fee requirements, refunds will be calculated as follows:

»100% of the filing fee, above the minimum fee, will be refunded if the case is settled or withdrawn within five calendar days of filing.

»50% of the filing fee, in any case with filing fees in excess of $500, will be refunded if the case is settled or withdrawn between six and 30 calendar days of filing. Where the filing fee is $500, the refund will be $200.

»25% of the filing fee will be refunded if the case is settled or withdrawn between 31 and 60 calendar days of filing.

No refund will be made once an arbitrator has been appointed (this includes one arbitrator on a three-arbitrator panel). No refunds will be granted on awarded cases.

Note: The date of receipt of the demand for arbitration with the AAA will be used to calculate refunds of filing fees for both claims and counterclaims.

(iv) Hearing Room Rental

The fees described above do not cover the rental of hearing rooms. The AAA maintains hearing rooms in most offices for the convenience of the parties. Check with the AAA for availability and rates.

(v) Abeyance Fee

Parties on cases filed under either the Pilot Flexible Fee Schedule or the Standard Fee Schedule that are held in abeyance for one year, will be assessed an annual abeyance fee of $300. If a party refuses to pay the assessed fee, the other party or parties may pay the entire fee on behalf of all parties, otherwise the matter will be administratively closed.

(vi) Expenses

All expenses of the arbitrator, including required travel and other expenses, and any AAA expenses, as well as the costs relating to proof and witnesses produced at the direction of the arbitrator, shall be borne equally by the parties.

For Disputes Proceeding Under the Supplementary Rules for Class Action Arbitration ("Supplementary Rules"):

The AAA's Administered Fee Schedule, as listed in Section 11 of the Supplementary Rules for Class Action Arbitration, shall apply to disputes proceeding under the Supplementary Rules.

Optional Rules for Emergency Measures of Protection

O-1. Applicability

Where parties by special agreement or in their arbitration clause have adopted these rules for emergency measures of protection, a party in need of emergency relief prior to the constitution of the panel shall notify the AAA and all other parties in writing of the nature of the relief sought and the reasons why such relief is required on an emergency basis. The application shall also set forth the reasons why the party is entitled to such relief. Such notice may be given by facsimile transmission, or other reliable means, but must include a statement certifying that all other parties have been notified or an explanation of the steps taken in good faith to notify other parties.

O-2. Appointment of Emergency Arbitrator

Within one business day of receipt of notice as provided in Section O-1, the AAA shall appoint a single emergency arbitrator from a special AAA panel of emergency arbitrators designated to rule on emergency applications. The emergency arbitrator shall immediately disclose any circumstance likely, on the basis of the facts disclosed in the application, to affect such arbitrator's impartiality or independence. Any challenge to the appointment of the emergency arbitrator must be made within one business day of the communication by the AAA to the parties of the appointment of the emergency arbitrator and the circumstances disclosed.

O-3. Schedule

The emergency arbitrator shall as soon as possible, but in any event within two business days of appointment, establish a schedule for consideration of the application for emergency relief. Such schedule shall provide a reasonable opportunity to all parties to be heard, but may provide for proceeding by telephone conference or on written submissions as alternatives to a formal hearing.

O-4. Interim Award If after consideration the emergency arbitrator is satisfied that the party seeking the emergency relief has shown that immediate and irreparable loss or damage will result in the absence of emergency relief, and that such party is entitled to such relief, the emergency arbitrator may enter an interim award granting the relief and stating the reasons therefore.

O-5. Constitution of the Panel

Any application to modify an interim award of emergency relief must be based on changed circumstances and may be made to the emergency arbitrator until the panel is constituted; thereafter such a request shall be addressed to the panel. The emergency arbitrator shall have no further power to act after the panel is constituted unless the parties agree that the emergency arbitrator is named as a member of the panel.

O-6. Security

Any interim award of emergency relief may be conditioned on provision by the party seeking such relief of

appropriate security.

