UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
JUL 06 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

KIANNA HAWKINS, *et al.*,  )
)
Plaintiffs,  )
) Civil Case No. 09-1475 (RJL)
v.  )
)
HOOTERS OF AMERICA, INC., *et al.*,  )
)
Defendants.  )
)

## MEMORANDUM ORDER
(July __4__, 2011) [# 21]

Presently before this Court is plaintiffs' Motion Requesting the Court to Declare the Arbitration Agreement Unenforceable or in the Alternative to Vacate the Arbitrator's Clause Construction Award. ("Pls.' Mot."). For the following reasons, the motion is DENIED.

On August 5, 2009, employees and former employees ("plaintiffs") of Hooters of America, Inc. and Hooters of Washington, D.C., LLC ("defendants") brought this action claiming unlawful deprivation of plaintiffs' rights to the minimum wage and overtime compensation pursuant to the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the D.C. Code, §§ 32-1001, *et seq.* Compl. ¶¶ 1-2. On August 25, 2009, defendants moved to dismiss the complaint and compel arbitration pursuant to the parties' Agreement to Arbitrate. *See* Mot. to Dismiss and Compel Arb., Aug. 25, 2009 [#6]. On September 21, 2009, in lieu of a response to defendants' motion, plaintiffs filed an unopposed motion to stay the case while the parties pursued arbitration. Pls.' Mot. to

1

Stay [#15]. In that motion, plaintiffs specifically "agreed not to oppose Defendants' motion to pursue arbitration." Pls.' Mot. to Stay at 1. This Court granted plaintiffs' motion and stayed the case. Minute Order, Sept. 23, 2009.

Thereafter arbitration commenced, and on April 12, 2010, the Arbitrator issued a Clause Construction Award, determining that class arbitration was not permitted under the Agreement to Arbitrate absent a specific indication that it was contemplated by the parties. Pls.' Mot., Ex. 1, Clause Construction Award. Plaintiffs now request that this Court find the arbitration agreement unenforceable and unconscionable.[1] Because plaintiffs had consented to arbitration, however, defendants contend that plaintiffs cannot now object to arbitration. I agree.[2]

---

[1] In the alternative, plaintiffs request that this Court vacate the award. Pls.' Mot. at 17-18. Plaintiffs, however, have failed to show any of the grounds outlined in the Federal Arbitration Act, 9 U.S.C. § 10(a), on which a district court may vacate the arbitration award. Further, it is, at best, unclear in our Circuit whether the arbitrator's award can be vacated under the "manifest disregard of the law" standard. *See Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 584-85 (2008). Regardless, even if such a standard remains open to this Court, plaintiffs have clearly failed to meet it. *See LaPrade v. Kidder, Peabody & Co.*, 246 F.3d 702, 706 (D.C. Cir. 2001).

[2] Even if plaintiffs had preserved their objection, either at the time they agreed to arbitrate or during the arbitration proceedings, the agreement, as interpreted by the arbitrator, would nonetheless be enforceable. First, class arbitration is generally disfavored as undermining the efficiency benefits of the arbitration process. *See AT&T Mobility v. Concepcion*, 131 S. Ct. 1740, 1751-52 (2011) (suggesting that bilateral arbitration is preferred to class arbitration because class arbitration is inefficient, overly complex for the arbitration system, and greatly increases risk to defendants). Moreover, contrary to plaintiffs' contention, the ability to proceed as a class is not a substantive right guaranteed by the FLSA. 29 U.S.C. § 216(b) (specifically limiting the right to pursue a FLSA claim on behalf of employees similarly situated); *see also Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 503 (4th Cir. 2002) (holding an arbitration agreement that waived class relief enforceable in the FLSA context). Rather, the FLSA language more accurately supports a party's substantive right *not* to be a part of a class action. 29 U.S.C. § 216(b); *see also Ellis v. Edward D. Jones & Co.*, 527 F. Supp. 2d 439, 456 (W.D. Pa.

2

Indeed, "a party may not submit a claim to arbitration and then challenge the authority of the arbitrator to act *after* receiving an unfavorable result." *Lopata v. Coyne*, 735 A.2d 931, 937 (D.C. 1999) (emphasis added) (internal quotations omitted). Such a challenge to the arbitrability of the grievance must be preserved. *See Howard Univ. v. Metro. Campus Police Officer's Union*, 512 F.3d 716, 720 (D.C. Cir. 2008); *Data Mountain Solutions, Inc. v. Giordano*, 680 F. Supp. 2d 110, 129 (D.D.C. 2010) (noting that failure to object to an arbitrator's jurisdiction during arbitration waives the right to challenge it at a later point in time); *see also United Food & Commercial Workers, Local 400 v. Marval Poultry Co.*, 876 F.2d 346, 353 (4th Cir. 1989) ("Parties to arbitration proceedings cannot sit idle while an arbitration decision is rendered and then, if the decision is adverse, seek to attack the award collaterally on grounds not raised before the arbitrator." (quoting *United Streelworkers of America v. Smoke Craft Inc.*, 652 F.2d 1356, 1360 (9th Cir. 1981)); *Lockman v. J.K. Harris & Co*, No. 3:06-cv-258, 2007 WL 734951 at *3 (W.D. Ky. Mar. 6, 2007) ("the Lockmans reserved the right to claim unconscionability when they argued 'should the forum interpret the arbitration agreement in the manner that precludes the Lockmans from pursuing their class claims, the contract would then be both procedurally and substantively unconscionable and thus unenforceable'").[3]

---

2007) (the FLSA protects "the right of employers *not* to be sued in representative actions, and the right of employees *not* to have their rights litigated without their knowledge and express consent." (emphasis added)).

[3] Plaintiffs argue that they "[c]ould not waive their right to challenge the enforceability of the class action ban until the arbitrator determined that the ban existed." Pls.' Reply at 3. However, neither case cited by plaintiffs in support of this position address the procedural

3

Thus, because plaintiffs did not preserve their right to challenge arbitrability either before the Court prior to consenting to arbitration, or before the arbitrator prior to his adverse ruling, plaintiffs cannot make such a challenge now. Such bait and switch tactics are not legally tolerable.

Accordingly, it is hereby

**ORDERED** that plaintiffs' Motion Requesting the Court to Declare the Arbitration Agreement Unenforceable or in the Alternative to Vacate the Arbitrator's Clause Construction Award is DENIED.

**SO ORDERED.**

RICHARD J. LEON
United States District Judge

---

steps necessary to preserve a challenge to the enforceability of the arbitration agreement. *See Pacificare Health Sys., Inc. v. Book*, 538 U.S. 401, 406-07 (2003); *Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528, 540-41 (1995). Indeed, in *Vimar* the court emphasized that the arbitrability challenge had been preserved prior to the commencement of the arbitration proceedings. *Vimar*, 515 U.S. at 540-41.