## O-7. Special Master

A request for interim measures addressed by a party to a judicial authority shall not be deemed incompatible with the agreement to arbitrate or a waiver of the right to arbitrate. If the AAA is directed by a judicial authority to nominate a special master to consider and report on an application for emergency relief, the AAA shall proceed as provided in Section O-1 of this article and the references to the emergency arbitrator shall be read to mean the special master, except that the special master shall issue a report rather than an interim award.

## O-8. Costs

The costs associated with applications for emergency relief shall be apportioned in the same manner as set forth in the Costs of Arbitration section.

## Employment Mediation Procedures

## M-1. Agreement of Parties

Whenever, by provision in an employment dispute resolution program, or by separate submission, the parties have provided for mediation or conciliation of existing or future disputes under the auspices of the American Arbitration Association (hereinafter "AAA") or under these procedures, they shall be deemed to have made these procedures, as amended and in effect as of the date of the submission of the dispute, a part of their agreement.

## M-2. Initiation of Mediation

Any party to an employment dispute may initiate mediation by filing with the AAA a submission to mediation or a written request for mediation pursuant to these procedures, together with the applicable administrative fee.

## M-3. Request for Mediation

A request for mediation shall contain a brief statement of the nature of the dispute and the names, addresses, and telephone numbers of all parties to the dispute and those who will represent them, if any, in the mediation. The initiating party shall simultaneously file two copies of the request with the AAA and one copy with every other party to the dispute.

## M-4. Appointment of Mediator

Upon receipt of a request for mediation, the AAA shall send simultaneously to each party to the dispute an identical list of five (unless the AAA decides that a different number is appropriate) names of qualified mediators. The parties are encouraged to agree to a mediator from the submitted list and to advise the AAA of their agreement. If the parties are unable to agree upon an mediator, each party to the dispute shall have 15 days from the transmittal date in which to strike names objected to, number the remaining names in order of preference, and return the list to the AAA. If a party does not return the list within the time specified, all persons named therein shall be deemed acceptable. From among the persons who have been approved on both lists, and in accordance with the designated order of mutual preference, the AAA shall invite the acceptance of a mediator to serve. If the parties fail to agree on any of the persons named, or if acceptable mediators are unable to act, or if for any other reason the appointment cannot be made from the submitted lists, the AAA shall have the power to appoint a qualified mediator to serve.

If the agreement of the parties names a mediator or specifies a method of appointing a mediator, that designation or method shall be followed.

## M-5. Qualifications of Mediator

No person shall serve as a mediator in any dispute in which that person has any financial or personal interest in the result of the mediation, except by the written consent of all parties. Prior to accepting an appointment, the prospective mediator shall disclose any circumstance likely to create a presumption of bias or prevent a prompt meeting with the parties. Upon receipt of such information, the AAA shall either replace the mediator or immediately communicate the information to the parties for their comments. In the event that the parties disagree as to whether the mediator shall serve, the AAA will appoint another mediator. The AAA is authorized to appoint another mediator if the appointed mediator is unable to serve promptly.

## M-6. Vacancies

If any mediator shall become unwilling or unable to serve, the AAA will appoint another mediator, unless the parties agree otherwise.

## M-7. Representation

Any party may be represented by a person of the party's choice. The names and addresses of such persons shall be communicated in writing to all parties and to the AAA.

## M-8. Date, Time, and Place of Mediation

The mediator shall fix the date, time, and place of each mediation session. The mediation shall be held at the appropriate regional office of the AAA, or at any other convenient location agreeable to the mediator and the parties, as the mediator shall determine.

## M-9. Identification of Matters in Dispute

At least 10 days prior to the first scheduled mediation session, each party shall provide the mediator with a brief memorandum setting forth its position with regard to the issues that need to be resolved. At the discretion of the mediator, such memoranda may be mutually exchanged by the parties.

At the first session, the parties will be expected to produce all information reasonably required for the mediator to understand the issues presented. The mediator may require any party to supplement such information.

## M-10. Authority of Mediator

The mediator does not have the authority to impose a settlement on the parties but will attempt to help them reach a satisfactory resolution of their dispute. The mediator is authorized to conduct joint and separate meetings with the parties and to make oral and written recommendations for settlement. Whenever necessary, the mediator may also obtain expert advice concerning technical aspects of the dispute, provided that the parties agree and assume the expenses of obtaining such advice.

Arrangements for obtaining such advice shall be made by the mediator or the parties, as the mediator shall determine.

The mediator is authorized to end the mediation whenever, in the judgment of the mediator, further efforts at mediation would not contribute to a resolution of the dispute between the parties.

## M-11. Privacy

Mediation sessions are private. The parties and their representatives may attend mediation sessions. Other persons may attend only with the permission of the parties and with the consent of the mediator.

## M-12. Confidentiality

Confidential information disclosed to a mediator by the parties or by witnesses in the course of the mediation shall not be divulged by the mediator. All records, reports, or other documents received by a mediator while serving in that capacity shall be confidential. The mediator shall not be compelled to divulge such records or to testify in regard to the mediation in any adversary proceeding or judicial forum.

The parties shall maintain the confidentiality of the mediation and shall not rely on, or introduce as evidence in any arbitral, judicial, or other proceeding:

   a.   views expressed or suggestions made by another party with respect to a possible settlement of the dispute;
   b.   admissions made by another party in the course of the mediation proceedings;
   c.   proposals made or views expressed by the mediator; or
   d.   the fact that another party had or had not indicated willingness to accept a proposal for settlement made by the mediator.

M-13. No Stenographic Record

There shall be no stenographic record of the mediation process.

M-14. Termination of Mediation

The mediation shall be terminated:

   a.   by the execution of a settlement agreement by the parties;
   b.   by a written declaration of the mediator to the effect that further efforts at mediation are no longer worthwhile; or
   c.   by a written declaration of a party or parties to the effect that the mediation proceedings are terminated.

M-15. Exclusion of Liability

Neither the AAA nor any mediator is a necessary party in judicial proceedings relating to the mediation.

Neither the AAA nor any mediator shall be liable to any party for any act or omission in connection with any mediation conducted under these procedures.

M-16. Interpretation and Application of Procedures

The mediator shall interpret and apply these procedures insofar as they relate to the mediator's duties and responsibilities. All other procedures shall be interpreted and applied by the AAA.

M-17. Expenses

The expenses of witnesses for either side shall be paid by the party producing such witnesses. All other expenses of the mediation, including required traveling and other expenses of the mediator and representatives of the AAA, and the expenses of any witness and the cost of any proofs or expert advice produced at the direct request of the mediator, shall be borne equally by the parties unless they agree otherwise.

Cost of Mediation

There is no filing fee to initiate a mediation or a fee to request the AAA to invite parties to mediate.

The cost of mediation is based on the hourly or daily mediation rate published on the mediator's AAA profile. This rate covers both mediator compensation and an allocated portion for the AAA's services. There is a four-hour or half-day minimum charge for a mediation conference. Expenses referenced in Section M-17 may also apply.

If a matter submitted for mediation is withdrawn or cancelled or results in a settlement after the agreement to mediate is filed but prior to the mediation conference the cost is $250 plus any mediator time and charges incurred.

The parties will be billed equally for all costs unless they agree otherwise.

If you have questions about mediation costs or services visit our website at www.aaamediation.com or contact your local AAA office.

© 2009 American Arbitration Association, Inc. All rights reserved. These Rules are the copyrighted property of the American Arbitration Association (AAA) and are intended to be used in conjunction with the AAA's administrative services. Any unauthorized use or modification of these Rules may violate copyright laws and other applicable laws. Please contact 800.778.7879 or websitemail@adr.org for additional information.

- AAA MISSION & PRINCIPLES
- PRIVACY POLICY
- TERMS OF USE
- TECHNICAL RECOMMENDATIONS
- ©2007 AMERICAN ARBITRATION ASSOCIATION. ALL RIGHTS RESERVED